Ronald Van Hook
515 S. 11th St. #3
Payette, ID   83661
(208) 982-0164

U.S. COURTS

MAY 1 1 2021

Rcvd _____ Filed _____ Time 11:45 am
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## IN THE UNITED STATES DISTRICT COURT FOR
### THE FOURTH JUDICIAL DISTRICT OF IDAHO SOUTHERN DIVISION

Ronald Van Hook  - Pro Se

    Plaintiff

vs.

State of Idaho

John Meienhoffer

ALPS - Property and Casualty Insurance Company

Agent Ryan O'neil and Unknown Agent(s) of the
Federal Bureau of Investigation

Judges of the Idaho Third Judicial District
Collectively

John Doe(s) 1-100

    Defendants

Case No. _____

CIVIL ACTION

COMPLAINT FOR VIOLATIONS OF:

  (1) 42 USC § 1983 -
      Civil Rights Violations

  (2) 18 USC § 241
      Conspiring Against Rights

  (3) 15 USC
      Sherman Antitrust Act of 1890

DEMAND FOR JURY TRIAL

### COMPLAINT FOR DAMAGES
and
### COMPLAINT FOR DECLARATORY AND/OR INJUNCTIVE RELIEF

Plaintiff, Ronald Van Hook, (Hereinafter Plaintiff, Van Hook, I, Me, or any similar word

or phrase to identify Plaintiff)  Complains against Defendants.

INTRODUCTION

1. This action is pursuant to 42 USC § 1983 for deprivation of Plaintiffs Civil Rights under Color of Law.

2. This action is pursuant to 18 USC § 241 for Conspiring Against Rights of Plaintiff.

3. This action is pursuant to 15 USC Sherman Antitrust Act of 1890.

4. This action Challenges the State of Idaho and any laws or rules by which The State of Idaho violates the Rights of the Plaintiff.

5. Plaintiff has previously attempted a civil complaint in Fourth District of Federal Court in 1:19 CV-170 BLW, and in some instances this new action may appear similar in some respects. (This same mentioned case was appealed, but that appeal was dismissed for failing to properly brief the Appeals Court). The fact that 1:19 CV-170 BLW was dismissed in no way exonerates, gives amnesty to, or in any way excuses any defendant for any wrong done. No issue in 1:19 CV-170 BLW was ever tried by a jury, and no issue detailed in that case was ever tried by jury in the State of Idaho. This new action has corrected many of the errors made by the Plaintiff in the previously mentioned case. Plaintiff demands all rights due to a pro se litigant be upheld.

JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 42 USC § 1983 in that Actors for the State of Idaho have violated the Civil Rights of the Plaintiff Under Color of Law.

7. This Court also has jurisdiction pursuant to 42 USC § 1983 as private actors have conspired against the Plaintiffs Rights, in violation of  18 USC § 241, with Actors for the State.

8. This Court also has jurisdiction pursuant to 18 USC § 241 as private actors have conspired against the Plaintiffs Rights with other private actors.

9.  This Court also has Jurisdiction per Ex parte Young which allows suits in federal courts for injunctions against officials acting on behalf of states of the union to proceed despite the State's sovereign immunity, when the State acted contrary to any federal law or contrary to the constitution.

10.  This Court also has Jurisdiction as a Bivens Action as some defendants are Federal Officers.

11.  This Court also has Diversity Jurisdiction as ALPS - Property and Casualty Insurance Company is a Montana based company.

12.  This Court also has Jurisdiction as this case involves Violations of United States Federal Law.

PLAINTIFF

13.  Plaintiff, Ronald Van Hook, is 51 years of age and a Citizen of the State of Idaho, Residing in Payette County since 2018.  Prior to that, he resided in Owyhee County Idaho from 2014 to 2018... and prior to that he resided in Canyon County, Idaho since 2005.

14.  Plaintiff alleges damages have been done as a result of unlawful orders being made and enforced by Actor(s) for the State of Idaho.

15.  Plaintiff alleges damages have been done as a result of private actors that conspired against his rights, together with Actors for the State, which led to him being deprived of civil rights.

16.  Plaintiff alleges damages have been done by failures to act when duty or contract required action to preserve rights.

17.  Plaintiff alleges damages have been done as a result of Violations of Federal Law.

## CAUSE(s) OF ACTION

18. Violation of Civil Rights, Violation of Civil Rights under color of law, and/or Conspiracy against Rights.

19. Fraud and/or Slander/Libel and/or Unjust Enrichment, while Violating the Civil Rights of or Conspiring Against the Rights of the Plaintiff

20. Breach of Fiduciary Duty... accompanied by Constructive Fraud, Unfair and Deceptive Trade Practices, Negligence, Gross Negligence, Negligent Misrepresentation, Fraud and Fraud in the Inducement, Conversion, Unjust Enrichment, Professional Malpractice, Breach of Contract, and/or Breach of the Implied Covenant of Good Faith and Fair Dealing... all or any of which were used in the conspiring against the rights of the plaintiff.  (In the case of Negligence, the Defendants had a duty to the Plaintiff, Breached that Duty and Caused damages suffered by Plaintiff.)

21. Intentional Infliction of Emotional Distress

22. Punitive Damages

> "it is a general and indisputable rule, that where there is a legal right, there is also
> a legal remedy by suit or action at law, whenever that right is invaded"
> Marbury v. Madison

## STATEMENT OF FACTS

23. At all times material to this action, Ronald Van Hook the PLAINTIFF, was subjected to Idaho Court decisions in Adams County CV-2014-3311 (hereinafter 3311) and Canyon County CV-2014-7409 (hereinafter 7409) that PLAINTIFF asserts to be unlawful after orders were issued in 3311, and then further orders were issued in 7409.  PLAINTIFF further asserts unlawful orders continue to be enforced in 7409, and all cases thereafter have a direct association

with cases that came after 7409.  PLAINTIFF further asserts Adams County Cases JV-02-18-

0841 (venue now changed to Payette County JV-38-19-0052) and Adams County CR02-18-

020358 are directly material to this action and are unlawful.  Plaintiff further asserts other Idaho

cases are material to this action, and those cases clearly demonstrate PLAINTIFFs attempts to

resolve many issues… and those cases include, but are not limited to, those as follows:

Canyon County CV-16-5044
Petition for a Writ of Mandamus and Petition for a Writ of Habeas Corpus.

Adams County CV-2017-3664
Petition for Writ of Habeas Corpus

Canyon County CV-2016-11807
Civil Complaint for Damages

Canyon County CV-2017-3444 (which originated in CV-2014-7409)
Referral to declare PLAINTIFF as a Vexatious Litigant.

Canyon County CV14-18-5576
Motion for leave to file Civil Complaint.

24.  PLAINTIFF states that there are Canyon County cases that predate 3311 which are

directly associated and material to this action… those cases in Canyon County being CV-2014-

6865, which was a Civil Protection Order granted to the PLAINTIFF in June of 2014, but could

not be served and later expired… followed by CV-2014-8801 (on 8-25-2014) that was dismissed,

and CV-2014-9041 (on 8-25-2014) that was dismissed, in what PLAINTIFF asserts to have been

due process violations.

25. The PLAINTIFF was the plaintiff in 7409 and was represented by attorney Steven

Fisher, and the respondent in that case had been properly served by publication, effective service

being made on 8-17-14.  A Default Hearing was held on 9-11-2014 ordering legal separation of

the parties and full legal custody of the parties minor children to the PLAINTIFF.

26.  The PLAINTIFF was the respondent in 3311, and the claimant in that case was the

PLAINTIFFs legally separated wife who had failed to turn over custody of the parties minor

children as ordered in 7409. The Court in 3311 was presided over by Magistrate John

Meienhoffer, and the PLAINTIFF (respondent in 3311) was represented by Attorney Steven

Fisher, and the claimant in 3311 appeared without representation on 9-18-14. On 9-18-14, at a

Hearing, the Court in 3311 had knowledge of the existing legal separation and child custody

order from 7409, and was also aware that the PLAINTIFFs legally separated wife had attended a

'Focus on the Children' class on 7-31-14 as ordered in 7409. That court also stated that Steven

Fisher had not made his legal appearance and allowed him time to file that appearance and

further gave the PLAINTIFFs legally separated wife (the claimant 3311) time to retain an

attorney rather than go to a scheduled hearing at that time for 3311.

27. On 10-02-14 at a hearing in 3311, Mary Grant from Idaho Legal Aid appeared on

behalf of the claimant. At this hearing the court accepted numerous exhibits and heard the

testimony of Dawn Van Hook (the claimant), PLAINTIFF Ronald Van Hook (the respondent),

Darieann Johnson and Frank O'Leary. That court also interviewed the parties minor daughter,

Renee, but refused to interview the parties minor sons, Gabriel and Nathan. The court stated that

it believed the statements made by Renee in this court interview had been coached. During the

testimony of the claimant, Dawn Van Hook, she admitted to having knowledge of the

accusations against Lloyd Elderedge of a sexual nature against minors and that she had willfully

fled and resided with Lloyd Elderedge and his wife Karen Elderedge, along with the parties

minor children, and further testified that when she had left in June of 2014 that she was not

concerned for her safety or in fear of PLAINTIFF Ronald Van Hook. Near the conclusion of this

days court hearing the court stated...

> "I do not want the children around Lloyd and Karen Elderedge at this point. I have far
> too many concerns with that. He was placed on 5 years probation in the State of Oregon

for inappropriate contact with a 15 year old girl, Renee is currently 14 years old. And there's allegations that Karen Elderedge was drinking daily while down at the trailer court, where Ms. Johnson said Karen Elderedge always had a beer in her hand. So there's to be no further contact with Karen and Lloyd Elderedge. That's going to be part of the Courts Order in allowing Mrs. Van Hook to continue to maintain the primary custody of the children pending our court date on the 27th."

The court went on to order 'Hair Follicle' drug testing of both parties (results negative) and that an investigation be conducted by Idaho Health and Welfare. The Court ordered the next hearing set for 10-27-14 and went into recess.

28. In 3311 at a hearing on 10-27-14 numerous written statements and affidavits were submitted to the court by PLAINTIFF (respondent in 3311) of which the court acknowledged but denied the admittance of many. The court heard the testimony of PLAINTIFFs (respondent) witness, Nicholas Scyoni. (Nicholas Scoyni will testify in this case on behalf of PLAINTIFF, that Steven Fisher, attorney for the PLAINTIFF (Respondent in 3311) had been directly instructed by PLAINTIFF to call as witnesses Lt. Donnia Ballard of the Canyon County Sheriffs Department and Ms. Tara Arp, and had been further instructed by PLAINTIFF to obtain and secure records from the Adams County Sheriffs Department, more particularly body cam and audio of Deputy Brian Woods and his interactions with the claimant in 3311, to present as evidence, all of which Steven Fisher failed to do.) The Court also heard testimony from Ms. Krista Easteppe, who had been ordered by the court to conduct an investigation on 10-02-14. Ms. Easteppe testified that she was the "States 4-E Expert" and further testified that in her investigation she had interviewed and accepted the statements from the witnesses for the claimant in 3311, but did not accept any of the statements from any of the respondents witnesses or make any contact with those witnesses provided by the PLAINTIFF (respondent in 3311). Ms. Easteppe further testified, and when questioned about disregarding PLAINTIFF (respondent in 3311) witness affidavits, she testified:

"I don't know who those people are and I would have to say I don't know. I don't know who they are so I have no way of knowing what they were saying was correct or not correct, because I don't know them. I didn't get the chance to talk to them at the interview."

The Court inquired from Ms. Easteppe as follows:

COURT: Ms. Easteppe, I want to make this question to you in the following context. How would you expect a reasonable ordinary husband, father of three, married for 16 years to react, if he came home some time in the middle of July to see that his wife and the three children had vanished and then went through basically a two and a half month period where he followed up with trying to locate his family, and then considering that hypothetical of what a reasonable person, ordinary father similarly situated would do. I'd like you to opine for the court how you felt Mr. Van Hook reacted to that scenario as opposed to what you would expect from somebody in the reasonable ordinary context that that happened to. So in other words, Did Mr. Van Hook behave and conduct his affairs as a reasonable and ordinary person similarly situated would? Was he more angry than normal? Was he less angry than normal? Your opinion please.

EASTEPPE: I think a normal male that that would have happened to would have had a range of emotions. Sorrow, tears, empathy, anger, and not only would look at himself about what happened but also look at what happened outside with his wife and possibly his children. A person may seek assistance or help with their friends about that, trying to make sense of that. And there would be worry, concern, and just a whole range of emotions. And I didn't see that. I saw a ton of, well maybe not a ton, but a lot of affidavits smearing Mrs. Van Hook. I saw a flier that said my family's missing. She's with bad people. My children are with bad people. A three point state search. Private investigators. And I believe that that's really in excess of what a general person would have done. Certainly they would have made contacts with their friends and said do you know where they are? I'm concerned, I'm worried about them, and those kind of things. But the totality of what happened is totally different from a person who is functioning in in at all levels.

COURT: Thank you. ok Mr, Fisher.

FISHER: Did you talk with Mr. Van Hook about whether he had made contact with friends, and law enforcement, and those kinds of things that you've described that a reasonable person would do?

EASTEPPE: yes. Well he told me he did. I didn't ask him, he told me what he did.

FISHER: So he did all the things that you said would be reasonable, but he went above and beyond that is what it sounds like.

EASTEPPE: Yeah

FISHER:   So he should have stopped somewhere before going to three States and those kind of things.  That's what your testimony is?

EASTEPPE:  I think in what in the evidence that I had in front of me is when he reached out to other people in his environment, and most of them, two of them was, well one of them was a relative, one of them was a family friend that'd been there for a while, and Tara as well, and the rest of them were residents in a trailer park who just reported they'd seen a lot of stuff, and that and all of this negative stuff against Mrs. Van Hook. And I would imagine that it took a lot of time to put all that together, and to go searching for all these people and to gather all that information, and that's what I'm saying is different from a person who who's wife of seventeen years has left him, and he loves her and he's concerned, and he's concerned about his children.  It's incongruent, that his behavior is incongruent with what he did.

FISHER:  I have nothing further.

Further into the hearing in 3311 on 10-27-14, the Testimony of PLAINTIFFs (respondent in 3311) witness Mark Settles was that at a previous CPO case in Canyon County CV-2012-6404, (Dawn Van Hook claimant and Ronald Van Hook respondent) after a court hearing in which the claimant had dismissed the case, the claimant clearly stated to the respondent "I'm just going to do it again".

The claimant in 3311 called as its only witness the testimony of David Manley, who was a resident of Adams County and a recent acquaintance of the claimant... and Steven Fisher, attorney for the respondent (the PLAINTIFF) declined to cross examine this witness.

Other exhibits were presented to the court on behalf of PLAINTIFF (respondent in 3311) among theses exhibits was a Certified Copy from the court in Malheur County Oregon for a sex offense against a minor conviction of Lloyd Elderedge.

The Court in 3311 stated ...

"I can award temporary custody of the minor children that is consistent with a prior custody order unless grounds exist pursuant to 32-717. And once I read that last time I took the position, and which is why I wanted so much testimony, was a default down there [*canyon county, idaho*], so it was never actually adjudicated. And so my decision was based on going through all the factors set forth in 32-717 in making a

determination. So, I don't have to rule consistently with a prior custody order, rather I can rule based on these factors and the findings that I make.

Mr. Van Hook, your witnesses have come to court and you've come to court and they've described you as being gruff, aggressive, somewhat heavy handed at times, and I think that that's accurate. So, I spoke with your daughter -- she expressed fear -- Quite candidly counsel, My impressions of Renee were very similar to Ms. Easteppe's impressions of Renee - That is that there are areas where she was likely coached and made statements of which she really didn't have personal knowledge, but on the other hand she also made statements that seemed very credible and indicated fearfulness.

The Child Protective Investigation is necessarily a limited investigation, and in that particular report reference is made that not only is Renee fearful, but the two younger children, Gabriel and Nathan have some concerns as well.

So other factors the court needs to consider are that the court cannot ignore the testimony that basically for all their lives, Mrs. Van Hook has been the primary caregiver, and Mr. Van Hook has been the provider, financially. Well that, that testimony is actually been consistent from both sides. Up until a few years ago, the Van Hook's lived in a residence in Nampa [idaho] Things fell apart financially, and then as a result of that, Mr. Van Hook and Mrs. Van Hook lived in less than ideal circumstances in two trailers in a trailer park in Nampa. There's been testimony as to the conditions of Mrs. Van Hooks trailer. It's one of the reasons the Court made specific inquiry of Ms. Easteppe today about the conditions of the apartment... which Mrs. Van Hook now occupies in Council [idaho].

Now, this type of litigation Counsel -- Mr. Van Hook, Mrs. Van Hook -- This is not something that this Court should of had to deal with. This should have been litigated down in Caldwell [idaho] in front of the Court that is going to be dealing with the divorce, the custody of the children, the separation and division of property, the ordering of evaluations, the ordering of an expert, potentially the order and potentially a brief focused assessment.

So here then with effectively, you know two days of testimony, I'm trying to figure out what's the best thing to do -- and it's not easy folks.

The court was very concerned about the children living in campers out at Lost Reservoir [adams county] but on the other hand they were living in a trailer in Nampa as well. Mr. Van Hook is still working. He pulled over on the side of the road to speak with Ms. Easteppe -- I presume he pulled over because he was on the job. So I have a lot of things to weigh. I have a lot of issues that give me concern.

