THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK,<br><br>    Plaintiff,<br>  v.<br><br>STATE OF IDAHO, *et al.*,<br><br>    Defendants. | CASE NO. C21-0199-BLW<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to disqualify the Honorable B. Lynn Winmill, U.S. District Judge (Dkt. No. 63), and Plaintiff's motion seeking to add additional defendants (Dkt. No. 80). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained below.

I.   BACKGROUND

These claims purportedly arise from a child custody dispute that was litigated in Idaho state courts. (*See generally* Dkt. No. 1.) In May 2021, Plaintiff filed this case suing the State of Idaho and numerous other Defendants—many or all of them attorneys or county personnel involved in the child custody proceedings—on civil rights claims, and alleged violations of the Sherman Act and a section of the federal criminal code. (*See* Dkt. No. 1 at 1.) After filing this case, Plaintiff unsuccessfully asked the Court to appoint a lawyer to represent him, to let him add

more than a dozen more defendants (many of them state government lawyers), and to excuse him from personally serving many of the named defendants. (Dkt. Nos. 2–5, 9.)

In July, August, and September 2021, defendants separately brought five motions to dismiss. (Dkt. Nos. 26, 29, 41, 50, 59). Plaintiff opposed each motion, (Dkt. Nos. 33, 56, 57, 61, 62), and, after filing his last opposition brief, also moved to disqualify Judge Winmill from hearing this case. (Dkt. No. 63.)

Other defendants subsequently filed another three motions to dismiss. (Dkt. Nos. 73, 75, 78.) All eight motions to dismiss are still pending. Shortly after the eighth one was filed, Plaintiff again sought leave to add additional defendants, including Judge Winmill. (Dkt. No. 80.) The Court then referred Plaintiff's motions to disqualify Judge Winmill and for leave to add additional defendants to the undersigned. (Dkt. No. 89.)

## II.     DISCUSSION

### A.     Motion to Disqualify

A judge must disqualify herself or himself "in any proceeding in which his impartiality might reasonably be questioned" or where any conflict of interest enumerated by statute exists. *See* 28 U.S.C. § 455(a)–(b). This statute is self-executing, but a party can raise it via motion. *Idaho v. Freeman*, 507 F. Supp. 706, 722 (D. Idaho 1981). In deciding the issue, the Court must "take into consideration all the circumstances both those in public and hidden view and determine if a reasonable, uninvolved observer would determine that the judge's partiality might be questioned." *Id.* at 723; *see also* 18 U.S.C. § 144 (setting forth procedures for when a party files an affidavit that a judge "has a personal bias or prejudice either against him or in favor of any adverse party").

Plaintiff's motion to disqualify fails for two reasons. First, it is based on conjecture and assertions with no evidentiary support. Section 144 requires a "timely and sufficient affidavit" asserting prejudice or bias, and Plaintiff offers none. Second, even if he did, nothing he alleges—that Judge Winmill is familiar with this case and in prior litigation purportedly denied Plaintiff "a

fair and meaningful opportunity to be heard," (Dkt. Nos. 63 at 1, 81 at 2)—would give a reasonable person any basis to doubt Judge Winmill's impartiality. Prejudice must come from an extrajudicial source; a judge's prior rulings alone "almost never constitute a valid basis for a bias or partiality motion." *See Murray v. IRS*, 923 F. Supp. 1289, 1293–94 (D. Idaho 1996) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). This is so "even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984).

Plaintiff's motion to disqualify Judge Winmill is DENIED.

### B.     Motion to Add Additional Defendants.

Plaintiff seeks leave to add as Defendants Judge Winmill, the members of the Idaho Supreme Court, and various county and law enforcement officials. (Dkt. No. 80 at 1–2.) Because too much time has passed and because he has already amended his complaint (*see* Dkt. Nos. 16, 32), Plaintiff cannot further amend his pleadings without the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

Although the Court freely grants leave to amend when justice so requires, *id.*, justice does not so require here. As Defendants Hooper and Bond note in opposing Plaintiff's request to amend, (Dkt. No. 91 at 3–6), Plaintiff's claims in this case seem to largely parallel those that the Court rejected in *Van Hook v. Idaho, et al.*, C19-0170-BLW, Dkt. No. 26 (D. Idaho 2019). Plaintiff fails to identify anything about his proposed amendment that suggests justice would require granting leave. His request is also procedurally deficient. *See* D. Idaho Local Civ. R. 15.1 (a copy of the proposed amendment showing how the proposed amended pleading differs from the current version must accompany a motion to amend).

Plaintiff's motion to amend is therefore DENIED.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify Judge Winmill (Dkt. No. 63) is DENIED, and his motion for leave to add additional defendants (Dkt. No. 80) is DENIED.

DATED this 2nd day of December 2021.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0199-BLW
PAGE - 4