The issues with regard to the Eldredges, and the allegations of sexual misconduct. And frankly counsel, those were addressed by my very direct and specific order, which is going to continue, that the three Van Hook children are to not have any contact with Mr. and Mrs. Eldredge. Mrs. Van Hook, you can have whatever contact you want with Mr. Eldredge and Mrs. Eldredge. Those kids are not to have any contact. [with emphasis]

I have very specific concerns about what happened this morning, and frankly I've concerns on both ends of the fence. Mrs. Van Hook, I'm concerned that those children may have had contact with the Eldredges... I'm concerned about that. I can't make a definitive finding, but I'm concerned. Mr. Van Hook, I'm concerned about how it is that you're just randomly running into Mr. Eldredge. I'm also concerned about the fact that once you got the Child Protective Investigation Report you immediately contacted Mrs.

Arp and challenged her. You went up to Mr. Manleys home and you, you addressed him directly. And while I do understand sir, I understand sir [with emphasis] that you went two and a half months without seeing your children, and that's of concern. But I share Miss Easteppes concerns, about the way that you're handling this. I -- I have no direct experience with this Mr. Van Hook and I, you know I don't know how a person in your situation should behave. You're upset; That's legitimate. You didn't see your kids for two and a half months; That's legitimate. You're angry; Also legitimate. -- -- I just -- I don't know Mr. Van Hook -- -- if you went too far. Ms. Easteppe thinks you did. -- -- I can tell you sir that -- -- there has been some concern about your roughness and your aggressiveness. I am going to just leave it at that with regard to the analysis of that portion.

Now, with regard to the protection order. I'm going to issue a protection order. It's going to last until June 1, 2015 [*later reconsidered and changed to end of school year, June 13*] Mr. Van Hook, it's going to order that you and Mrs. Van Hook have no contact with one another. That protection order is not going to extend to the children. I don't find that there's been any abuse of the children. And now I have to figure out what is in the best interest in terms of custody.

Because Mrs. Van Hook has been the primary custodian; Basically the primary caregiver for all their lives, I think that should continue. However; I'm going to give Mr. Van Hook liberal visitation; It's going to be unsupervised, and for all practical purposes, when school's not in session up here, the kids are going to be with Mr. Van Hook, in Nampa."

The Court in 3311, in its final analysis on 10-27-14, claimed jurisdiction under Idaho Code 32-717 for child custody, stated there is concern about the claimants methodology, and that this should have been litigated down in Caldwell. The court orders the Van Hook children are to have no contact with the Eldredges. To the PLAINTIFF (respondent 3311) the court stated (John Meienhoffer) that it doesn't know how a person in your situation should behave, and that he (PLAINTIFF) has Legitimate anger. The Court in 3311 grants a protection order to the claimant on 10-27-14, but further stated that it found no abuse to the children and did not extend the order to the children... However, the court awarded primary custody of the children to the claimant in 3311 while having full knowledge of an existing order in 7409 granting full custody to the PLAINTIFF (respondent in 3311). The Court in 3311 acknowledged the PLAINTIFF also filed a CPO against Mrs. Van Hook, his legally separated wife, but dismissed it without allowing PLAINTIFF to call witnesses that Mr. Fisher had not called or present evidence Mr. Fisher had

failed to secure.

Mr. Fisher, Attorney for PLAINTIFF (Respondent in 3311), failed to appeal the decision of the court in 3311 to a higher court.

29. Canyon County CV-2014-11708 was a petition heard on 11-14-14 where PLAINTIFF sought a Civil Protection Order against his legally separated wife but was dismissed by the court after the court claimed there were no immediate threats of domestic violence, while the court, presided over by Gary DeMeyer, ignored allegations of harm to his minor children and their exposure to a convicted sex offender. (The court in 3311 stated the order that was given in that court would only be effective until a court in Canyon County issued a new order). PLAINTIFF protested and informed the court of Mrs. Van Hooks attempted murder of Gabriel, Nathan, herself and the PLAINTIFF. The court stated its willingness to grant the CPO between Mrs. Dawn Van Hook and the PLAINTIFF, but would not extend it to the children.

The court (Gary DeMeyer presiding) in Canyon County CV-2014-11708, demonstrated its knowledge of an upcoming divorce action between Mrs. Van Hook and the PLAINTIFF and demonstrated its intent to set aside the lawful order of separation and go on to a divorce proceeding (before the legal separation was ordered set aside in 7409 (heard on 11-13-14 and ordered set aside on 11-19-14)) and refused the CPO stating it would "Have to wait for the divorce" (that 'divorce' had not had a single hearing at that point, and would later be filed by Mrs. Van Hook, and was also presided over by Gary DeMeyer). On the same day as this CPO hearing, Steven Fisher also submitted a new motion for a CPO in Canyon County CV-2014-6865 but did not set it to hearing... and that motion remains unheard. PLAINTIFF reported this dismissal of CV-2014-11708 to Steven Fisher and instructed him again to Disqualify Gary DeMeyer from 7409, which Steven Fisher again refused to do.

30.  Between 11/15/14 and 4/16/15 in 7409, Mrs. Van Hook and her counsel Mary Grant filed numerous Motions... to Set Aside Order of Default, Motion in Limine and Judicial Notice of Report of Child Protective Investigation (from 3311), Motion for an Immediate and temporary Ex Parte Restraining Order, and a Motion For Temporary Orders for Custody.   Steven Fisher, representing PLAINTIFF, failed to file any objections to any of these Motions, and all motions were granted in multiple hearings.

31.  On 04-13-2015 in 3311, presided over by John Meienhoffer, the court heard PLAINTIFFs motion to hold Mrs. Van Hook in contempt of the Courts previous order.  Steven Fisher, attorney for PLAINTIFF (Respondent in 3311), had refused to represent PLAINTIFF any further in any issues in Adams County, so PLAINTIFF was pro se in that motion. Mrs. Van Hook, through attorney Mary Grant, filed a Motion to dismiss and a Motion to change venue to Canyon County.  PLAINTIFF informed the Court of Mary Grants attempt to file for new temporary orders in 7409 that were inconsistent with the original orders from the Court in 3311. (The proposed new temporary orders in 7409 omitted the portion of the order from the court in 3311 that forbid contact of the Van Hook children with Lloyd and Karen Elderedge... and the court in 3311 was made clearly aware of the pending change to the orders that were being submitted to the court in 7409 by Mary Grant.  Mary Grant was the attorney for Mrs. Van Hook)

The Court dismissed the Contempt charges without prejudice and ordered the venue changed to Canyon County.  The court in 3311 made no formal report to the court in 7409 of this discrepancy, which is asserted by the PLAINTIFF to be a Fraud on the Court.

32.  On 4/16/15 the court in 7409, presided over by Gary DeMeyer, heard Mrs. Van Hooks Motion for Temporary Orders and Motion to Consolidate Cases (3311 consolidated with 7409).  The court directly asked Mary Grant if the new temporary orders were consistent with

the previous orders, and Mary Grant answered yes, while Steven Fisher failed to object. The court threatened PLAINTIFF with arrest when PLAINTIFF stood to object. Mary Grant then also stated that the Brief Focused Assessment, that had previously been ordered, was complete and awaiting the final written report by Dr. Phares Book. The temporary orders submitted to the Court by Mary Grant had omitted the portion of the original orders from 3311 that forbid Mrs. Van Hook from allowing contact of the Van Hook children with Lloyd or Karen Elderedge. PLAINTIFF asserts this to have been a Fraud on the Court that Mary Grant and Steven Fisher both participated in, along with Gary DeMeyer, the presiding judge. The court stated it was going allow Steven Fisher leave to withdraw from the case, but not before it granted all of Mrs. Van Hooks motions, including the consolidation of 3311 with 7409. When the court called on PLAINTIFF to speak, Steven Fisher promptly interrupted and prevented PLAINTIFF from speaking. Steven Fisher had also filed a motion to withdraw from the case, which PLAINTIFF was not allowed to object to. Steven Fishers claims were that PLAINTIFF would not follow his legal advice and that PLAINTIFF owed money to Steven Fisher. (PLAINTIFF and another witness will testify that Steven Fisher had agreed to take payments if the legal fees exceeded the over $10,000.00 he had already been paid in a retainer... and Steven Fishers claim that PLAINTIFF did not follow his 'Legal Advice' was very vague, and PLAINTIFF asserts Steven Fisher never gave any worthwhile legal advice, but rather sabotaged the case and abandoned his client.)

33. On 5/7/15, the Court in 7409 (presided over by a judge other than DeMeyer) was to hear PLAINTIFFs Objection to Temporary Restraining Order and a Motion to Disqualify Judge DeMeyer. The Court recognized all Motions were properly filed, but dismissed the Motions and told PLAINTIFF to re-file them as no Notice of Appearance in writing had been filed. The

Court also went on to say that there was no Consolidation of 3311 with 7409 while Mary Grant, attorney for Mrs. Van Hook, was present and did not inform the Court that the Consolidation had taken place at the previous hearing on 4/16/15 with Gary DeMeyer presiding.

34. On 5/28/15 PLAINTIFF filed Motion to Amend Temporary Orders for Custody and Visitation, Motion to Amend Consolidation of Cases, Objection to Ex-Parte Restraining Order (with Health and Welfare Investigation Findings Attached to said submitted PLAINTIFFs Objection ) and a Motion to Disqualify Gary DeMeyer.   Mrs. Van Hook, represented by Mary Grant, filed objections on 6/4/2015.  The court, presided over by Gary DeMeyer, dismissed all of PLAINTIFFs filings.

35. On 6-8-2015, a Brief Focused Assessment Report by Dr. Phares Book was submitted to the court.  PLAINTIFF asserts the report was completed without compliance with Idaho Law as Dr. Book failed to consider the Order of the Court in 3311 that forbid Mrs. Van Hook from allowing the children to have contact with Lloyd or Karen Elderedge.  (See IRCP 16(q)(6)(C)(iv) and IRFLP 719 F.3.d. require each factor in Idaho Code 32-717 be addressed as well as other relevant factors...Idaho Code 32-717 (e) requires an evaluator to consider "the character and circumstances of all individuals involved".)  Dr. Book also failed to report any of the issues for which PLAINTIFF secured a Civil Protection Order or the issues found to be true when PLAINTIFF  was granted the Legal Separation in 7409, which were clearly reported to Dr. Book by PLAINTIFF.

36. On 7-24-2015, Mary Grant, attorney for Mrs. Van Hook, filed Association of Counsel where Kimberli Stretch of Idaho Legal Aid, associated herself with 7409 to appear for or with Mary Grant.

37. In 7409 PLAINTIFF filed Motion for Appointment of Guardian Ad Litem, which

was heard on 7-16-15, Gary DeMeyer presiding.  The court required the posting of a $20,000 bond, and when PLAINTIFF was unable to post said bond, the motion was dismissed.

38.  PLAINTIFF filed for Discovery of Health and Welfare records, and those documents were provided to the Court on 7-23-15, and ordered released to the PLAINTIFF by the court on 7-27-15, Gary DeMeyer presiding, but those records were not released to PLAINTIFF.

39.  In 7409 in PLAINTIFFs Answers to Counter Claim on 7-24-15, PLAINTIFF disputed the Jurisdiction of Gary DeMeyer.

40.  Mr. Johnson with Idaho Legal Aid represented Mrs. Van Hook in 7409 at the pre trial hearing, and at this hearing the distribution of community property was agreed to.

41.  On 8-3-15, a Trial in 7409, presided over by Gary DeMeyer, was held.  On this day, without advance notice, the court refused to consider any of the issues from 3311 which had been consolidated with 7409 (a material fact that has been denied / misrepresented by Ms. Strecth in follow up hearings and higher appeals).  A trial had been scheduled for 2 days, but was ended after the first day.  The court refused to allow the testimony of Tiffany Warren (a material fact that has been denied / misrepresented by Ms. Strecth in follow up hearings and higher appeals),  Other persons did testify, and those testimonies are summarized as follows:

Donia Ballard (Lieutenant Canyon County Sheriff's Department):

   * She became involved with case on June 14, 2014

   * Began direct interaction with Mr. Van Hook on June 18 or 19 (2014)

   * Spoke directly with Mrs. Dawn Van Hook (in 7409) on phone on July 3rd and informed her of pending court actions, while Defendant refused to disclose her location.

* July 11th received a call from the Valley County Witness Coordinator regarding
Mrs. Dawn Van Hook

* Searching for Mrs. Dawn Van Hook and Lloyd and Karen Elderedge was a
realistic step by Mr. Van Hook to locate his children.

* Mr. Van Hooks search for his children was primarily in Canyon County

* Mr. Van Hook had no track marks (drug use) and no efforts to conceal arms

* Mr. Van Hooks behavior and attitude during search for Mrs. Dawn Van Hook
was not harassing or bullying

* Attorney for Mrs. Dawn Van Hook questions if Mr. Van Hook could have 'shot
up' between the toes.

James Davis:

During this testimony, Mr. Van Hook requests the court revisit 3311 to settle dispute
about persons who offered previous testimony. Court did not reply.   Further, the Court refused
to allow any questioning that pertained to Lloyd or Karen Elderedge and their interactions with
Mrs. Dawn Van Hook or the Van Hook children stating they were not Parties to the Action.  The
Court refused to consider any portion of the consolidated case, 3311, in the trial.

* Gabriel and Nathan Van Hook didn't want to leave Caldwell and were crying
when Mrs. Van Hook left with them to places unknown to Mr. Van Hook

* Renee Van Hooks behavior was not fitting that of a 13 year old girl

* Renee Van Hook (age 13 at the time) drank alcohol at her leisure and Mrs.
Dawn Van Hook knew of it

* Children referred to Lloyd and Karen Elderedge as 'Mom and Dad' and called
Mr. Van Hook their 'Sperm Donor' by direction of Mrs. Dawn Van Hook and

Lloyd and Karen Elderedge.

* Lloyd and Karen Elderedge were obligated to leave the campground (their

residence and the residence of the Van Hooks) by the owner of said campground

in June of 2014 when Mrs. Dawn Van Hook left with Lloyd and Karen Elderedge

and the Van Hook children to places unknown to Mr. Van Hook.

Sherry Davis:

* Witnessed Renee Van Hook drinking alcohol in the presence of Lloyd and

Karen Elderedge and Mrs. Dawn Van Hook.

* Gabriel and Nathan Van Hook were crying and didn't want to leave

During the testimony of Ms. Davis, Gary DeMeyer referred to himself and Kimberly

Stretch as "We", and Kimberly Stretch expressed the same, regarding       issues Gary DeMeyer

and Kimberly Stretch had stipulated to… and both Gary DeMeyer and Kimberly Stretch only

stipulated that the Van Hook children were the children of PLAINTIFF.

Tara Arp:

* Mrs. Dawn Van Hook was a close friend and would confide things in her.

* (Regarding Mrs. Van Hooks failed CPO action in 2012)  Mrs. Van Hook had

never claimed she was coerced or intimidated, and claimed the judge had

dismissed her CPO against Mr. Van Hook.

* Mrs. Dawn Van Hooks living conditions were "uninhabitable for children", and

that she informed Mr. Van Hook of this "After the Fact", and that Health

and Welfare had not been contacted by Ms. Arp in an effort to protect her

friend.

* Mrs. Dawn Van Hook confided in Ms. Arp stating she had said "I'll just pull in

front of traffic and kill us all."... that Mrs. Dawn Van Hook threatened to do physical bodily harm to the children.

* Claims Mr. Van Hook called law enforcement daily to harass Mrs. Van Hook, without any law enforcement reports to substantiate this... further claiming CPS did bi-weekly checks as a result of Mr. Van Hook calling them to harass.

* Mrs. Dawn Van Hook claimed Mr. Van Hook had a "balled up fist" and had pushed her. (Claims that were stated to Ms. Arp by Mrs. Dawn Van Hook)

* Mrs. Dawn Van Hook had 3 cats and a dog in her trailer with animal feces mixed in with clothing.

* Mr. Van Hook had requested Ms. Arp serve as a "Nanny" while Mr. Van Hook was working, but that Mr. Van Hook would not assign her custody.

* Mrs. Dawn Van Hook physically strikes the Van Hook children but Mr. Van Hook has not. Mrs. Dawn Van Hook regularly called Gabriel Van Hook a "Retard".

* Was concerned that Mrs. Dawn Van Hook was on drugs and had a significant weight loss.

During Tara Arps testimony, The court claimed issues to be irrelevant and would not allow questioning by Mr. Van Hook on issues that had been sworn by affidavit by Mrs. Van Hook in 7409. Court found to be irrelevant questioning by Mr. Van Hook that pertained to an auto accident involving Mrs. Dawn Van Hook after she had sworn she was never allowed to go to a doctor. Kimberly Stretch, as her objection stated, "I fail to see what a car accident has to do with doctors."

Mrs. Dawn Van Hook:

\* (regarding incident involving threat and attempt to kill herself, Gabriel, Nathan and Mr. Van Hook) ... "so I stepped on the gas and was going straight and he yanked the wheel off into the parking lot". Mrs. Dawn Van Hook did not deny having said "I swear to god Ill kill us all right now".

42. During the trial, 7409, Mr. Van Hook submitted into evidence a Report Card that has an address on the reverse side. Prior to submitting the document, item was described by Mr. Van Hook as having an address on the reverse side (Lloyd and Karen Elderedges address in Council, ID) so it would be visible through a glassine envelope after being tri-folded. Kimberly Stretch objected to this for relevance, but did not dispute that the address was on the reverse side. This document is now missing from the record in 7409. Since then, in another hearing, Kimberly Stretch denies knowing of this.

43. When the court in 7409 gave its decision, Gary DeMeyer ordered Kimberly Stretch to write the final order and submit it directly to the court without Mr. Van Hooks review. The final written order is inconsistent with the order given by the court, and is tantamount to a termination of the parental rights of Mr. Van Hook. Furthermore, the decision fails to consider all aspects of the Dr. Phares Book brief focused assessment report, fails to contain any reference to Lloyd or Karen Elderege, fails to reference any acts of abuse by Mrs. Dawn Van Hook to the Van Hook children, states testimony had been given by Ms. Tara Arp that had never been given, and failed to ensure the even distribution of community property between Mr. Van Hook and Mrs. Van Hook.

44. On 9/11/15, Mr. Van Hook filed a Motion for Temporary Restraining Order against Mrs. Dawn Cannon and Lloyd and Karen Elderedge in CV-2015-0678 in Owyhee County. The affidavit in support of this motion clearly swore to Mrs. Dawn Van Hook (Cannon) having

previously ignored orders to protect the children and Lloyd Eldredge being a convicted sex

offender, and of Lloyd and Karen Elderedge and Mrs. Dawn Van Hook allowing alcohol

consumption by a minor.  The court stamped the top of the motion "DENIED" followed by the

date Sept. 11, 2015, and signature of Magistrate Judge Dan Grober.  This motion was dismissed

without hearing and without explanation.

45.  On 9/12/15 Mr. Van Hook retained Virginia Bond as counsel in 7409.  Ms. Bond

failed to file an appeal in 7409.  Ms. Bond filed Motions for Reconsideration and Retrial, but

dismissed these Motions prior to hearing, and the record in 7409  does not show Mr. Van Hook

agreed to the dismissal of these motions.  Ms. Bond later filed a motion for change of venue that

was denied by the court.  On 3/17/16, Ms. Bond was allowed to take leave from 7409 against Mr.

Van Hooks objections, and without the courts or Ms. Kimberly Stretch considering  the affidavit

submitted to the court by Mr. Van Hook.

46.  PLAINTIFF , Mr. Van Hook, filed appearance in 7409 Pro Se and then filed a

Motion to Disqualify Gary DeMeyer.  Gary DeMeyer heard the motion and denied it on 4/21/16.

47.  On 5/27/16 PLAINTIFF Petitioned the District Court of Canyon County, Judge

Vanderveld presiding in CV-16-5044, for a Writ of Mandamus and Writ of Habeas Corpus.  On

12/16/16 the Motions were Bifurcated, and the Mandamus was dismissed and the Habeas Corpus

had the venue changed to Adams County.  The Adams County Habeas Corpus case was assigned

case number CV-2017-3664 and was presided over by District Court Judge Christopher Nye.

After a briefing was filed, the case was dismissed without hearing on 6/15/17.  The reason for

dismissal stated "Van Hook cannot get the requested relief because habeas corpus shall not be

used to affect or alter a custody arrangement."  There was no reference to the legality of the

custody order (rather than the term "arrangement" as the dismissal indicated) that is currently

being enforced in 7409.  PLAINTIFF asserts that Habeas Corpus was petitioned for when no

other relief was available, and was used as a last resort, and was a legitimate collateral attack on

an illegal order being enforced in 7409.

48.  On 6/1/16 PLAINTIFF filed a Notice of Appeal to the District Court, appealing the

Decision of Gary DeMeyer in refusing to Disqualify himself from 7409.  This appeal was

presided over by District Court Judge D. Duff McKee.  This appeal was properly briefed and set

to hearing.  In the written brief, the court was made very well aware of numerous illegal and

fraudulent activities that had previously occurred in 3311 and 7409, but the court only claimed to

have jurisdiction over whether or not to disqualify Gary DeMeyer from 7409.  During the

hearing on the appeal, the presiding judge, Duff McKee, clearly stated that John Meienhoffer

(who presided over 3311) was a good friend of his and had previously worked for him, and the

court prevented PLAINTIFF from objecting to that issue.  The court also specifically stated that

PLAINTIFF being prevented from any contact with his children was not justice, among many

other things presented by PLAINTIFF to clearly show that the orders in 7409 were a fraud and

unlawful.  The appeal was dismissed on 10/11/16 and the case sent back to the Magistrate Court

with Gary DeMeyer remaining presiding.  PLAINTIFF followed the advice given to him by

Judge McKee in this appeal hearing, and filed new motions in 7409, rather than appeal the

decision of the District Court to the Idaho Supreme Court.

49.  On 10/20/16 PLAINTIFF, in 7409, filed a Motion to hold Mrs. Dawn Van Hook (aka

Dawn Cannon) in Contempt, Motion for a Change of Orders, and a Motion to Change Venue.

The presiding Judge was Magistrate Howard Smyser and these motions were heard on 3/11/16.

Judge Smyser refused to hear any of the motions, stating that the courts decision was to not make

a decision, and passed all motions to Judge Gary DeMeyer.  PLAINTIFF then filed a Motion for

Reconsideration and a Motion to Disqualify Gary DeMeyer with cause and submitted these in addition to the other pending motions. All these Motions were heard and all were dismissed on 12/8/16 by Gary DeMeyer.

50. On 12/1/16, PLAINTIFF filed Civil Complaint for Damages in CV-2016-11807 (11807) in Canyon County, which was presided over by Canyon County District Court Judge Christopher Nye, with defendants being Dawn Cannon (aka Van Hook and represented by Jennifer A. Giuttari of Idaho Legal Aid), Gary DeMeyer, Kimberly Stretch, Mary Grant, Steven Fisher, and Virginia Bond. All defendants filed Motions to dismiss, which were granted for all but Dawn Cannon (fka Van Hook). These dismissals were for failing to cite a cause of action. In summarizing the remainder of 11807, MRS. Van Hook (aka Cannon) filed Motion to file under seal, preventing the introduction of the CPO and Report of Child Protective Investigation from 3311, which was ordered by that court on 12/7/17. Numerous attempts were made by PLAINTIFF at Discovery, and none of Dawn Cannons responses satisfied discovery. PLAINTIFF also filed for discovery for records from the Idaho Department of Health and Welfare, and Teri A. Whilden, Deputy Attorney General, complied with discovery on 1/12/18 and states he submitted all Health and Welfare Records demanded by PLAINTIFF to that court in 11807; However, presiding judge Christopher Nye refused to release these records to the PLAINTIFF. PLAINTIFF also filed a Motion for Orders Pursuant to Idaho Public Records Act 2/15/18 which was never satisfied. Ultimately. That court dismissed the case against Dawn Cannon after the case had been set to trial.

51. On 12/15/16 PLAINTIFF filed a Notice of appeal to the District Court from 7409. The appeal was properly briefed and was dismissed by without hearing by presiding judge Duff McKee. On 4/3/17 Plaintiff filed notice of appeal to the Supreme Court. The record was

prepared for the Supreme Court and PLAINTIFF filed an objection to the record as it was incomplete. On 7/18/17, the District Court Ordered the record be augmented, yet the record remained incomplete then and continues to be incomplete now. The case was assigned docket number 44988, and was ordered that the appeal in the Supreme Court be decided on the briefs alone with no oral arguments. The Supreme Court dismissed PLAINTIFFs appeal and sent the case back to Gary DeMeyer in 7409.

52. On 1/27/17 Kimberly Stretch filed Motion for Referral to Administrative Judge RE: Vexatious Litigant in 7409, presided over by Gary DeMeyer. An Order was issued in the case, and then another Motion for Referral to Administrative Judge RE: Vexatious Litigant was filed... again submitted by Kimberly Stretch and Gary DeMeyer. District Court Administrative Judge Bradley S. Ford presided over this referred case. The case numbers were later changed from 7409 to CV-2017-3444. A hearing was held on this case, and PLAINTIFF submitted a copy of numerous documents on flash drive as evidence. PLAINTIFF argued that he could not be held responsible and declared a vexatious litigant for the actions of Judges that violated due process. Judge Ford denied PLAINTIFFs arguments and refused to consider PLAINTIFFs Exhibits and Ordered PLAINTIFF be declared a Vexatious Litigant and further ordered PLAINTIFF "...not to file any new litigation in this state *pro se* without first obtaining leave of the court where the litigation is proposed to be filed." This finding and order were appealed to the Idaho Supreme Court, was properly briefed (along with Motion for Expedited Hearing and Petitions for Writ of Certiorari and Writ of Habeas Corpus with attached Exhibit on 6-19-18 and all filings in addition to the appeal were denied without explanation or hearing by the Idaho Supreme Court) Oral arguments in the appeal were heard on 1/7/18. The decision of the Supreme Court upheld the District Courts Decision, in spite of the Idaho Supreme Court being

made very well aware of numerous illegal activities and frauds that make all orders in 7409 void subsequent to the orders on 9-11-2014 in 7409, which were orders of legal separation of the parties and full legal custody of the parties minor children to the PLAINTIFF. (See Fact 3)

53. On 5/29/18 PLAINTIFF filed Exparte Motion for Order granting Leave for Filing(s), seeking to bring a Civil Complaint for Damages against defendants The State of Idaho, The Idaho Bar Association and John Does 1-100, in Canyon County Case CV14-18-5576, presided over by District Court judge Tom Whitney. At a hearing on 11/15/18, the Court directed the PLAINTIFF to file a brief with the Court, and a subsequent hearing was scheduled for 1/17/19. PLAINTIFF filed the brief as directed by the court along with numerous affidavits swearing to criminal and fraudulent conduct by numerous attorneys, judges and other parties directly involved in 3311, 7409 and Adams County cases JV-02-18-0841 and CR02-18-020358. After the hearing on 11/15/18, the court later filed a written decision on 2-21-19 that denied leave to PLAINTIFF to bring a civil action, and also dismissed all accusations against all persons named in the brief. At no time did the PLAINTIFF ever grant jurisdiction to the court in Canyon County Case CV14-18-5576 to decide whether or not any accusations were or were not true (which had been sworn by affidavit to be true and also included in the directed brief), but had only requested leave to bring a civil action... furthermore, the court in Canyon County Case CV14-18-5576 never made any determination on the truthfulness of the accusations made by the PLAINTIFF in that said Brief or accompanying affidavits.

54. Gabriel Van Hook was charged with a crime in Adams County JV-02-18-0841, and PLAINTIFF was made aware of this by phone call from the Adams County Clerks Office prior to Gabriels arraignment. At this point, PLAINTIFF had not had any contact with Gabriel whatsoever since the fall of 2015 (nor any contact with his other children Renee or Nathan Van Hook). PLAINTIFF was not informed of any rights by any person involved with the arrest or incarceration of Gabriel Van Hook.

55. During a hearing in Adams County JV-02-18-0841, presided over by John Meienhoffer, PLAINTIFF was charged by Adams County prosecutor Christopher D. Boyd and incarcerated in Adams County in CR02-18-020358, in excess of 24 hours before an arraignment, for felony witness intimidation, misdemeanor Disturbing the Peace, and misdemeanor Contempt of Court. PLAINTIFF was released on his own recognizance, and was assigned attorney Aaron Hooper for defense. Aaron Hooper was also assigned by the court in Adams County JV-02-18-0841 to represent PLAINTIFF (as the accused juveniles natural farther) in Adams County JV-02-18-0841. Adams County JV-02-18-0841 and the arraignment in Adams County in CR02-18-020358 were presided over by John Meienhoffer. After the arraignment in CR02-18-020358, Judge Meienhoffer recused himself from that case. At a subsequent hearing in CR02-18-020358, all charges against PLAINTIFF were dismissed.

56. Attorney Bruce Birch was contractually retained by PLAINTIFF and was paid his demanded retainer fee. Mr. Birch, after being made fully aware of the 'nature of the Plaintiffs grievances' of the proceedings in 3311, 7409 and the ongoing juvenile case in Adams County JV-02-18-0841, (Venue of Juvenile case is now in Payette County) including being given an electronic copy (flash drive) of numerous court documents and audios, and being also being aware of the incompleteness of the record in 3311 and 7409, later refused to file any motions or take any action and absolutely refused to represent PLAINTIFF in any matter.

57. Adams County JV-02-18-0841 was presided over by Magistrate Judge John Meienhoffer. PLAINTIFF, who is the accused juveniles natural father, requested representation per Idaho Law, and was assigned attorney Aaron Hooper. (Aaron Hooper who was also assigned to represent PLAINTIFF in an associated case later in Adams County CR02-18-020358). Gabriel Van Hook, the accused in JV-02-18-0841, had been incarcerated for several weeks and was assigned attorney Shane Darrington. Mr. Darrington was later given leave from the case and a new attorney was appointed to represent Gabriel (attorney name unknown). This new attorney

never appeared in any court proceeding, and had only corresponded by mail. In the letter from this attorney to Gabriel, this attorney wanted to meet with Gabriel half an hour before the next court hearing, and that issue was complained of by PLAINTIFF to Mr. Hooper. Another new attorney represented Gabriel at that point, and according to Gabriel his name was "Jay" ( fulee name unknown) with White Peterson Law Firm. In all subsequent court hearings since this attorney was involved, he never appeared in court, but rather another attorney (other than "Jay") from White Peterson appeared (name unknown). Since adjudication in Adams County JV-02-0841the case has been transferred to Payette County, which is where PLAINTIFF resides with Gabriel and his other minor son Nathan. Payette County can't disclose any of the details of the case to PLAINTIFF as the case is sealed. Prior to further hearings in 7409, PLAINTIFF has requested records from Payette County, in writing, but there was been no response. (Judge Bever in 7409 did later take judicial notice of a psychologists report that was ordered in Adams County JV-02-18-0841, but that document has never been viewed by PLAINTIFF... PLAINTIFF assumes it was passed to 7409 by someone from the Payette County court.)

58. During the course of the proceedings in Adams County JV-02-18-0841, Judge Meienhoffer presiding, clearly acknowledged his previous order in 3311 that forbid any contact between Gabriel (and the other Van Hook children) with Lloyd and Karen Elderedge, who are the accusers in that juvenile case. The PLAINTIFF, very clearly and several times, in multiple court hearings in JV-02-18-0841, informed the court that Lloyd Elderedge is a convicted sex offender, and that the Van Hook children had been kidnapped. No attorney involved ever took any action whatsoever after being clearly aware of the issues, with 3 exceptions as follows...

(Exception #1 - The defense attorney in Adams County JV-02-18-0841, Shane Darrington, moved the court to exclude PLAINTIFF from the initial hearing that PLAINTIFF

attended after PLAINTIFF informed the court that Lloyd Gail Elderedge, the accuser, was a pedophile and that the Van Hook children had been kidnapped. The Court sustained the oral motion, and PLAINTIFF was subsequently removed from the court room by Adams County deputies.)

(Exception #2 - The prosecuting attorney, Christopher D. Boyd, had PLAINTIFF arrested during a court hearing and incarcerated for felony witness intimidation (Adams County CR02-18-020358) for informing the court, after the Court had called on PLAINTIFF to speak, that Lloyd Gail Elderedge was a pedophile, while said pedophile was present. (Subsequent to incarceration of PLAINTIFF, additional charges of misdemeanor contempt of court and disturbing the peace were made) PLAINTIFF was arraigned in CR02-18-020358 after over 24 hours of incarceration. At that arraignment, PLAINTIFF demanded speedy trial by jury. Aaron Hooper was also assigned to represent PLAINTIFF in this case as well as the pending juvenile case JV-02-18-0841. Judge Meienhoffer recused himself from CR02-18-020358, but remained presiding over JV-02-18-0841. At the following preliminary hearing in CR02-18-020358, all charges against PLAINTIFF were dismissed on the prosecutors motion.)

(Exception #3 - PLAINTIFF attempted to submit an affidavit to the court clerks in Adams County JV-02-18-0841 prior to adjudication, and said clerks refused to docket this affidavit and stated the Judge had to read it first [Judge Meienhoffer]. PLAINTIFF had been instructed by his counsel, Aaron Hooper, to limit affidavit to 5 pages maximum. Aaron Hooper also refused to docket PLAINTIFFs affidavit, but rather said it had to be presented to the judge during the court hearing. After the accused in Adams County JV-02-18-0841 admitted guilt, Judge Meienhoffer accepted PLAINTIFFs affidavit and ensured all counselors had a copy to read. Time was given by the court for all parties to read and understand said affidavit. Judge

Meienhoffer stated for the court that Adams County had been in error in their failure to transmit all records from Adams County CV-2014-3311 to Canyon County CV-2014-7409 in the consolidation of those cases. Judge Meienhoffer failed to act on any of the other issues contained in PLAINTIFFs affidavit, and no attorneys involved raised any issues or made any inquiries relating to PLAINTIFFs affidavit.)

59. In Adams County JV-02-18-0841, PLAINTIFF made numerous attempts to obtain leave to file a Civil Protection Order. PLAINTIFF filed a Petition for an Immediate and Temporary Exparte Restraining Order pursuant to Idaho Rule of Civil Procedure 65 and Idaho Code Title 39 against Dawn Cannon, Lloyd and Karen Elderedge. The Court in Adams County refused to hear this Petition. The Court later granted leave for PLAINTIFF to file for a Civil Protection Order, but required PLAINTIFF to use the generic court forms provided by the clerks office. This petition for CPO was filed, and the Court in Adams County, Presided over by John Meienhoffer, dismissed the action without hearing, and further stated the issues had to be raised in 7409 in Canyon County... even though the persons involved were residents of Adams County and the activities complained of occurred in Adams County.

60. Other issues pertaining to legal representation in Adams County JV-02-18-0841...

Mr. Shane Darrington (the initial attorney representing Gabriel Van Hook) during a phone call with Gabriel Van Hook and the PLAINTIFF (on speaker phone) outright refused to contact or interview any witnesses for the benefit of his client Gabriel Van Hook.

At a meeting with Gabriel Van Hook and his attorney Shane Darrington, with PLAINTIFF Ronald Van Hook and his attorney Aaron Hooper... Mr. Darrington again made his refusal to contact and interview any witnesses for the benefit of his client Gabriel Van Hook. Mrs. Melissa Van Hook was also present at this meeting that was held at Mr. Shane Darringtons

office in Payette Idaho.

At a meeting with Gabriel Van Hook and his attorney with White Peterson Law Firm, with Ronald Van Hook and his attorney Aaron Hooper... (Aaron Hooper and Ronald Van Hook in one room, Gabriel Van Hook with his attorney in the adjoining room, and Mrs. Melissa Van Hook with Mr. Frank O'Leary in the reception area of the White Peterson Law Office)... Aaron Hooper shouted, in a level clearly audible to all present, the threat of Life Imprisonment for Gabriel Van Hook if PLAINTIFF did not accept and require Gabriel Van Hook to accept a plea bargain deal where Gabriel would be required to admit guilt in Adams County JV-02-18-0841.

Aaron Hooper, on numerous occasions, has expressed to PLAINTIFF that he and the Adams County prosecuting attorney, Christopher D. Boyd, are good friends.  Aaron Hooper has also stated that Magistrate John Meienhoffer often assigns Aaron Hooper to cases in Adams County.

Miranda Rights were not disclosed to either the Mother or Father of the accused in Adams County JV-02-18-0841, and neither parent or attorney was present when Gabriel Van Hook was read Miranda rights, and then questioned by Law Enforcement, and coerced into speaking after having initially expressing he did not wish to speak.  All officers of the Court in Adams County JV-02-18-0841 are aware of this and have never raised this as an issue.

The minor claimed to be victim in Adams County JV-02-18-0841 was interviewed by a Health and Welfare psychologist and was clearly prompted and/or coached and/or coerced to make statements against the accused in that case.

Aaron Hooper, attorney for PLAINTIFF in both Adams County JV-02-18-0841 and CR02-18-020358, is also a Captain in the Idaho Air Guard and is a JAG officer.

61. PLAINTIFF again filed numerous new motions in 7409, beginning in late 2018, and

all were presided over by Magistrate Matthew Bever, and a list of the filings include...

Motion for Restraining Order

Motion for Relief from a Judgment or Order for Frauds on the Court per IRCP 60
RENEWED Motion for Relief from a Judgment or Order for Frauds on the Court per
IRCP 60

Request of Judicial Notice of all matters pertaining to this case

Request the Court Revisit this case in its entirety

Challenge of and Demand for proof of Jurisdiction

Motion for contempt

Amended Motion for Contempt

Motion for appointment of Guardian Ad Litem

Motion for Change of Venue

Motion (for court) to interview parties minor children

Motion to Disqualify Judge Bever

Challenge of Jurisdiction

Numerous subpoenas were served by PLAINTIFF and then quashed... and then, per
order of the court, new Subpoenas were written and submitted to the court for review
before they would be allowed to be served.  New subpoenas to appear and subpoenas
duces tecum were submitted to the court, but the court failed to address them, for the
following ...

      * John Meienhoffer - 201 Industrial Ave., Council, ID, 83612

      * Adams County, Idaho, Sheriff's Department - Attn. Ryan Zollman

      * Adams County Idaho Court Clerk - Attn. Sherry Ward

      * Canyon County Idaho Court Clerk - Attn. Chris Yamamoto

      * Payette County, Idaho, Court Clerk - Attn. Betty Dressen

Pretrial Statement and Affidavit supporting Pretrial Statement

Copy of JV-02-18-0841 AFFIDAVIT  provided to 7409 pre-trial (fact 53 - Exception #3)

Response to Defendants 'Notice of Service of Respondents First Set of Interrogatories, Request for Production of Documents, and Request for Admissions'.

Plaintiffs Request for Admissions And Notice to the Court of Service trial memorandum and submitted Witness list

FIRST Pre Trial Affidavit

SECOND Pre Trial Affidavit

THIRD Pre Trial Affidavit

FOURTH  Pre Trial Affidavit

Affidavit of Ronald Van Hook pertaining to issues involving Steven Fisher

Affidavit of Ronald Van Hook pertaining to issues involving Virginia Bond

Affidavit of Ronald Van Hook Regarding Adams County Courts and Legal Misconduct

Affidavit of Ronald Van Hook Regarding issues of Vexatious Litigation

Affidavit of Ronald Van Hook Regarding Further Damages from States prevention of Due Process

Motion for Leave to Appeal

62.  In courts in 7409, presided over by Magistrate Matthew Bever, PLAINTIFF states the following as fact...

    \* Previous Frauds on the court were clearly expressed by PLAINTIFF, in numerous motions and affidavits, and further orally expressed by PLAINTIFF during numerous hearings, none of which were ever denied by opposing party, yet the court failed to address any of those issues.

    \* PLAINTIFF demanded proof of jurisdiction and the court refused to prove jurisdiction stating the court would dismiss the case, thereby continuing to deny any parental rights of PLAINTIFF.

    \* PLAINTIFF clearly accused presiding judge of involvement in a cover-up, numerous times, among many other things, all of which were denied by presiding judge.

* None of the affidavits submitted to the court by PLAINTIFF were ever disputed by the opposing party, and were never considered by the court.

* All motions presented by PLAINTIFF were dismissed by the Court without consideration, without leave to correct discrepancies in format, and without any objections from the opposing party to any of PLAINTIFFs filings or arguments.

* The Court required PLAINTIFF to submit Subpoenas directly to the court for approval prior to serving on the parties to be subpoenaed, and none of these subpoenas were ever approved by the court.

* No attacks on previous judgment(s) were allowed.

* The Court failed to allow the presentation of audio recording evidence.

* The Court failed to allow testimony of witnesses.

63. The Court in 7409 issued new orders in the case while disregarding all legal challenges to the validity and/or lawfulness of previous orders in the same case. PLAINTIFF filed a Notice of Appeal to the District Court and subsequently filed a motion seeking leave from the Magistrate Court to appeal permissively to the Idaho Supreme Court. The Magistrate Court heard the motion for permissive appeal several weeks later and denied it. PLAINTIFF then filed a request for leave to the Idaho Supreme Court to file for an expedited permissive appeal in 7409, and a Request for leave to file for a Petition for Writ of Mandamus or alternatively Petition for Writ of Habeas Corpus. The Idaho Supreme Court approved PLAINTIFFS request for leave to file the appeal, and dismissed all other requests. PLAINTIFF then filed the motion for expedited permissive appeal in 7409 which was then denied by the Idaho Supreme Court. Soon thereafter, the District Court notified PLAINTIFF of the intent to dismiss the appeal in the District Court for failing to pay applicable fees for transcripts and an amended notice of appeal.

PLAINTIFF paid the necessary fees in person to the court clerks office and filed the Amended Notice of Appeal, hand written, and in essentially the same format as the original Notice of Appeal to the District Court. The District Court then dismissed the PLAINTIFFs appeal for failing to type the Notice of Appeal and for failing to abide by other rules in the appeals process.

64. There is no written law or code in the State of Idaho that details how a person who has been declared a vexatious litigant in the State of Idaho is to appropriately request leave to file new litigation in the state of Idaho. Furthermore, there is no written law or code in the State of Idaho that compels, requires or directs a judge to hear a request to file or on procedures for hearing a request for leave to file by a person declared a vexatious litigant should a judge choose to hear a request for leave to file by a person declared to be a vexatious litigant.

PLAINTIFF submitted a request for leave to file a civil complaint for damages to Administrative District Court Judge Southworth of the Idaho Third District. This leave request was filed by letter addressed to Judge Southworth, through the clerks office, and was not assigned a case number or docketed. On 6-26-20, Judge Southworth denied leave to the PLAINTIFF and further stated that alleged claims of judicial or attorney misconduct had to be filed with appropriate governing boards.

65. The Idaho Judicial Council is established by the Idaho State Constitution and is the same as the State of Idaho. The Idaho Judicial Council is 'Self Governed'.

The current Executive Director of the Idaho Judicial Council is Mr. David W. Cantrill. In 2015, PLAINTIFF filed a complaint with the Idaho Judicial Council against Magistrates Meienhoffer and DeMeyer, and that complaint went unacknowledged by the Idaho Judicial Council.

PLAINTIFF filed another complaint, and on 9-4-2020 the Idaho Judicial Council replied

to that complaint against numerous judges; Said response signed by Mr. David W. Cantrill.  In

that response it was stated that a "judges decisions can only be reviewed through the timely filing

and prosecution of an appeal." ... However, the Judicial Council made no consideration of the

issues complained of for Judges who lacked in Jurisdiction and decisions that had been made

based upon fraud(s) on the court(s).  The response from the Idaho Judicial Council also stated

that "Judicial Council will not accept any communication or further complaints from" ... the

PLAINTIFF.

66.  The Idaho Bar Association is established by the Idaho State Constitution and is the

same as the State of Idaho.  The Idaho Bar Association is 'Self Governed'.  The State of Idaho

has no established method of bringing any grievance against the Idaho Bar Association, or any

member of the Idaho Bar Association, except through the Idaho Bar Association itself.

PLAINTIFF has submitted numerous grievances against the Idaho Bar Association and Members

of the Idaho Bar Association to courts at all levels in the State of Idaho, and there has not been

any action taken.

67.  In the spring 2015, PLAINTIFF filed a complaint with the Idaho Bar Association

against attorney Steven Fisher.  The Bar Association replied claiming they had investigated and

found no wrongdoing on the part of Steven Fisher.

68.  In the fall of 2015, PLAINTIFF filed another complaint with the Idaho Bar

Association against attorneys Kimberly Stretch and Virginia Bond.  That complaint went

unacknowledged by the Idaho Bar Association.

69.  In the summer of 2020, PLAINTIFF filed another complaint with the Idaho Bar

Association against attorneys Steven Fisher, Mary Grant, Kimberly Stretch, Virginia Bond,

Aaron Hooper, Christopher D. Boyd, Shane Darrington, 2 attorneys (names unknown) with the

White Peterson Law Firm, and Diane Minnich. The Idaho Bar Association responded with acknowledgement of receipt of these complaints, and dismissed some of the grievances without any investigation whatsoever. The complaint against the unknown named attorneys with the White Peterson Law Firm was dismissed as the attorneys names were unknown. [The names of these attorneys with White Peterson are unavailable to the PLAINTIFF as the case these attorneys were involved with is sealed (Adams County JV-02-18-0841 and changed venue to Payette County JV-38-19-0052) Furthermore, the PLAINTIFFs attorney that represented PLAINTIFF as the Natural Father of the accused in Adams County JV-02-18-0841 has failed to respond to telephone calls when that information was sought. PLAINTIFF has also attempted to contact the White Peterson Law Firm and obtained the name of Jay Kiiha as one of the attorneys that represented PLAINTIFFs son, but Mr. Kiiha has not returned any calls.] The complaint against Diane Minnich was dismissed without investigation by the Idaho Bar Association as Ms. Minnich is not an attorney.

70. The Executive Director of the Idaho Bar Association is Ms. Diane Minnich. Ms. Diane Minnich is also on the Board of Directors of ALPS - Property and Casualty Insurance Company from the State of Montana. ALPS advertises as being the nations largest underwriter of Legal Malpractice Insurance.

71. The Idaho Bar Association has a Lawyer Referral Service available for residents in the State of Idaho to obtain referral to an attorney for legal matters.

72. In the late summer of 2017 PLAINTIFF made numerous calls to the Idaho Bar Association Referral service attempting to obtain referral to an attorney to retain to represent PLAINTIFF. The Idaho Bar Association Referral service failed to respond after all attempts. PLAINTIFF later called and spoke directly to Ms. Diane Minnich in the fall of 2017 to report the

failure of the referral service, and to request a referral directly from Ms. Diane Minnich. Ms. Minnich refused to make a referral claiming PLAINTIFF had failed to pay the Bar Association for a referral back in 2015 that the Bar Association referral service had never provided. PLAINTIFF stated a referral fee would be paid if the referral service actually made a referral... However, PLAINTIFF stated to Ms. Minnich that any attorney referred would be required to abide by the Idaho Rules of Professional Conduct or PLAINTIFF would bring complaints to the Idaho Bar Association for any violations. Ms. Minnich then outright refused to make any referral to an attorney to represent PLAINTIFF. The phone call to Ms. Diane Minnich referenced here was recorded, dated 10-19-2017, and will be available in transcript form if necessary.

73. There are no fair or legitimate methods, in the State of Idaho, by which grievances against Attorneys or Judges can be made by an individual that has been damaged by unlawful, unethical or immoral activities of attorneys or judges.

74. There is no fair or legitimate method in the State of Idaho to bring any grievance against the Idaho Bar Association or the Idaho Judicial Council, or to bring any grievance against the directors (Mr. David W. Cantrill and Ms. Diane Minnich) of these self-governed organizations.

75. Canyon County Case CV-2016-11807 and Canyon County Case CV14-18-5576 has been claimed by Defendants in federal case 1:19 CV-00170 BLW (which was denied appeal in 19-35875 for failing to file a Brief with the appeal) to have been subject to Res Judicata and Collateral Estoppel. Canyon County Case CV-2016-11807 was dismissed for failing to cite a cause of action. Canyon County Case CV14-18-5576 was a petition seeking leave to file a civil complaint, and that court only had jurisdiction to either approve or deny leave to file... Canyon

County Case CV14-18-5576 had no jurisdiction to grant absolution to anyone for any wrongs done.

76. The Court Record in 3311 and 7409 is in disarray and is disputed by PLAINTIFF ... some hearings where audio records are missing have also been falsely claimed by Clerks to have been 'heard in chambers'.

77. In 7409, there was no fair distribution of property.

78. In 7409, PLAINTIFF was required to pay Child Support under threat of contempt and other penalties associated with any failure to pay.

79. In 7409, there was no clear and convincing evidence to support the termination of PLAINTIFFs parental rights.

80. PLAINTIFF married Melissa Johnson (aka Van Hook) on January 1, 2018.

81. Unlawful Orders are being enforced in Payette County Idaho where the PLAINTIFF resides.

82. Numerous other facts exist in this/these matters, and their omission from this particular 'Statement of Facts' does not negate those facts.

83. PLAINTIFF asserts there have been, and continue to be, blatant violations of the Idaho Constitution, by actors for the State of Idaho and/or those conspiring together with those State Actors as follows:

Idaho Constitution Article 1 - Sections 1, 2, 3, 4, 5, 6, 7, 13, 17, 18, 21, 22

Idaho Constitution Article 3 - Section 28

Idaho Constitution Article 5 - Sections 1, 5, 26, 28

84. Plaintiff filed for leave to file Habeas Corpus and Post Juvenile Conviction Relief in Payette County CV 38-21-0063. (The same facts presented in this federal suit, items 23-83, were

the same facts presented to the court in Payette County CV 38-21-0063) This request for leave to file was denied on January 26, 2021 and is in part pending appeal to the Idaho Supreme Court, after being limited in what can be appealed by the District Court in Payette County.  Thus far, the Idaho Supreme Court has ordered the preparation of the records for the appeal.  The decision in CV 38-21-0063 also stated that "Any alleged restraints on Mr. Van Hook have not been properly placed before this Court." …

85.  Plaintiff again filed a request for leave to file Habeas Corpus (while the portion of the previous denied request in Payette County CV 38-21-0063 - the portion requesting Post Juvenile Conviction Relief - awaits appeal to the Idaho Supreme Court) This new request for leave was filed on February 17, 2021 in Payette County CV-3821-0130. (This request for leave to file was accompanied by the same facts presented in this federal suit, items 23-83, and was also accompanied by numerous pieces of Prima Facie Evidence) After receiving no response from the Payette County Court on Plaintiffs request for leave to file Habeas Corpus, Plaintiff filed a Notice of Hearing on March 9, 2021.  On March 11, 2021, the court returned a photo copy of Plaintiffs Notice of Hearing that had been hand written "Denied" and then signed and dated by the Court. This request for leave to file Habeas Corpus remains unaddressed.

## DEFENDANT - the STATE of IDAHO

86.  Vexatious Litigant laws in the State of Idaho are in violation of Plaintiffs Civil Rights. The State has no guaranteed method for one declared a vexatious litigant to heard in any Idaho Court. The State does not specifically state how leave is to be acquired. The State has no requirement for any judge to hear any filing. The State has no guarantee on any time frame in which a filing is to be heard. The State prevents Habeas Corpus. The State prevents Civil

Protection Orders.  The State allows for legal abuse with absolutely no means of recourse.

> Under federal law, litigiousness alone is insufficient to support a finding of
> vexatiousness.  See Moy v. United States, 906 F 2d 467, 470 (9th Cir. 1990) (the
> plaintiff's claims must not only be numerous, but also be patently without merit).  The
> focus is on the number of suits that were frivolous or harassing in nature rather than on
> the number of suits that were simply adversely decided.  See De Long, 912 F. 2d at
> 1147-48 (before a district court issues a pre-filing injunction against a pro se litigant, it is
> incumbent on the court to make substantive findings as to the frivolous or harassing
> nature of the litigant's actions).  The Ninth Circuit has defined vexatious litigation as
> "without reasonable or probable cause or excuse, harassing, or annoying."  Microsoft
> Corp. v. Motorola Inc., 696 F. 3d 872, 886 (9th Cir. 2012).  For these reasons, the mere
> fact that a plaintiff has had numerous suits dismissed against him is an insufficient
> ground upon which to make a finding of vexatiousness.

87.  The State of Idaho has on numerous occasions claimed Plaintiff was trying to re-litigate previous rulings, which is a false claim made by the State.  Plaintiff has tried to litigate the methods in which previous issues were heard and/or decided, and those methods were fraudulent and/or without jurisdiciton... but the State simply dismisses any attempt Plaintiff has made to attack previous fraudulent judgments, and then claims those filings were attempts to re-litigate.

88.  Plaintiff has tried to bring to the states attention numerous different frauds on the court and judges lacks of jurisdiction... this is not trying to re-litigate anything. The prefix RE means to do something again... and one cannot do something again when it has never been done correctly the first time.

89.  All judges and all attorneys involved in this have violated the civil rights of the Plaintiff or conspired against the rights of the Plaintiff... Alternatively, if Idaho State Law allows for this abuse to go unchecked, then that Idaho Law violates the Plaintiffs Civil Rights.

90. The State prevents exposure of Actors for the State, and those conspiring with actors for the state, who violate the rights of the Plaintiff.

91. The State has failed to protect the Plaintiff from civil rights violations, and from those who conspire against the rights of the Plaintiff.

92. The State has made and/or enforces orders that violate the rights of the Plaintiff.

93. The State has created a privileged class of people that are above the law.

94. The State prevents access to the courts.

95. The State has a monopoly on divorces. Actors for the State, together with persons conspiring with actors for the state, under color of law, within a state run monopoly, have violated the rights of the Plaintiff.

Boddie v. Connecticut in the US Supreme Court in 1971 makes it clear that the State has a monopoly on the dissolving of marriages.

Idaho Code 48-603 - Unfair methods and practices (17) ... Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer; (18) ... Engaging in any unconscionable method, act or practice in the conduct of trade or commerce, as provided in section 48-603C, Idaho Code ...

96. The State does not uphold the rights of a pro se litigant to be fairly heard, to call witnesses or to present evidence.

97. The state denies the right to a trial by jury as required by Idaho Constitution Article I Section 7, Idaho Constitution Article V Section 1 paragraph 2, and the United States Constitution Amendment VII which the state of Idaho is required to uphold per Idaho Constitution Article I Section 3.

98. The State has unlawfully suspended Habeas Corpus guaranteed by Idaho Constitution Article I section 5, and by the US Constitution.

99. The State has unlawfully inflicted cruel and unusual punishment which is prohibited

by Idaho Constitution Article I section 6, and by the US Constitution.

100. The State has unlawfully seized property which is prohibited by Idaho Constitution Article I section 1 and/or Article I section 17, and by the US Constitution.

101. The State has failed to uphold Idaho Constitution Article I Section 18 that requires Justice to be freely and speedily administered...

> Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay or prejudice.

102. The State of Idaho, in their vexatious litigant order against Plaintiff (which is libelous), denies the Plaintiff access to the courts for injuries to his person, his property and/or his character.

103. The State of Idaho delays justice to the Plaintiff.

104. The State of Idaho makes justice completely unaffordable (making justice for sale), in violation of Idaho Constitution Article I, Section 18... and this Right is violated that has directly led to the Violation of Civil Rights Guaranteed by the US Constitution.

105. The State of Idaho has a prejudicial system that protects Actors for the State and those conspiring together with Actors for the State, in Violation of the US Constitution.

106. The State of Idaho has impaired reserved rights of the Plaintiff, in violation of Idaho Constitution Article I Section 21, by construing Idaho laws to ultimately violate other rights of the Plaintiff.

107. The State has violated Idaho Constitution Article V Section 26 in failing to have Court procedures that are general and uniform.

108. The State has violated Idaho Constitution Article V Section 25 in the failing of Judges to report defects in Idaho Law.

109. All judges involved in the subject matter at hand, who have knowingly and unjustly extended any benefit to any person concerned, in any way, has committed an act of bribery per Idaho Code Title 18 Chapter 13... and similarly, any person who has accepted any benefit has accepted a bribe per Idaho Code Title 18 Chapter 13. (This includes all judges and lawyers listed)

110. The State of Idaho has irrevocably terminated the parental rights of the Plaintiff with absolutely no justifiable cause. (Plaintiff demands proof of any cause claimed by the State of Idaho to have terminated his parental rights, and to demonstrate the clear and convincing evidence the State was obligated to have.) This is in Violation of the US Constitution.

111. The State of Idaho has taken issues that were civil in nature and attached criminal guilt to them to justify civil decisions, without the benefit of a guaranteed jury trial or the appointment of legal counsel.

112. The State has upheld libel and claimed it as being fact... That libel was used to declare plaintiff as a vexatious litigant and then to further violate the rights of the plaintiff... Plaintiff has never once had the right to a trial by jury upheld. Plaintiff Demands Trial by a Jury of his peers, and all things used to claim Plaintiff was a vexatious litigant must be tried by jury.

113. The State of Idaho prevents Plaintiff from brining up any issue in any court in the State of Idaho. In doing so it serves to protect Actors for the State, and those who conspire with Actors for the state, from any accountability for unlawful and/or tortious acts or activity.

114. The State of Idaho prevents access to court records. The State of Idaho destroys, conceals, and/or manipulates court records.

115. The State of Idaho has failed to produce a full and accurate record in all things pertaining to Adams County CV-2014-3311 and Canyon County CV-2014-7409... which is to

include, but is not limited to,  all court submissions, all evidence, all audio recordings of hearings, all judicial notes, and the specific names of all judges that heard any matter.

116.  The State of Idaho prevents Plaintiff from freely traveling, in violation of the US Constitution.

117.  Members (lawyers) of the Idaho Bar Association (the State of Idaho) are free to commit any manner of malfeasance with impunity, as the State provides no legitimate means of redressing any grievance against any lawyer in the State of Idaho.  In doing so, The State of Idaho has established a privileged class of people in Violation of the US Constitution.

118.  The State of Idaho allows attorneys to unjustly enrich themselves.

119.  The State of Idaho, by and through the Idaho Bar Association, has failed to address any complaint made by Plaintiff against any of its attorney members.

120.  The State of Idaho allows the Director of the Idaho Bar Association, Diane Minnich, to serve in the capacity as Director of the Idaho Bar Association (making decisions about grievances against attorneys) while simultaneously serving on the Board of Directors for ALPS - Property and Casualty Insurance Company (Montana) which openly advertises being "The Nation's Largest Direct Writer of Lawyer's Malpractice Insurance" ... and this is a very material, real and/or otherwise considerable conflicting interest.

121.  The State of Idaho, by and through the Idaho Bar Association, has refused to address any grievance against Diane Minnich.  Idaho Courts have similarly refused to address any grievance against Diane Minnich.

122.  The State of Idaho, by and through the Idaho Bar Association and Diane Minnich, has refused to allow Plaintiff the use of the 'Attorney Referral Program' which is a public service offered to any other person in the State of Idaho... but not the Plaintiff.

123. The Idaho Judicial Council (the State of Idaho) has prohibited the Plaintiff from filing any grievance against any member of the judiciary in the State of Idaho. Judges in the State of Idaho are free to commit any manner of malfeasance with impunity, as the State provides no legitimate means of redressing any grievance against any judge in the State of Idaho.

124. The State of Idaho, by and through the Idaho Judicial Council, has failed to address any complaint made by Plaintiff against any judges in the State of Idaho.

125. The 'Special Investigation Unit' with the department of the Idaho Attorney General's Office has not investigated any grievance by the Plaintiff, and has not returned any phone call from the Plaintiff once a grievance had been known by this department. (they returned the first call, after I called in a grievance on Jan. 26th, and then returned the call from the same grievance the next week.)

126. It was Nicholas Edwards that I spoke with regarding Payette County refusing to docket my request for leave to file for Habeas Corpus. ((208)332-3088 according to the Idaho AGs Directory) I very clearly made him aware that Canyon County and Adams County had done the exact same thing before as well. (Court Clerks offices refusing to docket submissions for their respective court and missing documents of court record) I also made Mr. Edwards aware of numerous grievances of corruption in Adams and Canyon counties for District Court Judges (who are elected officials) for participation in frauds on the court and violations of rights. I also made Mr. Edwards aware of the Prosecuting Attorney in Adams County, Christopher Boyd, who falsely charged, arrested and incarcerated me (26 hours) for 'Witness Intimidation', who then dismissed everything after my demand for a speedy trial by jury. Mr. Edwards told me to 'keep him informed' and that I should call him when I had all documents put together to submit to him.

127. Mr. Edwards had returned my call on Jan. 26th when I was actually in the Court

Clerks office in Payette County... That court had denied my request for leave and had the denial order ready at the same time that the court clerk stamped my submission with their court intake stamp. On Mr. Edwards 2nd call a week later, I informed him of my intent to appeal to the Supreme Court and he said we should wait to see how the Idaho Supreme Court ruled. (Which is not an answer to any of my grievances of public corruption.)

128. Plaintiff again tried to reach Mr. Edwards by telephone in March (2 attempts) and again on April 12, 2021... Mr. Edwards returned my call on March 14th and advised me the best way to proceed with a complaint was to do it on the Idaho AG web site, but that they only dealt with corruption of elected public officials. On the evening of April 14, 2021, Plaintiff filed an online complaint against the Adams County Prosecutor, and against the Adams and Canyon County Court Clerks.

Relief Requested regarding the State of Idaho

129. Plaintiff seeks Declaratory Relief, and/or Injunctive Relief, and/or any Relief available through the court by way or Orders or any other meaningful method of correcting wrongs done to Plaintiff.

130. Plaintiff seeks to have all orders in Canyon County CV-2014-7409, after September 11, 2014, Declared VOID... and to require the Decree of Legal Separation and Custody of Minor Children order be upheld as the only legitimate order in that case.

131. Plaintiff seeks Injunctive Relief in prohibiting any orders, other than the Decree of Legal Separation and Custody of Minor Children in Canyon County CV-2014-7409 dated September 11, 2014, from being enforced or upheld.

132. Plaintiff seeks to have the order (Prefiling Order Declaring Vexatious Litigant

Pursuant to Idaho Court Administrative Rule 59) in Canyon County CV-2017-3444-C Declared VOID.

133. Plaintiff seeks to have the 'Statement of Facts' from Canyon County CV-2017-3444-C, Prefiling Order Declaring Vexatious Litigant Pursuant to Idaho Court Administrative Rule 59, Declared VOID.

134. Plaintiff seeks an Order from this Court requiring the State of Idaho to compile an unbiased Statement of Facts

135. Plaintiff seeks an Order from this Court requiring the State of Idaho to Order any Disputed Facts be Tried By Jury, pursuant to Idaho Constitution Article V, Section 1.

136. Plaintiff seeks Injunctive Relief in prohibiting any person in the State of Idaho from upholding any order requiring leave, or making any requirement on Plaintiff to seek leave before filing in any Idaho Court.

137. Plaintiff seeks Injunctive Relief in prohibiting any actor for the State of Idaho from giving any protection whatsoever to other Actors for the State and/or Private Actors for wrongs committed against Plaintiff.

138. Plaintiff seeks to have any law in the State of Idaho that in any way serves to protect an Actor for the State, or a Private Actor, from facing consequences for criminal wrongs declared all or in part VOID.

139. Plaintiff seeks an Order from this Court, or other relief as available, that will require the State of Idaho to investigate criminal wrongs alleged by the Plaintiff without any 'Citizen Complaint Processes that treat complainants as adversaries'. (As there are numerous State Officials involved in Plaintiffs grievances, Nicholas Edwards of the Idaho Attorney Generals Office is believed to be responsible for such investigations.)

140. Plaintiff seeks an Order from this Court, or other relief as available, that will require the State of Idaho (if and when the State of Idaho denies any responsibility for any accusation made in this civil claim) to specifically identify the name of the Actor for the State and/or Private Actor that is responsible for any wrong alleged.

141. Plaintiff seeks an Order from this Court, or other relief as available, that will require the State of Idaho (the Idaho Bar Association) to extend to the Plaintiff the benefit of the Lawyer Referral Program.

142. Plaintiff seeks an Order from this Court, or other relief as available, that will require the State of Idaho (the Idaho Bar Association) to extend to the Plaintiff the right to bring grievances against any attorney who violates the Idaho Rules of Professional Conduct… and further require the Idaho Bar Association to investigate any grievance and appropriately act on their findings.

143. Plaintiff seeks an Order from this Court, or other relief as available, requiring the State of Idaho to abide by the guaranteed Right of Habeas Corpus without any unnecessary delay.

144. Should any claim made by Plaintiff in this civil claim be deemed by this court to be a 'State Issue', Plaintiff seeks an Order from this Court, or other relief as available, that will require the State of Idaho to specifically identify the County that would have jurisdiction over that matter. (Plaintiff is not willing to have any Federal Issue decided in any court in the State of Idaho. Plaintiff has absolutely no faith or confidence in the State of Idaho, any member of the Idaho Judiciary, any member of the Idaho Bar. Plaintiff demands the right to proceed in a Federal Court for any issue in which a Federal Court has jurisdiction.)

145. The following requested relief pertains to Gabriel Van Hook (Plaintiffs Son and

hereinafter GVH) and the violation of his civil rights, which in turn violated the rights of the Plaintiff, in Adams County JV-02-18-0841 (which now has venue in Payette County JV-38-19-0052).

A.  Plaintiff seeks relief from the court in Declaring Payette County JV-38-19-0052 to be void for frauds on the court.

B.  Plaintiff seeks relief from the court in Declaring Payette County JV-38-19-0052 to be void for want of jurisdiction.

C.  Plaintiff seeks Injunctive Relief in requiring, by court order, that GVH be represented by competent and/or effective legal counsel.

D.  Plaintiff seeks Injunctive Relief in requiring, by court order, that all action against GVH cease, until relief can be found in a court in Idaho.

E.  Plaintiff seeks relief from the court in Declaring that any violations of the rights of GVH in turn also violate the rights of the Plaintiff.

146.  Plaintiff may seek leave to amend this list of Requested Relief.

## DEFENDANT - JOHN MEIENHOFFER

147.  John Meienhoffer is an Actor for the State of Idaho in his position as a Magistrate Judge.

148.  John Meienhoffer is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

149.  John Meienhoffer, presided over Adams County CV-2014-3311, while having no subject matter jurisdiction in matters relating to child custody.

150.  John Meienhoffer, presided over Adams County CV-2014-3311, while having no jurisdiction over the Plaintiff in matters relating to child custody.

151.  John Meienhoffer did Violate the Civil Rights of the Plaintiff.

152.  John Meienhoffer did Violate the Civil Rights of the Plaintiffs children, which resulted in the rights of the Plaintiff being violated.

153.  John Meienhoffer did conspire together with Mary Grant against the rights of the Plaintiff.

154.  John Meienhoffer did conspire together with Steven Fisher against the rights of the Plaintiff.

155.  John Meienhoffer did conspire together with Gary DeMeyer (who is now deceased) against the rights of the Plaintiff.

156.  John Meienhoffer ignored an existing order from Canyon County CV-2014-7409 that gave Plaintiff full custody of his children.

157.  John Meienhoffer did Kidnap the plaintiffs children.

158.  John Meienhoffer presented to a court in Canyon County an unfair advantage to the opposing party in a fraudulent divorce action that had not even been filed yet.

159.  John Meienhoffer engaged in acts that were misleading, false and/or deceptive to the Plaintiff, and further engaged in unconscionable methods and/or practices against the Plaintiff within a State run monopoly, against the rights of the Plaintiff.

160.  All actions of John Meienhoffer were done knowingly and with malicious intent.

161.  John Meienhoffer did intentionally inflict Emotional Distress on the Plaintiff.

162.  John Meienhoffer is a Principal to crimes committed after having kidnapped the Plaintiffs Children, which did further damage to Plaintiff.

163.  John Meienhoffer, as an Actor for the State of Idaho, and in the absence of jurisdiction over the person and absence of jurisdiction over the subject matter, must be subject

·to the 'Stripping Doctrine'.

164.  John Meienhoffer has done damages to the Plaintiff in excess of $75,000.00.

165.  Plaintiff intends to request a jury award of $50,000,000.00 for the damages done to the Plaintiff by John Meienhoffer.

166.  Plaintiff further intends to request a jury award of $50,000,001.00 for punitive damages against John Meienhoffer.

GARY DEMEYER
(who is deceased)

167.  Gary DeMeyer is (was) a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

168.  Gary DeMeyer, in his capacity as Magistrate Judge in Canyon County Idaho, is (was) an Actor for the State.

169.  Gary DeMeyer, in Canyon County CV-2014-11708, clearly demonstrated his personal knowledge of an action that had not been filed yet.  Gary DeMeyer based his decision in this case with favoritism to the opposing party, and gave benefit to the opposing party in an upcoming case in Canyon County CV-2014-7409.

170.  Gary DeMeyer, while presiding over CV-2014-7409, did violate the civil rights of the Plaintiff while conspiring together with John Meienhoffer, Mary Grant, Steven Fisher, and/or Kimberly Stretch.

171.  Gary DeMeyer presided over CV-2014-7409 in the absence of subject matter jurisdiction.

172.  Gary DeMeyer presided over Canyon County CV-2014-7409 under color of law.

173.  Gary DeMeyer was a participant in Fraud on the Court with Steven Fisher and

Mary Grant. (further detailed in complaint against Fisher and Grant)

174. Gary DeMeyer, in Canyon County CV-2014-7409, Failed to maintain a fair and even temperament, failed to allow Plaintiff a fair and meaningful opportunity to be heard, failed to allow Plaintiff to call witnesses, and Failed to allow Plaintiff to present evidence, during a trial conducted under color of law.

175. Gary DeMeyer, in Canyon County CV-2014-7409, failed to guarantee a fair and equitable distribution of property.

176. Gary DeMeyer did falsely list facts in the courts finding of facts.

177. Gary DeMeyer issued an order, under color of law, tantamount to the full termination of the parental rights of the Plaintiff without cause.

178. Gary DeMeyer, in CV-2014-7409, did again violate the civil rights of the Plaintiff while conspiring together with Kimberly Stretch and Virginia Bond. (further detailed in complaint against Bond)

179. Gary DeMeyer, in CV-2014-7409, did again violate the civil rights of the Plaintiff while conspiring together with Kimberly Stretch. (further detailed in complaint against Stretch)

180. Gary DeMeyer did knowingly submit to the Administrative District Court Judge, while conspiring together with Kimberly Stretch, a claim that Plaintiff was a vexatious litigant while falsifying facts and omitting other pertinent facts from the report to the Administrative District Court Judge.

181. Gary DeMeyer engaged in acts that were misleading, false and/or deceptive to the Plaintiff, and further engaged in unconscionable methods and/or practices against the Plaintiff within a State run monopoly, against the rights of the Plaintiff.

182. All actions by Gary DeMeyer were done knowingly and with malicious intent.

STEVEN FISHER

183.  Steven Fisher is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

184.  Plaintiff was Stephen Fishers client in Adams County CV-2014-3311 and Canyon County CV-2014-7409.

185.  Steven Fisher (a private Actor), who conspired together with John Meienhoffer (Actor for the State of Idaho), in Adams County CV-2014-3311, is subject to a 42 USC § 1983 and/or 18 USC § 241 suit.

186.  Steven Fisher (a private Actor), who conspired together with Gary DeMeyer (Actor for the State of Idaho), in Canyon County CV-2014-7409, is subject to a 42 USC § 1983 and/or 18 USC § 241 suit.

187.  Steven Fisher knowingly and with malicious intent failed to abide by the Idaho Code of Professional Conduct during his representation of Plaintiff.

188.  Steven Fisher spoliated evidence.

189.  Steven Fisher committed fraud(s) on the court in Adams County CV-2014-3311 damaging to the Plaintiff.

190.  Steven Fisher committed fraud(s) on the court in Canyon County CV-2014-7409 damaging to the Plaintiff.

191.  Steven Fisher engaged in acts that were misleading, false and/or deceptive to the Plaintiff, and further engaged in unconscionable methods and/or practices against the Plaintiff within a State run monopoly, against the rights of the Plaintiff.

192.  Steven Fisher was grossly negligent in his representation of the Plaintiff.

193.  Steven Fisher has damaged the Plaintiff. (as may later be amended upon leave from

the court)

## MARY GRANT

194. Mary Grant is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

195. Mary Grant is an Attorney with Idaho Legal Aid.

196. Mary Grant represented the opposing party to Plaintiff in Adams County CV-2014-3311 and Canyon County CV-2014-7409.

197. Mary Grant (a private Actor), who conspired together with John Meienhoffer (Actor for the State of Idaho), in Adams County CV-2014-3311, is subject to a 42 USC § 1983 and/or 18 USC § 241 suit.

198. Mary Grant (a private Actor), who conspired together with Gary DeMeyer (Actor for the State of Idaho), in Canyon County CV-2014-7409, is subject to a 42 USC § 1983 and/or 18 USC § 241 suit.

199. Mary Grant knowingly and with malicious intent failed to abide by the Idaho Code of Professional Conduct during her representation of Plaintiffs opposing party.

200. Mary Grant committed fraud(s) on the court in Adams County CV-2014-3311 damaging to the Plaintiff.

201. Mary Grant committed fraud(s) on the court in Canyon County CV-2014-7409 damaging to the Plaintiff.

202. Mary Grant engaged in acts that were misleading, false and/or deceptive to the Plaintiff, and further engaged in unconscionable methods and/or practices against the Plaintiff within a State run monopoly, against the rights of the Plaintiff.

203. Mary Grant has damaged the Plaintiff. (as may later be amended upon leave from the court)

## KIMBERLY STRETCH

204. Kimberly Stretch is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

205. Kimberly Stretch is an Attorney with Idaho Legal Aid.

206. Kimberly Stretch represented the opposing party to Plaintiff in Canyon County CV-2014-7409.

207. Kimberly Stretch (a private Actor), who conspired together with Gary DeMeyer (Actor for the State of Idaho), in Canyon County CV-2014-7409, is subject to a 42 USC § 1983 and/or 18 USC § 241 suit.

208. Kimberly Stretch knowingly and with malicious intent failed to abide by the Idaho Code of Professional Conduct during her representation of Plaintiffs opposing party.

209. Kimberly Stretch committed fraud(s) on the court in Canyon County CV-2014-7409 damaging to the Plaintiff.

210. Kimberly Stretch engaged in acts that were misleading, false and/or deceptive to the Plaintiff, and further engaged in unconscionable methods and/or practices against the Plaintiff within a State run monopoly, against the rights of the Plaintiff.

211. Kimberly Stretch has damaged the Plaintiff. (as may later be amended upon leave from the court)

## VIRGINIA BOND

212. Virginia Bond is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

213. Plaintiff was Virginia Bonds client in Canyon County CV-2014-7409.

214. Virginia Bond (a private Actor), who conspired together with Gary DeMeyer (Actor for the State of Idaho), in Canyon County CV-2014-7409, is subject to a 42 USC § 1983 and/or 18 USC § 241 suit.

215. Virginia Bond knowingly and with malicious intent failed to abide by the Idaho Code of Professional Conduct during her representation of Plaintiff.

216. Virginia Bond committed fraud(s) on the court in Canyon County CV-2014-7409 damaging to the Plaintiff.

217. Virginia Bond engaged in acts that were misleading, false and/or deceptive to the Plaintiff, and further engaged in unconscionable methods and/or practices against the Plaintiff within a State run monopoly, against the rights of the Plaintiff.

218. Virginia Bond was grossly negligent in her representation of the Plaintiff.

219. Virginia Bond has damaged the Plaintiff. (as may later be amended upon leave from the court)

## DIANE MINNICH

220. Diane Minnich is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

221. Diane Minnich is the director of the Idaho Bar Association.

222. Diane Minnich is on the Board of Directors of ALPS - Property and Casualty Insurance Company (Montana), which openly advertises being "The Nation's Largest Direct

Writer of Lawyer's Malpractice Insurance".

223.  Diane Minnich, has refused to allow Plaintiff the use of the 'Attorney Referral Program' which is a public service offered to any other person in the State of Idaho... but not the Plaintiff.

224.  Diane Minnich, as the Director of the Idaho Bar Association, which is the State of Idaho, has failed to respond to Plaintiff complaints against numerous members of the Idaho Bar Association.

225.  Diane Minnich is an Actor for the State of Idaho and did violate the rights of the Plaintiff.

226.  Diane Minnich did conspire against the rights of the Plaintiff.

227.  Diane Minnich has damaged the Plaintiff. (as may later be amended upon leave from the court)

## DEFENDANT - ALPS - PROPERTY AND CASUALTY INSURANCE COMPANY
### (Respondeat Superior for Diane Minnich)

228.  ALPS - Property and Casualty Insurance Company (hereinafter ALPS) is a company from the State of Montana... and their Registered Agent in Idaho is Cogency Global Inc., 921 S. Orchard , suite G, Boise, ID, 83705.

229.  ALPS has Diane Minnich listed as a person on their Board of Directors.

230.  ALPS is Respondeat Superior for Diane Minnich.

231.  ALPS did benefit from the activity of Diane Minnich.

232.  ALPS, through Diane Minnich, is an Actor for the State of Idaho and did violate the rights of the Plaintiff.

233.  ALPS, through Diane Minnich, did conspire against the rights of the Plaintiff.

234.  ALPS, through Diane Minnich, has damaged the Plaintiff.

235.  ALPS, through Diane Minnich, did intentionally inflict Emotional Distress on the Plaintiff.

236.  All actions of ALPS, through Diane Minnich, were done knowingly and with malicious intent.

237.  ALPS, through Diane Minnich, has done damages to the Plaintiff in excess of $75,000.00.

238.  Plaintiff intends to request a jury award of $55,000,000.00 for the damages done to the Plaintiff by ALPS, through Diane Minnich.

239.  Plaintiff further intends to request a jury award of $55,000,001.00 for punitive damages against ALPS, through Diane Minnich.

## DAVID W. CANTRILL

240.  David W. Cantrill is a person protected by the State of Idaho, or protected by Actors for the State of Idaho and/or Private Actors conspiring against the rights of the Plaintiff.

241.  David W. Cantrill is the director of the Idaho Judicial Council.

242.  David W. Cantrill, as the director of the Idaho Judicial Council, which is the State of Idaho, has failed to properly respond to Plaintiff complaints against numerous members of the judiciary of the Idaho Third District.

243.  David W. Cantrill, as the director of the Idaho Judicial Council, which is the State of Idaho, has refused to accept any grievances from Plaintiff regarding any matter about any judge in the State of Idaho.

244.  David W. Cantrill is an Actor for the State of Idaho and did violate the rights of the

Plaintiff.

245. David W. Cantrill did conspire against the rights of the Plaintiff.

246. David W. Cantrill has damaged the Plaintiff. (as may later be amended upon leave from the court)

OFFICERS OF THE COURT
IN ADAMS COUNTY JV-02-18-0841
AND ADAMS COUNTY CR-02-18-020358
COLLECTIVELY (or individually)

247. Adams County JV-02-18-0841 (hereinafter JV-02-18-0841) is a juvenile case where Plaintiffs Son (Gabriel Van Hook) is the defendant.

248. All court records in JV-02-18-0841 are sealed and inaccessible to the Plaintiff.

249. Magistrate Judge John Meienhoffer presided over JV-02-18-0841.

250. Christopher Boyd, Adams County, prosecuted JV-02-18-0841.

251. Shane Darrington, was the initial defense attorney assigned in JV-02-18-0841.

252. During the course of JV-02-18-0841, Plaintiff clearly made the court aware that the accuser, Lloyd Gail Elderedge, was a pedophile, and that the presiding judge had previously ordered 'No Contact' between the Plaintiffs Children and the Elderedges (and the court clearly acknowledged that John Meienhoffer had previously made that order in CV-2014-3311)... and during this hearing, Shane Darrington moved that the Plaintiff be excluded from the hearing.... And Plaintiff was escorted out of the court room by sheriffs deputies.

253. During the course of JV-02-18-0841, (the next hearing in the case) Plaintiff was charged by Christopher Boyd with witness intimidation of the accuser in JV-02-18-0841, Lloyd Gail Elderedge, for informing the court that Lloyd Gail Elderedge is a pedophile while said

pedophile was present in the court room, and was then incarcerated for 26 hours prior to arraignment in case CR02-18-020358 (in violation of Idaho Law requiring arraignment in no more than 24 hours)... and was soon thereafter released on his own recognizance after demanding speedy trial by jury.

254.  Aaron Hooper was assigned to represent the Plaintiff in JV-02-18-0841, as the father of the accused, and also assigned as the defense attorney in CR02-18-020358.

255.  Judge John Meienhoffer, after the arraignment in CR02-18-020358, disqualified himself from that case.

256.  Christopher Boyd later dismissed all charges against Plaintiff in CR02-18-020358.

257.  Shane Darrington, in JV-02-18-0841, failed to contact any witnesses on behalf of his juvenile client.

258.  Shane Darrington, in JV-02-18-0841, failed to argue that his client had not agreed to speak with law enforcement officials after being 'Mirandized' and then declined speaking until being coerced by law enforcement officials, without the benefit of legal counsel or parental guidance / assistance.

259.  Shane Darrington, in JV-02-18-0841, failed to argue that neither of the accused juveniles parents had been 'Mirandized'.

260.  Shane Darrington, in JV-02-18-0841, failed to argue that his client had been kidnapped by John Meienhoffer who was also serving as the presiding judge.

261.  Shane Darrington, in JV-02-18-0841, failed to argue that the alleged victim in the case had been coerced into giving statements to a court assigned psychologist.

262.  Shane Darrington, in JV-02-18-0841, failed to argue any of the conflicting interests that existed between the accused juveniles mother, the pedophile Lloyd Gail Elderedge they were

living with, Karen Elderedge (all 3 of whom were professing publicly to be married together -

living a sexually deviant lifestyle - not conducive with a safe and healthy lifestyle for children),

John Meienhoffer who had personally played a key part in that arrangement, and cases Adams

County CV-2014-3311 together with Canyon County CV-2014-7409 and their fraudulent nature,

that clearly demonstrate the accused in JV-02-18-0841 had been kidnapped by the presiding

judge, John Meienhoffer.

263. There was a second defense attorney assigned in JV-02-18-0841. (this attorney took

no action in this case and was replaced)

264. Jay Kiiha, of White Peterson Law Firm, was the third defense attorney assigned in

JV-02-18-0841. However, during all court proceedings, a different attorney (name unknown)

from that firm appeared in court and at all meetings between Plaintiff and his attorney, where

JV-02-18-0841 was discussed.

265. Aaron Hooper failed to represent Plaintiff in CR02-18-020358, and failed to ensure

the accused was properly represented.

266. Aaron Hooper was made fully aware of the jurisdictional issues with John

Meienhoffer and failed to do anything about it.

267. Aaron Hooper failed to bring to the courts attention previous cases in Adams

County CV-2014-3311 and Canyon County CV-2014-7409 while both of these cases had a direct

bearing on JV-02-18-0841 and CR02-18-020358.

268. Aaron Hooper threatened the defendant in JV-02-18-0841 with the possibility of

life imprisonment if he did not plead guilty and accept the deal of the prosecutor. This was done

in the presence of several witnesses during a meeting at the law office of White Peterson.

269. John Meienhoffer, Christopher Boyd, Shane Darrington, unknown attorney with

White Peterson Law Firm, and Aaron Hooper all committed Fraud on the Court in JV-02-18-0841.

270.  John Meienhoffer presided over JV-02-18-0841 without subject matter jurisdiction.

271.  Christopher Boyd prevented the introduction of evidence and/or testimony in JV-02-18-0841.

272.  Christopher Boyd falsely arrested and incarcerated Plaintiff in CR02-18-020358 as a scheme to influence the court in JV-02-18-0841.

273.  Aaron Hooper, Shane Darrington, Jay Kiiha, and unknown attorney with White Peterson Law Firm were all ineffective counsel in JV-02-18-0841.

274.  John Meienhoffer presided over JV-02-18-0841 without jurisdiction.

275.  Christopher Boyd, Actor for the State, violated the rights of the Plaintff.

276.  Christopher Boyd conspired against the rights of the Plaintiff.

277.  Christopher Boyd has damaged the Plaintiff in both JV-02-18-0841 and CR02-18-020358. (as may later be amended upon leave from the court)

278.  Aaron Hooper conspired against the rights of the Plaintiff.

279.  Aaron Hooper has damaged Plaintiff in JV-02-18-0841 and/or CR02-18-020358. (as may later be amended upon leave from the court)

280.  Shane Darrington conspired against the rights of the Plaintiff.

281.  Shane Darrington has damaged the Plaintiff. (as may later be amended upon leave from the court)

282.  Jay Kiiha conspired against the rights of the Plaintiff.

283.  Jay Kiiha has damaged the Plaintiff. (as may later be amended upon leave from the court)

284. unknown attorney with White Peterson Law Firm conspired against the rights of the Plaintiff.

285. unknown attorney with White Peterson Law Firm has damaged the Plaintiff. (as may later be amended upon leave from the court)

286. White Peterson Law Firm is Respondeat Superior for Jay Kiiha and unknown attorney with White Peterson Law Firm. (as may later be amended upon leave from the court)

287. Adams County JV-02-18-0841 now has venue in Payette County JV-38-19-0052. No attorneys involved are reachable.  Grievances have been filed with Idaho Bar Association without any answer.  A grievance has been filed with the Idaho Judicial Council without an acceptable answer.  A request for leave to file for Habeas Corpus and Post Juvenile Conviction Relief was filed in Payette County in CV 38-21-0063 which was denied (pending appeal to Idaho Supreme Court) ... (Plaintiff filed in CV 38-21-0063 pro se, as no attorney will represent, and the court appointed attorneys are not reachable)

288. All officers of the court in JV-02-18-0841 were collectively involved in Fraud on the Court.

289. All officers of the court in JV-02-18-0841 were collectively involved in malicious prosecution

290. All officers of the court in JV-02-18-0841 were collectively involved in preventing testimony of the Father of the accused, the Plaintiff.

291. All officers of the court in JV-02-18-0841 were collectively involved in preventing the introduction of evidence.

292. Request the State be required to disclose the name of the unknown attorney with White Peterson.

293. All officers of the court in JV-02-18-0841, collectively, have damaged the Plaintiff. (as may later be amended upon leave from the court)

294. All officers of the court in JV-02-18-0841, individually, have damaged the Plaintiff. (as may later be amended upon leave from the court)

## DEFENDANTS
## ALL JUDGES COLLECTIVELY
(applicable judges of the Idaho Third Judicial District)

295. All Judges Collectively refers to all judges in the Idaho Third Judicial District, whether or not they have been specifically named in this suit or not, who had anything to do whatsoever with Adams County CV-2014-3311 and/or Canyon County CV-2014-7409 (which also refers to cases where either of these cases were referenced or attention was drawn to) lacked subject matter jurisdiction.

296. Plaintiff did not know to 'Challenge Jurisdiction' in most previous court actions. In Plaintiffs most recent round of court matters in Canyon County CV-2014-7409, Plaintiff did challenge the jurisdiction of Magistrate Judge Mathew Bever. That court essentially said that if it had to prove jurisdiction, it would throw out the case.

297. In layman's terms... Plaintiffs children were being held hostage. Any reasonable and prudent person who is a fit parent would not abandon their children to harmful and/or dangerous activity. (Thus was the case when Plaintiffs children were required to reside with a mother who lived with a convicted sex offender, and where there was 'suspected' drug and alcohol abuse... and all judges involved knew this.) Plaintiff was essentially forced to stay in Idaho... so any jurisdiction a judge may have claimed over the individuals was a forced jurisdiction. There was no justifiable jurisdiction over the individual. Canyon County Case CV-

2014-7409 was over when Plaintiff had been awarded legal custody of the children in 2014...
That case was unlawfully set aside through fraud. The case then went on to a divorce action
before that divorce action had even been filed. Plaintiff never filed for divorce, but got caught
up in a slew of legal entanglements that he had no idea how to get out of, and was abandoned to
it by attorneys... and persons involved exploited Plaintiffs lack of knowledge and lack of ability
to precisely articulate the predicament. (again refer to the States Monopoly over divorce
actions...) Plaintiffs children had been kidnapped.

298. At all times material to this action .... All persons involved (Judges Collectively,
and those conspiring with them) had 'A Plan'... 'A pre-calculated end' ... 'A strategy' ... 'A
scheme to cover-up' ... in the misprision of crimes.

299. In addition to John Meienhoffer and Gary DeMeyer (previously mentioned...) other
judges involved include, but are not limited to:

A. Dan Grober - Magistrate Judge in Owyhee County.  CV-2015-0678 was denied
without any explanation.

B. Duff McKee - District Court Judge in Canyon County.  Appeal in CV-2014-7409 was
dismissed, and this judge failed to void the order in Canyon County CV-2014-7409 that
he could have done on his own initiative... while failing to report clear violations of law
as required.

C. Davis VanderVelde - District Court Judge in Canyon County.  CV-2016-5044-C
Petition for Writ of Mandamus and Writ of Habeas Corpus - Dismissed Mandamus and
Bifurcated the Habeas Corpus and sent it to Adams County... while failing to report clear
violations of law as required.

D. Christopher Nye - District Court Judge in Adams County.  CV-2017-3664 for a
Habeas Corpus that was dismissed while failing to report clear violations of law as
required.

E. Christopher Nye - District Court Judge in Canyon County.  CV-2016-11807 was
dismissed for failing to cite cause of action while failing to report clear violations of law
as required.

F. Bradly Ford - Third District Administrative District Court Judge. CV-2017-3444-C for Vexatious Litigant - This judge, while conspiring with Gary DeMeyer, and/or Kimberly Stretch, and possibly others, did Libel the Plaintiff in a fraudulent statement of facts... while failing to report clear violations of law as required.

G. Tom Whitney - District Court Judge in Canyon County.  CV14-18-5576 was dismissed while failing to report clear violations of law as required.

H. Mathew Bever - Magistrate Judge in Canyon County.  CV-2014-7409 awarded custody of Plaintiffs 2 sons... and completely failed to allow the calling of witnesses by subpoena or allow any attack on the previous judgment in the case.

I. George Southworth - Third District Administrative District Court Judge.  Denied leave to file a civil complaint.

J. Susan Wiebe - District Court Judge in Payette County.   CV 38-21-0063 for Habeas Corpus and Post Juvenile Conviction Relief Denied... Allowed leave to file appeal to Supreme Court, but limited what could be appealed.

K. Susan Wiebe - District Court Judge in Payette County.   CV 3821-0130 for Habeas Corpus remains unanswered.

L. Others remain unnamed pending the State of Idaho disclosing names of judges involved.

300. All Judges Collectively lack Judicial Immunity for want of jurisdiction.

301. All Judges Collectively have violated the rights of the Plaintiff.

302. All Judges Collectively did act with malicious intent.

303. All Judges Collectively did intentionally inflict Emotional Distress on the Plaintiff.

304. All Judges Collectively damaged Plaintiff in excess of $75,000.00

305. Plaintiff intends to request a jury award of $60,000,000.00 for the damages done to the Plaintiff by All Judges Collectively.

306. Plaintiff further intends to request a jury award of $60,000,001.00 for punitive damages against All Judges Collectively.

While numerous federal court rulings have called acting without jurisdiction, acting in excess of jurisdiction, and/or failing to take jurisdiction when it was given to them,

TREASON... which is to also include the misprision of treason... Plaintiff asserts the activity of these judges collectively (and any conspiring together with them) is completely unfathomable and inexcusable.

Sherman Act Violations
Antitrust of Idaho Bar Association and/or Idaho Judicial Council

307. North Carolina State Board of Dental Examiners v. Federal Trade Commission, 574 U.S. 494 (2015), was a United States Supreme Court case on the scope of immunity from US antitrust law. The Supreme Court held that a state occupational licensing board that was primarily composed of persons active in the market it regulates has immunity from antitrust law only when it is actively supervised by the State.

308. The Idaho Bar Association licenses attorneys in the State of Idaho and/or The Idaho Judicial Council oversees placement of and/or discipline of Idaho Judges.

309. The Idaho Bar Association and/or The Idaho Judicial Council is primarily composed of persons active in the market it regulates.

310. The Idaho Bar Association and/or The Idaho Judicial Council is a self governed entity... NOT actively supervised by the State.

311. The Idaho Bar Association and/or The Idaho Judicial Council has failed to act on grievances filed by the Plaintiff against members of the Idaho Bar Association and/or members of the judiciary.

312. Members of the Idaho Bar Association and/or members of the judiciary have actively participated in activity that prevents a pro se litigant, the Plaintiff, from seeking and/or receiving justice in Idaho Courts.

313. The Idaho Bar Association and/or The Idaho Judicial Council is in violation of the Sherman Act.

314. The Idaho Bar Associations and/or The Idaho Judicial Councils activity was, and remains, malicious.

315. The Idaho Bar Association and/or The Idaho Judicial Council has inflicted severe emotional distress on the Plaintiff.

316. The Idaho Bar Association and/or The Idaho Judicial Council has damaged the Plaintiff in Excess of $75,000.00

317. Plaintiff seeks a jury award against the Idaho Bar Association and/or The Idaho Judicial Council for 100,000,000.00.

318. Plaintiff seeks a jury award for punitive damages against the Idaho Bar Association and/or The Idaho Judicial Council for 100,000,001.00.

…Other potential defendants…

319. Brian Wood Adams County Deputy Sheriff - for kidnapping and failing to serve court documents when required to do so.   Actor for the State who has damaged the Plaintiff. (as may later be amended upon leave from the court)

320. Adams County and/or Adams County Sheriffs Department as Respondeat Superior for Brian Wood.

321. Chris Yamamoto Canyon County Idaho Court Clerk - for being the elected official responsible for maintaining an accurate court record, but failing to do so.

322. Sherry Ward Adams County Idaho Court Clerk - for being the elected official responsible for maintaining an accurate court record, but failing to do so… and  for failing to docket court submissions when required to do so.  Actor for the State who has damaged the Plaintiff. (as may later be amended upon leave from the court)

323.  Krista Easteppe with Idaho Department of Health and Welfare - for failing to conduct investigations in accordance with State law, and then passing off a fraudulent report to the court in Adams County CV-2014-3311, which transferred to Canyon County CV-2014-7409, and conspiring together with other State and/or private actors to do so.  Private actor conspiring together with State Actor who has damaged the Plaintiff. (as may later be amended upon leave from the court)

324.  Phares Book - psychologist - Court ordered in Canyon County CV-2014-7409 - who acted with self interest, as it was not in compliance with state law.

325.  Tony Falcus - psychologist - Court ordered in Adams County JV-02-18-0841- who acted with self interest, as it was not in compliance with state law.

326.  Attorney Bruce Birch, and another unknown named attorney from his law firm. Mr. Birch had been retained, agreed to take up Plaintiffs Case in Canyon County CV-2014-7409, was clearly informed of all the frauds and lacks of jurisdiction... then refused the case after taking money for services and having a signed retainer agreement.

327.  ... and others that may later be identified.

DEFENDANT
Agent Ryan O'Neil - FBI
and Unknown Agent(s) of the FBI

328.  Ryan O'Neil is an agent of the FBI.  Nearly 2 years ago Plaintiff met with agent O'neil at his office in Boise Idaho and reported numerous violations of federal law and civil rights violations, committed by Actors for the State of Idaho and others conspiring with those actors for the state, that had affected and damaged the Plaintiff.  Agent O'Neil stated the

information had to be passed on to his supervisor who would determine if there would be an investigation.

329.  Plaintiff later met with the US Attorney in Boise Idaho and was informed that before any federal action could be taken for civil rights violations or violations of federal law, that a report would have to be sent to them by the FBI.

330.  After over a year, Plaintiff again contacted agent O'Neil (by phone) to find there had been no investigation yet... Agent O'Neil advised Plaintiff to communicate by e-mail and send further information.

331.  Plaintiff has sent to agent O'Neil several statements and copies of documents to support his claim of civil rights violations and violations of federal law that have done harm to the Plaintiff.  Agent O'Neil responded by e-mail, again stating it was passed on to his supervisor. As of today, there has been no investigation or response from any supervisor of Agent O'Neil.

332.  Plaintiff has reported violations of his civil rights to the FBI... Plaintiff has reported violations of federal laws to the FBI including activities of kidnapping, fraud, extortion, racketeering, misprision, among other things.

333.  Plaintiff has reported to the FBI that no agency in the State of Idaho is willing to investigate any grievance by Plaintiff.

334.  Ryan O'Neils supervisor is an unknown agent of the FBI.

335.  Ryan O'Neil and/or his supervisor, with negligence, have failed in the duty of care required in the investigation of violations of federal law and/or violations of the Plaintiffs Civil Rights, which resulted in the furtherance of civil rights violations and violations of federal law.

336.  Ryan O'Neil and/or his supervisor have done damages to the Plaintiff in excess of $75,000.00.

337. Plaintiff attaches a monetary amount of damages to the complaint as the rules of procedure require this... However, if it is within the rights of the Plaintiff to request a court order requiring a legitimate and meaningful investigation, within a legitimate and reasonable time frame, Plaintiff then makes that request.

## PRIMA FACIE EVIDENCE

338. Prima Facie Evidence is submitted with this filing to give an initial view at the legitimacy of the claims by the Plaintiff. Items of Prima Facie Evidence are hereinafter identified as exhibits and briefly explained.

339. * Exhibit A - Canyon County CV-2014-7409 Complaint for Custody, Visitation, and Support filed July 15, 2014. (Reference item 3 in this document that shows Plaintiff was not seeking divorce.)

340. * Exhibit AA - Canyon County CV-2014-7409 Order for Entry of Default filed September 11, 2014.

341. * Exhibit AAA - Decree of Legal Separation and Custody of Minor Children filed September 11, 2014. (Reference item 1 in this document showing Plaintiff obtained a legal separation but remained married... And item 3 showing Plaintiff was awarded sole legal custody of his minor children and the reasons for this award.)

342. * Exhibit B - Adams County CV-2014-3311 Protection Order - filed while Plaintiffs Order for Custody (see Exhibit AAA) was not enforced. This Protection Order document shows effectiveness from Nov. 6, 2014 until June 14, 2016... and the printed year of 2016 is in error, as the order was to terminate June 14, 2015. (Should any party dispute the ending date of this order, Plaintiff intends to submit an audio recording of this hearing where the

order was given, and then argue this to be a fraud on the court, as it misrepresents a material

fact.)  As the Protection Order that was given did not apply to the parties minor children, the

order is in stark contradiction to the existing order shown in exhibit A.

343.  * Exhibit BB - Plaintiffs transcript of the decision from Adams County CV-2014-

3311 (shown in Exhibit B) which is sworn by affidavit to be an accurate transcription in a recent

request for leave to file Habeas Corpus in Payette County ID.

- Shows Plaintiff had no knowledge of the whereabouts of his wife and children when the

CPO was filed.

- Shows the court was in error with its description of Plaintiff being "somewhat heavy

handed" (and I demand proof that any of Plaintiffs witnesses ever testified to such a thing

as the court stated they had).

- Shows the court specifically stated this was to have been litigated in Caldwell in a

divorce action (NOTE*** No Divorce had been filed.  A Legal Separation and Child

Custody was already ordered (see exhibit AAA))

- Shows the "Elderedges" were to have NO CONTACT with the Plaintiffs children.

- Shows Plaintiffs anger was legitimate.

- Shows the Courts Order was to be effective until 2015.

- Shows the Courts Order did not extend to the children.

- Shows the Courts Order was in Opposition to an Existing order.

344.  * Exhibit BBB - Affidavit of Nicholas Scoyni - Demonstrates attorney Steven

Fisher did not act in the best interest of his client and was in violation of the Idaho Rules of

Professional Conduct for proceeding in a case where he and the client (the Plaintiff) did not

mutually agree, among other things.

345. * Exhibit C - Canyon County CV-2014-11708 - Transcript from Nov. 14, 2014 - Shows the presiding judge (Gary DeMeyer) had knowledge of a divorce action that had not even been filed... and also shows a violation of Idaho Constitution Article V Section 26 (which is in addition to due process and equal protection violations) ... (see transcript page 4, lines 2-14) The Court would not allow any argument pertaining to custody, yet the court in Adams County had, which shows the two courts and their rules were not general and uniform... Neither the Court in Adams County or Canyon County upheld the existing judgment and decree in CV-2014-7409 (See exhibit AAA)

346. * Exhibit D - Canyon County CV-2014-7409 filed November 25, 2014 was a counter claim for divorce by the opposing party. (Plaintiffs action had been for Legal Separation and Custody only)

347. * Exhibit E - Canyon County CV-2014-7409 Motion Hearing on April 16, 2015 - Transcript

- Shows a clear Fraud on the Court (transcript page 2, lines 23-25)  Ms. Grants claim that proposed temporary orders were consistent with previous orders, and Mr. Fishers failure to object. (Compare Orders from Adams County CV-2014-3311 with Temporary Orders in Canyon County CV-2014-7409)

- Shows the Court threatened the Plaintiff with Arrest without cause.  (transcript page 4, lines 14-23)

- Shows Mr. Fisher was not to withdraw from the case until temporary orders were issued and cases were consolidated.  (transcript page 5, lines 16-18)

- Shows Plaintiff was not allowed a fair and meaningful opportunity to be heard - (Shown throughout this hearing transcript, and further shows the court ignored Plaintiffs protest

shown at transcript page 7, lines 13-23 - while Mr. Fishers representation (grossly negligent) was not meaningful and ineffective.

348.  * Exhibit EE - Canyon County CV-2014-7409 Temporary Orders for Custody and Visitation.  Compare to exhibit D orders item 4, section f. "The minor children shall not have any contact with Lloyd and Karen Eldredge." ... The new orders that completely omit that No Contact requirement.  This clearly shows an inconsistency... and a Fraud on the Court.

349.  * Exhibit EEE - Motion to Amend Temporary Orders for Custody and Visitation in Canyon County CV-2014-7409 filed May 28, 2015.  (filed by Plaintiff before the Orders in Adams County CV-2014-3311 were set to expire)  See Item 2, and the request that the children be protected from Lloyd and Karen Elderedge.  This was ignored by the court (presided over by Gary DeMeyer) and dismissed without a fair and meaningful opportunity to be heard  This motion was also objected to by the opposing party (represented by Mary Grant) ... Clearly showing Gary DeMeyers participation (the presiding judge) in a Fraud on the Court as mentioned in Exhibits E and EE.

350.  * Exhibit F - Canyon County CV-2014-7409 - a partial transcript of the trial which is sworn by affidavit to be an accurate transcription in a recent request for leave to file Habeas Corpus in Payette County ID.

351.  Shows Ms. Stretch (representing opposing party) objected to Plaintiff calling witnesses that were involved in Adams County Case CV-2014-3311, and that the CPO case was consolidated with Canyon County CV-2014-7409.

- Shows property distribution was agreed to between the parties and agreed to by the court, but ultimately was ordered differently without hearing and without cause. Plaintiff also clearly assigned a value to a 'box of memorabilia' at $5,000.00, (value was not

disputed) that was ordered to be divided... but that the court allowed the opposing party

to keep in violation of the distribution agreement and order of the court.

- Shows the Court was clearly asked to 'Revisit' Adams County CV-2014-3311 after the

parties disputed what testimony had or had not been previously allowed. The court failed

to address that request. The Court clearly refused to allow anything from the CPO from

Adams County to be introduced - even though the cases had been consolidated.

Shows the Court clearly refused to consider any element of the CPO from Adams County
that had been consolidated with that courts current trial.

- Shows the testimony of Tara Arp clearly stated she was NOT going to be given or have

custody of Plaintiffs daughter Renee.

- Shows the testimony of Tara Arp clearly stated she clearly witnessed opposing party

admit to having threatened to kill the parties children... (which the opposing party never

denied)

- Shows witness Tiffany Warren was not allowed to testify.

- Any fair trial must allow for the fair and meaningful opportunity to be heard, must

allow for the calling of witnesses, and must allow for the presentation of evidence... This

was all denied.

352. * Exhibit FF - Canyon County CV-2014-7409 - Transcript of Decision From

Transcript page 3, lines 21-22 (relating to testimony of Tara Arp) it states "In fact, the plaintiff

asked her to be guardian of Renee", and this is a FALSE statement of fact.

- From Transcript page 8, lines 2-4. Shows either the Court or Dr. Phares Book

completely ignored the issue of Lloyd and Karen Elderedge and their interactions with

the Plaintiffs Children. (*Note... Dr. Phares Book conducted his investigation ordered in

Canyon County CV-2014-7409 while the Order from Adams County CV-2014-3311 was

still in effect... And the Order in Adams County CV-2014-3311 clearly showed there was to be NO CONTACT between the Plaintiffs children and the Elderedges.)

- From Transcript page 9, lines 9-10, the court assigned guilt to an issue that was never tried by jury... and legal counsel was never appointed... and evidence or witnesses were not allowed to be introduced ... and was in contradiction to the witnesses and evidence produced in Adams County CV-2014-3311.

- From Transcript page 9, lines 11-13. The distribution of property ordered here is not consistent to the courts order during the actual trial.

- From Transcript page 10, line 2-5 - shows the court didn't require any visitation.

- From Transcript page 10, lines 12-21 - shows the opposing partys attorney, Kimberly Stretch, was given the sole responsibility of writing the order and submitting it directly to the court without any approval or review by the Plaintiff.

- This transcript, in its entirety, is completely in contradiction to testimony and evidence given in Adams County CV-2014-3311.

353.  * Exhibit FFF - Canyon County CV-2014-7409 Judgment and Decree of Divorce filed September 9, 2015.

- Item 4.  Physical Custody.  states "Ronald may have unlimited phone contact by texting, calling, or Skyping with the children, as the children choose, ..." which is in excess of the courts verbal order.

- The written order also omits the requirement from Exhibit FF (transcript page 10 lines 3-4) that prohibits the opposing party from discouraging visits.

- Exhibit FFF, taken together with Exhibit FF demonstrates Fraud on the Court.

- Exhibit FFF, taken together with Exhibit FF demonstrates an order that is tantamount to

a full termination of the Parental Rights of the Plaintiff.

- Exhibit FFF, taken together with Exhibit FF demonstrates a decision in excess of the

jurisdiction of the court in Canyon County CV-2014-7409.

- I demand proof of any evidence that would substantiate and/or show cause for the

Plaintiffs termination of his parental rights.

- I demand proof of any evidence ... Anything... that shows Plaintiff did anything

beyond what a reasonable and prudent person similarly situated would have done.

354.  * Exhibit G - demonstrates Plaintiff retained attorney Virginia Bond on 9-12-2015

and paid her retainer fee.

355.  * Exhibit GG - Canyon County CV-2014-7409 Objection to motion to withdraw

attorney of record

356.  * Exhibit GGG - Canyon County CV-2014-7409 Affidavit for Objection to motion

to withdraw attorney of record.  Neither Virginia Bond (Attorney for Plaintiff) or Kimberly

Stretch (Attorney for opposing party) in any way objected to or argued against anything in the

affidavit submitted to the court by Plaintiff.  This affidavit clearly shows Virginia Bond knew the

existing order in CV-2014-7409 was 'unjustified'

357.  * Exhibit H - Canyon County CV-2014-7409 Motion Hearing on April 21, 2016 on

Plaintiffs Motion to Disqualify Gary DeMeyer.  The Court allowed Plaintiff to speak first, then

counsel for opposing party, Kimberly Stretch.  After Ms. Stretch had 'Misrepresented' issues,

Plaintiff was not allowed to speak any further.  See transcript page 17, lines 1-11.

- Ms. Stretch made numerous 'Misrepresentations' of material facts.  Transcript page 12,

lines 19-25 to page 13, lines 1-6.

- See Transcript page 13, lines 7-18 ... there is no rule in IRFLP or IRCP that allows an

attorney to change the oral order of the court in the written order, which was the main

issue here... and Ms. Stretch danced around that issue while the court (Gary DeMeyer

presiding) allowed it.

- See transcript page 14, line 7-13.  This is absolutely false.  The court had not overruled

the objections of Stretch.

- See transcript page 14, line 14-19.  This is absolutely false.  Stretch objected to Plaintiff

calling the witness (Tiffany Warren) and the court had sustained that objection.

Furthermore, the court specifically stated it would not consider anything from the CPO

case from Adams County CV-2014-3311.

- See Transcript page 15, lines 14-24 - Stretch has directly attacked Plaintiff (a full

review of all audios pertaining to Canyon County CV-2014-7409 will show this is a

Fraud on the Court.  This was a False Statement by Stretch, clearly in an to attempt to

vilify the Plaintiff and a scheme to distract and sway the court.

- See Transcript page 15, lines 24-25.  Stretch has again committed a fraud on the court

by misrepresenting a material fact.  The written order leaves no right of plaintiff for any

communication whatsoever.

- Clearly the presiding Judge, as demonstrated by this Transcript overall, failed to allow

Plaintiff a fair and meaningful opportunity to be heard.

358.  * Exhibit HH - Affidavit of Tiffany Warren - Demonstrates Ms. Stretch

misrepresented a material fact (See Exhibit H transcript page 14, line 14-19)

359.  * Exhibit I - Copy of Affidavit prepared for Adams County JV-02-18-0841.

Plaintiff attempted to have this docketed, but Adams County Court Clerk refused to docket it,

and attorney Aaron Hooper also refused to docket it... but rather said it had to be given to the

judge (John Meienhoffer) during the hearing. None of the records in Adams County JV-02-18-0841 are available to the Plaintiff as it is a sealed case, and all attorneys involved absolutely refuse to cooperate in any way. The Audio Record of this hearing, if it is ever made available, will clearly show that the Presiding Judge admitted that Adams County failed to send all records from Adams County CV-2014-3311 to Canyon County CV-2014-7409 when the cases were consolidated. Numerous records still remain 'Missing'. The court failed to act or comment on any other issues sworn in this affidavit.

360.  * Exhibit J - Letter from Christopher Boyd dated February 15, 2018 stating all records had been provided... which was contradicted by John Meienhoffer (See Plaintiffs Statement for Exhibit I) Mr. Boyd also denies any audio recording exists from the Court at the Initial hearing for CPO in Adams County CV-2014-3311, which is a false statement. Mr. Boyd also calls this a 'Public Records Request' when it had been an attempt by Plaintiff to bring a civil action against Adams County for an Order for them to provide these records, but that the Adams County Clerk had refused to docket.

361.  * Exhibit K - Canyon County CV14-18-5576 Order denying motion for leave to file new litigation, case presided over by District Court Judge Whitney. This order completely skips over (doesn't mention at all) the lacks of jurisdiction and the numerous frauds on the courts committed. This had been my first attempt at 'Requesting Leave', and without any legal counsel available, I proceeded and informed the court of many lawless activities, that appear to have been ignored. The Court in this case had not given a fair and meaningful opportunity to be heard. Since then, numerous attorneys have used this case (and another case dismissed by Judge Nye) to claim Res Judicata and Collateral Estoppel ... apparently claiming complete amnesty for their wrong doings. It further appears to Plaintiff that the rights of a pro se litigant are

completely ignored. On page 6 of this Exhibit, the court stated "The written record and the hearings held in this case make clear that Mr. Van Hook's dissatisfaction with the custody ruling in his divorce case is real and that his anguish is genuine." That court in CV14-18-5576 never addressed any issue that pertained to the lawfulness of the orders given in Canyon County CV-2014-7409 or the frauds on the court that allowed that lawless order to be made.

362.  * Exhibit L is a Request for Leave to file, submitted to the Administrative District Court Judge - but was not docketed  I had tried to keep it as brief as possible, and asked for a hearing. A hearing was denied and leave was denied. Plaintiff was not allowed the opportunity to submit any evidence or call any witnesses. Overall, this is a demonstration of not having a fair and meaningful opportunity to be heard.

363.  * Exhibit LL - Letter from ADJ denying leave to file, and stating claims against judges or attorneys must be filed with "Appropriate Governing Boards" which plaintiff assumes to be the Bar Association and the Judicial Council

364.  * Exhibit M - Letter from Idaho Judicial Council - David Cantrill - Dated September 4, 2020. This letter specifically denies Plaintiff the opportunity to bring any grievance against any judge. Plaintiff can prove without any doubt, numerous instances of Judicial Misconduct, yet no court and no 'Agency' will allow any arguments to be made or any evidence to be presented.

365.  * Exhibit MM - Letter from Idaho Bar Association regarding complaint against Diane Minnich. (copy submitted in request for leave to file Habeas Corpus - See Exhibit R) Plaintiff filed numerous grievances against multiple attorneys, hand written on the Bar Associations grievance forms, which have gone unanswered by the Idaho Bar Association.

366.  * Exhibit MMM - Transcript from phone conversation with Diane Minnich. (copy

submitted in request for leave to file Habeas Corpus - See Exhibit R)  Ms. Minnich clearly

refused to allow the equal protection of a service that is offered to any other citizen in the State

of Idaho.  Ms. Minnich also clearly refused this service based on Plaintiffs demand that Idaho

Rules of Professional Conduct be abided by and that a grievance would be filed for any

violations.

367.  * Exhibit MMMM are internet screen shots from the web site for ALPS.  ALPS

claims to be "The Nations Largest Direct Writer of Lawyers' Malpractice Insurance".  Diane

Minnich is also shown to be on the ALPS Board of Directors.  While Ms. Diane Minnich is also

the 'Executive Director of the Idaho State Bar', Plaintiff asserts that to be a very real conflicting

interest.

368.  * Exhibit N - Canyon County CV-2017-3444-C - 'Prefiling Order Declaring

Vexatious Litigant Pursuant to Idaho Court Administrative Rule 59 - Filed September 20, 2017

(copy of Vexatious Litigant finding of facts and order were submitted in request for leave to file

Habeas Corpus - See Exhibit R)

- This referral for vexatious litigant was initiated in Canyon County CV-2014-7409 by

the Presiding Judge Gary Demeyer and attorney Kimberly Stretch (both of whom are

accused by Plaintiff for being active participants in Fraud on the Court, Conspiring

together, acting without jurisdiction or in excess of jurisdiction, etc.)

- This 'Findings of Fact' in the 'Prefiling Order Declaring Vexatious Litigant Pursuant to

Idaho Court Administrative Rule 59' is inaccurate as it contains numerous omissions,

exaggerations and otherwise false statements.  This constitutes Libel as it is published

and is easily available on the internet.

- When the details of this Exhibit are compared to the facts listed by Plaintiff in this civil

complaint, the facts should be seen as clearly in dispute. The Idaho Constitution requires these 'facts' be tried by a jury, and that right continues to be denied by the State of Idaho.

369.  * Exhibit O -  Search Warrant for Gabriel Van Hook.  This case became Adams County Juvenile Case JV-02-18-0841... and this is the only record I have (given to me by Gabriel) that pertains to this case.  This is a sealed case that now has venue in Payette County JV-38-19-0052.

370.  * Exhibit P - Adams County CR02-18-020358 Criminal Complaint (occurred in a hearing during Adams County Juvenile Case JV-02-18-0841)

- Plaintiff was charged with Witness Intimidation, a Felony (which has now been dismissed).  Plaintiff will again make it clear for this record that

LLOYD GAIL ELDEREDGE IS A PEDOPHILE.

I have just said this openly again and must be charged now and be given the right to a Trial By Jury.  Plaintiff Demands Trial By Jury.

- The charge of Criminal Contempt?  Plaintiff was not in Contempt of the Court.

- The Charge of Disturbing the Peace?  Plaintiff was not Disturbing the peace.

- Plaintiff asserts without any reservation that this was an unconscionable scheme on the part of all officers of the court in Adams County Juvenile Case JV-02-18-0841 to influence the decision of the court in that juvenile case by silencing any opposition to the scheme being perpetrated.

371.  * Exhibit PP - Adams County CR02-18-020358 Order to Release

372.  * Exhibit PPP - Adams County CR02-18-020358 Order of Dismissal

Plaintiff had been assigned defense attorney Aaron Hooper to represent him in both Adams County Juvenile Case JV-02-18-0841 and Adams County CR02-18-020358.  Plaintiff asserts

Aaron Hooper conspired together with officers of the court in both cases against the rights of the Plaintiff... and against the rights of the Plaintiffs Son Gabriel.

373. * Exhibit Q - Payette County CV-38-21-0063 request for leave to file Habeas Corpus and Juvenile Post Conviction Relief

374. * Exhibit QQ - Payette County CV-38-21-0063 Supporting Affidavit

375. * Exhibit QQQ - Payette County CV-38-21-0063 Order Dismissing request - Plaintiff filed a Notice of Appeal to the Idaho Supreme Court. The Idaho Supreme Court ordered the appeal conditionally dismissed as Plaintiff had not asked for leave to appeal. The District court ordered that Plaintiff did not need leave to appeal, but then later changed its position... The District Court then wrote an order that limited what could be appealed and for what reasons Plaintiff could appeal. (This puts the entire case in the hands of one individual... District Court Judge Susan Weibe who essentially decides what can and can't be appealed... while Plaintiff is under the threat of arrest and incarceration should he ever challenge this ruling to the Idaho Supreme Court ... as it would violate the order of the district court and thereby violate the prefiling order Plaintiff is subject to)

376. * Exhibit R - Payette County CV-3821-0131 request for leave to file Habeas Corpus PF evidence was submitted here... but to repeat would be redundant

377. * Exhibit RR - Payette County CV-3821-0131 supporting affidavit

378. * Exhibit RRR - Payette County CV-3821-0131 Notice of Hearing

379. * Exhibit RRRR - Payette County CV-3821-0131 Hearing Denied

380. * Exhibit S - Email to Agent O'neil at the FBI and his response.

381. * Exhibit SS - Another Email response from Agent O'neil at the FBI and further

correspondence that remains completely unaddressed

382. * Exhibit SSS are internet screen shots from the FBIs web site. This shows the FBI has authority and a duty to investigate 'Color of Law' violations, and that these are "Priority Issues". "False Arrest" are other matters investigated by the FBI.

- Methods of contacting the FBI are shown on this site as well, directing a person with a complaint to call by telephone, submit complaint in writing, or in person. Plaintiff states all 3 methods detailed have been attempted.

- The FBI can also intervene in 'Civil Applications' under Title 42, USC, section 14141 when State or Local Law Enforcement engages in practices that deprive a person of civil rights... such as a 'Citizen Complaint Processes that treat complainants as adversaries'. Plaintiff states that the Idaho Attorney Generals office has treated Plaintiff as an adversary; Refusing to investigate any grievances of the Plaintiff. Furthermore, Plaintiff has, over the past several years, unsuccessfully attempted to file complaints with Canyon, Adams, Washington and Payette Counties. (All of these counties were places either the Plaintiff lived, the opposing party in Canyon County CV-2014-7409 lived, or where there were court orders that were to be enforced in that county.) It is plainly obvious to Plaintiff that no one in the State of Idaho wishes to be in any way involved with grievances directed at a member of the judiciary, a member of the Idaho Bar, an elected official, or a law enforcement officer.

383. Further evidence may be presented by Plaintiff as needed. Possibly further prima facie evidence as Defendants argue against this suit... and definitely more evidence (and witnesses) presented as this case progresses to Jury Trial.

## DEMAND FOR JURY TRIAL

384.  Plaintiff demands the persons and/or entities listed and the issues complained of be tried by Jury.

Respectfully Submitted,

Ronald Van Hook
Plaintiff