UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, JOHN MEIENHOFFER, ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY, AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI, JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, DAVID W. CANTRILL, AARON HOOPER, and JOHN DOES 1-100,<br><br>                    Defendants. | Case No. 1:21-cv-00199-BLW<br><br>**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI** |

Plaintiff Ronald Van Hook is proceeding pro se on his Complaint, Amended Complaint, and supplemental allegations. Dkts. 1, 16, 32. Pending before the Court are various motions filed by the parties. This Order address three sets of Defendants whom Plaintiff has not sued in the past: David W. Cantrill; ALPS-Property and Casualty Insurance Company; and Agent Ryan O'Neal and Unknown Agents of the FBI

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 1**

A separate Order addresses those Defendants whom Plaintiff has sued before, as well as claims against new Defendants whose claims are similar to those asserted against the Defendants who have been sued before.

## STANDARD OF LAW FOR MOTIONS TO DISMISS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 2**

In deciding a motion to dismiss for failure to state a claim, the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and any document referred to in (even if not appended to) the complaint, where the authenticity of such a document is not in question. *Id*. at 622–23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). In this matter, the Court takes judicial notice of all of its own records and the public records cited in this Order.

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Mollett v. Netflix, Inc*., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences*." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). A motion to dismiss is properly granted in a

pro se proceeding where the defendants convincingly argue that, under a liberal

construction of the pleadings, there is a lack of any cognizable legal theory or a failure to

plead sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[1]

In exercising its discretion to summarily dismiss claims on its own motion or by

motion of the defendants, the Court takes into consideration that, in any case, and more

so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their

pleadings to remedy any deficiencies that were identified during screening or after a

motion to dismiss has been adjudicated. *See Lipton v. Pathogenesis Corp.*, 284 F.3d

1027, 1039 (9th Cir. 2002) ("It is not unreasonable that plaintiffs may seek amendment

after an adverse ruling, and in the normal course district courts should freely grant leave

to amend when a viable case may be presented."). The issue is not whether plaintiff will

prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l*

*Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)

(citations omitted).

---

[1] *Balistreri* was overruled on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), to the extent that *Balistreri* followed the rule that, "[a] complaint should not be dismissed under Rule 12(b) (6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 901 F.2d at 699 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 4**

Before a court can dismiss the complaint of a pro se litigant, it must provide the litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A court may, however, dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## CONSIDERATION OF MOTION TO DISMISS
## FILED BY DEFENDANT CANTRILL (Dkt. 59)

### 1. Brief Historical Allegations underlying Plaintiff's Complaints to the Idaho Judicial Council (a non-comprehensive summary)

On September 11, 2014, Canyon County, Idaho Magistrate Judge James A. (J.R.) Schiller granted a decree of legal separation and granted Plaintiff sole custody of his three minor children in Case No. CV-2014-7409 (Case 7409), after service by publication and entry of default against Plaintiff's wife, Dawn Cannon Van Hook (Cannon). Exhibit AAA to original Complaint, Dkt. 1-5, p. 29–35.

In about October 2014, Cannon, through counsel, filed for a Civil Protective Order in Adams County. The Canyon County case and Adams County cases were then consolidated in Adams County. Plaintiff filed a non-objection to consolidation. Adams County Magistrate Judge Meienhofer presided over the case. *See* Dkt. 26, p. 3 in Case 170.

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 5**

On November 6, 2014, after two hearings in which both parties appeared with counsel, Judge Meienhofer issued a protective order granting Cannon temporary primary physical custody and Plaintiff and Cannon joint legal custody in Adams County Case No. CV-2014-3311 (Case 3311). The order was in effect until June 14, 2016. See Exhibit B, Dkt 1-5, pp. 38-41.

On November 25, 2014, Cannon filed an answer and counterclaim in Case 7409. Exhibit D to Complaint, Dkt. 1-5, pp.49-56. On April 16, 2015, after a motion for change of venue was granted in Adams County, Canyon County Magistrate Judge Gary D. DeMeyer granted Cannon's motion to consolidate and issued temporary orders granting Cannon primary custody and Plaintiff three weekends each month, to govern the case until trial. Exhibit E and EE to Complaint, Dkt. 1-5, pp. 61-72.

The cases were eventually consolidated in Canyon County Case 7409. After a bench trial, Judge DeMeyer entered a divorce decree and awarded Cannon sole custody of the children, with two weekends-per-month visitation for Plaintiff. *See* Exhibit FFF, Dkt. 1-6, pp. 19–24.

Plaintiff sought reconsideration of the "case in its entirety" and requested that Judge DeMeyer recuse himself. Exhibit H, Dkt. 1-6, p. 46. The Court found that the motion for reconsideration was frivolous and denied the recusal motion. *Id.*, p. 49.

Plaintiff filed numerous lawsuits in state court stemming from alleged wrongful state-actor and private-actor actions related to the foregoing cases, including breach of

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 6**

contract, gross negligence, failure to comply with the Idaho Rules of Professional

Conduct, defamation, conspiracy to violate his civil rights, and more.

Thereafter, the following occurred, as described by a state court judge's order:

> On 20 September 2017 in Canyon County Case No.
> CV 2017-3444 [Case 3444] the District Court entered a
> "Prefiling Order Declaring Vexatious Litigant Pursuant to
> Idaho Court Administrative Rule 59" in which Mr. Van Hook
> was adjudicated to be a vexatious litigant. That order
> summarizes a great deal of litigation initiated by Mr. Van
> Hook. Generally speaking, Mr. Van Hook was (and, as will
> be discussed below, remains) dissatisfied with the Magistrate
> Court's ruling regarding child custody in Mr. Van Hook's
> divorce litigation, Canyon County Case No. CV 2014-7409.
> Having been adjudicated to be a vexatious litigant, Mr. Van
> Hook was "ordered not to file any new litigation in this state
> pro se without first obtaining leave of court where the
> litigation is proposed to be filed."

Exhibit K, Dkt. 1-7, p. 10. That judge denied Plaintiff's request to file a lawsuit against

the State of Idaho, "The Idaho Bar Association," and John Does 1–100. *Id.*

In or about April 2018, one of Plaintiff's sons was charged with a crime in

juvenile court. Plaintiff attempted to file a petition for writ of habeas corpus in that

action, but a judge determined that the vexatious litigant order prohibited the filing.

Exhibits Q, QQ, QQQ, Dkt. 1-8, pp. 1–45.

On July 24, 2018, Adams County Prosecuting Attorney Christopher Boyd filed a

criminal complaint against Plaintiff, containing charges of (1) witness intimidation

regarding a witness who was to testify at the juvenile evidentiary hearing, (2) criminal

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-
PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND
UNKNOWN AGENTS OF THE FBI - 7**

contempt, and (3) disturbing the peace, in Case No. CR02-18-020358. Exhibit P, Dkt. 1-8, pp. 1–5. Plaintiff was imprisoned for 72 hours. He was represented by attorney Aaron Hooper. The charges were dismissed on Plaintiff's motion. Exhibit PP and PPP, pp. 6–8.

Plaintiff asserted and continues to asserts that the vexatious litigant order in Case 3444 "was designed specifically to prevent Van Hook from raising issues that could be harmful to members of the Idaho Bar and members of the judiciary." Dkt. 1-8, p. 24. He asserted and still asserts that Diane Minnick (which he spells "Minnich"), the Idaho State Bar executive director who is in charge of the Bar's lawyer referral service, refused to allow him to use the service to find another attorney. According to Plaintiff, Minnick did so because she is on the Board of Directors for ALPS Property and Casualty Insurance Company, which advertises itself as being the nation's largest underwriter for legal malpractice insurance. *Id.* p. 22. During their conversation on October 19, 2017, Minnick declined to permit Plaintiff to use the Lawyer Referral Service after he told her: "Let's just be point blank. I have called the Idaho State Bar requesting a referral. If it takes a thirty five dollar fee I will pay the thirty five dollar fee. If that lawyer screws up I will be dropping dimes. That's all there is to it." Exhibit MMM to Complaint, Dkt. 1-7, p. 28.

2.  **Factual and Procedural Allegations regarding Executive Director of the Idaho Judicial Council David Cantrill**

Defendant David Cantrill is the Executive Director of the State of Idaho Judicial Council. That state entity or agency was created by the Idaho legislature under Idaho Code § 1-2101, which provides:

> (1) There is hereby created a judicial council which shall consist of seven (7) permanent members, and one (1) adjunct member. Three (3) permanent attorney members, one (1) of whom shall be a district judge, shall be appointed by the board of commissioners of the Idaho state bar with the consent of the senate. Three (3) permanent non-attorney members shall be appointed by the governor with the consent of the senate.

The allegations against Cantrill were made in the Amended Complaint (which is really a supplement that is not intended to replace the original Complaint), and they are nonspecific, but reference only that Cantrill is being added to a Complaint that brings claims of "(1) 42 USC § 1983 – Civil Rights Violations (2) 18 USC § 241 Conspiring Against Rights (3) 15 USC Sherman Antitrust Act of 1890." Amended Complaint, Dkt. 16, p. 1 (verbatim). Plaintiff also specifies that "David W. Cantrill has done damages to Plaintiff in excess of $75,000.00" and that "Plaintiff intends to request a jury award of $56,000,000.00 for the damages done to the Plaintiff … and a jury award of $56,000,001.00 for punitive damages" against Cantrill. *Id.*, p. 3.

In his capacity as Executive Director of the State of Idaho Judicial Council, Cantrill wrote a letter to Plaintiff on September 4, 2020, stating:

The Judicial Council has completed its review of your complaint against the above-referenced judges. As a result of its review, the Judicial Council has determined that the substance of your complaint against the above-named judges involve the legal and discretionary decisions that he made in your case. The Idaho Judicial Council is charged by law to investigate allegations of misconduct. It does not have authority or jurisdiction to review or revise any legal decision that a judge makes in a particular case. A judge's decision can only be reviewed through the timely filing and prosecution of an appeal.

The members of the Judicial Council understand that you feel strongly that the judge's decisions were incorrect. However, they did not find any evidence of judicial misconduct on the part of the judge.

From this day forward Judicial Council will not accept any communication or further complaints from you. Your abuse of frivolous complaints against judges can do nothing but affect your credibility in the future.

Exhibit M, Dkt., 1-7, p. 24.

### 3.  Discussion

The Court construes Plaintiff's claim against Cantrill very liberally to allege that, by finding no judicial misconduct and by writing the letter, Cantrill (1) violated Plaintiff's civil rights under 42 U.S.C § 1983, (2) conspired against him and violated 18 U.S.C. § 241, and (3) violated 15 U.S.C. 1, *et seq*. (the Sherman Antitrust Act of 1890). *See* Amended Complaint, Dkt. 16, p. 1.

### A.  Section 1983

Plaintiff has not stated sufficient facts showing that he has a cause of action against Cantrill based on the federal Constitution or a federal statute. There is no constitutional right to have a judge investigated for misconduct. There is no federal statute that would provide a basis for a cause of action under § 1983, which is not an independent cause of action in itself but an implementing statute that makes it possible to bring a cause of action *under the United States Constitution or another federal statute that authorizes a private cause of action*. The Court can conceive of no cause of action that could be stated based on the facts provided in the Complaint, Amended Complaint, Supplement, and Exhibits.

Cantrill also asserts that any such claim for damages against him is barred by the Eleventh Amendment. Section 1983 claims can be asserted against individuals personally or in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). An official capacity claim is "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978).

Cantrill is correct regarding any official capacity claims for damages. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992). The Idaho Judicial Council is an agency of the State of Idaho. *See Carter v. Seventh Judicial District of Idaho*, No. CV08-118-E-EJL, 2009 WL 1635389, *8 (D. Idaho, June 10,

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 11**

2009). Cantrill is its Executive Director of an agency created by the state legislature and is therefore a state official. The basis for the claim is the September 4, 2020, letter, which is on the Idaho Judicial Council's letterhead and clearly shows Mr. Cantrill signed it as Executive Director of the Idaho Judicial Council. Exhibit M, Dkt. 1-7, p. 24. Based on these facts, Plaintiff's official capacity claims for damages against Mr. Cantrill are barred by the Eleventh Amendment because it is, in essence, a claim for damages against the state of Idaho.

Cantrill next contends that he is entitled to qualified immunity for any claims Plaintiff asserts against him in his personal capacity. Qualified immunity is an appropriate subject for a motion to dismiss under Federal Rule of Civil Procedure 12. *See Iqbal*, 556 U.S. at 684–85 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery") (internal punctuation and citation omitted).

In § 1983 actions, "qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity applies, we ask (1) whether the plaintiff has plausibly alleged a violation of a constitutional right, and (2) whether the constitutional right was "clearly established" at the time of the conduct at issue. *Wilk v.*

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 12**

*Neven*, 956 F.3d 1143, 1148 (9th Cir. 2020) (citing *Pearson*, 555 U.S. at 236). Lower courts have discretion to address the questions in either order. *See Pearson*, 555 U.S. at 236, 242.

A constitutional right is "clearly established" if "every reasonable official would have understood that what he is doing violates that right" at the time of his conduct. *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The pointed question is "whether the state of the law [at the time of the officials' conduct] gave [them] fair warning that their alleged [conduct] was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). The Supreme Court has clarified: "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Plaintiff has pointed to no clearly established law governing state judicial councils reviewing and determining whether judges committed misconduct, and none showing that writing such a letter and denying a complainant's claims is a violation of federal law or the federal Constitution, *even if* Cantrill and the other Judicial Council members did so wrongfully or for an improper reason (and there are no facts showing and no finding here that they did). Again, there is no federal law establishing a right of a complainant to a judicial council, no right that judicial councils avoid making decisions wrongfully or for an improper reason, and no right to have judges found guilty of or disciplined for judicial

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 13**

misconduct. Therefore, Plaintiff's claim fails on both qualified immunity questions: he has not plausibly alleged a violation of a constitutional right, and no corresponding constitutional right was "clearly established" at the time of the conduct at issue.

For a point of comparison, Defendant Cantrill cites *Save Our Valley v. Sound Transit*, which held that federal "agency regulations cannot independently create rights enforceable through § 1983." 335 F.3d 932, 935-44 (9th Cir. 2003). The Court agrees that if federal agency regulations cannot create private causes of action, neither can a state statute creating a judicial council. The Court concludes that it is clear from the pleadings, exhibits, and public record that Cantrill is entitled to qualified immunity on the claims for damages.

### B.  18 U.S.C. § 241: No Private Right of Action under a Criminal Statute

Defendant Cantrill argues that Plaintiff's causes of action based upon a federal criminal statute, 18 U.S.C. § 241, should be dismissed because the statutory text does not provide a basis for a private cause of action, but, rather, such an action must be brought and prosecuted by the United States Attorney General. The Court agrees. This claim is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of claims under 18 U.S.C. § 241 because it is a criminal statute that does "not give rise to civil liability"); *Rhodes v. Robinson*, 399 F. App'x 160, 165

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 14**

(9th Cir. 2010) (unpublished) ("Only the U.S. Attorney can initiate criminal proceedings in federal court.") (citing *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ( "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 …."); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D. Cal. 2001) (stating that there is no private cause of action under 18 U.S.C. §§ 241 and 242, and that no amendment can cure such a deficiency).

### C.  15 U.S.C. § 1, et seq., the Sherman Antitrust Act of 1890

Plaintiff very generally asserts federal antitrust monopoly violations in the original Complaint. Dkt. 1. Section 1 of the Sherman Act, 15 U.S.C. § 1, in pertinent part, makes unlawful "every contract, combination, … or conspiracy, in restraint of trade or commerce among the several States." Section 2 makes it unlawful for any person to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States." 15 U.S.C. § 2.

*Parker v. Brown*, 317 U.S. 341 (1943), determined that federal antitrust laws do not prohibit a State, in the exercise of its sovereign powers, from imposing certain anticompetitive restraints. This is called "*Parker* immunity." An entity may not invoke *Parker* immunity unless the actions in question are an exercise of the State's sovereign power. *See Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 374 (1991). For

example, state legislation and "decision[s] of a state supreme court, acting legislatively rather than judicially," will satisfy this standard and "ipso facto are exempt from the operation of the antitrust laws" because they are an undoubted exercise of state sovereign authority. *Hoover v. Ronwin*, 466 U.S. 558, 568 (1984).

*Parker* immunity does not apply where a state delegates control over a market to a non-sovereign actor. *See Parker*, 317 U.S. at 351. For purposes of *Parker*, a non-sovereign actor is one whose conduct does not automatically qualify as that of the sovereign State itself. *See Hoover*, 466 U.S. at 567–568. State agencies are not, simply by their governmental character, sovereign actors for purposes of state-action immunity. *See Goldfarb v. Virginia State Bar*, 421 U.S. 773, 791 (1975) ("The fact that the State Bar is a state agency for some limited purposes does not create an antitrust shield that allows it to foster anticompetitive practices for the benefit of its members.").

Immunity for state agencies requires more than a mere facade of state involvement; that is, immunity is applicable only where states rather than non-sovereign actors are acting as required by state regulations. *See N. Carolina State Bd. of Dental Examiners v. F.T.C.*, 574 U.S. 494, 504–05 (2015). For example, in 2010, the Federal Trade Commission (FTC) filed an administrative complaint charging the North Carolina Board of Dental Examiners with violating § 5 of the Federal Trade Commission Act, 38 Stat. 719, *as amended*, 15 U.S.C. § 45. The FTC alleged that the Board's action to exclude non-dentists from the market for teeth whitening services in North Carolina

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 16**

constituted an anticompetitive and unfair method of competition. 574 U.S. at 501. There, six of eight members of the Board were dentists who performed teeth whitening services—that was enough for the Supreme Court to determine that they were non-sovereign actors making decisions not required by the state regulations and therefore not entitled to *Parker* immunity.

Likewise, in *Goldfarb*, the Supreme Court held that a county bar association violated § 1 of the Sherman Act by the publication of a minimum-fee schedule for attorney services that was enforced by the State Bar. The schedule and its enforcement mechanism created a rigid price floor for services and thus was found to be a classic example of price fixing. The bar association argued that their activity was shielded by *Parker* immunity. The Court concluded that the conduct was *not* protected, emphasizing that "we need not inquire further into the state action question because it cannot fairly be said that the State of Virginia through its Supreme Court Rules *required* the anticompetitive activities of either respondent." 421 U.S., at 790 (emphasis added).

In contrast, in *Bates v. State Bar of Arizona*, 433 U.S. 350, 359–60 (1977), the United States Supreme Court determined that the decision of a committee of the Arizona State Bar to impose disciplinary sanctions against two attorneys who had violated a rule prohibiting advertising by lawyers—through a restraint upon attorney advertising imposed by the Supreme Court of Arizona—had authority from the State to govern the practice of law and was *not* subject to attack under the Sherman Act:

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 17**

> The challenged restraint is the affirmative command of the Arizona Supreme Court under its Rules 27(a) and 29(a) and its Disciplinary Rule 2-101(B). That court is the ultimate body wielding the State's power over the practice of law, *see* Ariz. Const., Art. 3; *In re Bailey*, 30 Ariz. 407, 248 P. 29 (1926), and, thus, the restraint is 'compelled by direction of the State acting as a sovereign.' 421 U.S., at 791.

*Id*. at 362–63.

In this action, Plaintiff's Complaint asserts that judges, lawyers, and the Idaho State Bar have formed a monopoly that prevented him from using the Bar's Lawyer Referral Services and that this monopoly shields judges and lawyers from being disciplined or found guilty of civil rights violations. However, these allegations do not address a restraint of trade, such as in the cases where North Carolina's dental board (consisting mostly of dentists who performed teeth whitening for profit) tried to prohibit all non-dentists from performing teeth whitening services, even though teeth whitening was not included in the definition of the practice of dentistry. It is also unlike Virginia's state bar setting a mandatory minimum fee for all attorney services.

Here, the Judicial Council did not prevent Plaintiff from hiring his own attorney because of any restraint-of-trade practice, or from using other advertising services to find an attorney, including finding attorneys who have free consultations (the Lawyer Referral Service initial consultation fee is $35). Because governance of state courts and discipline of state judges is a legislative function, *Parker* immunity applies to the Judicial Council's

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 18**

activity in reviewing and deciding complaints against the judiciary. There can be no argument that the state dominates and monopolizes public court systems—because public court systems are not otherwise authorized to exist. Furthermore, Plaintiff was not prohibited from attempting to gain Defendants' agreement to use a private mediation or arbitration system, which freely operate in Idaho. The Sherman Act simply does not fit the facts asserted against Cantrill as a member of the Idaho Judicial Council. Therefore, this claim shall be dismissed and leave to amend denied.

### CONSIDERATION OF MOTION TO DISMISS FILED BY DEFENDANT ALPS – PROPERTY AND CASUALTY COMPANY (Dkt. 50)

Diane Minnick was not only the Idaho State Bar executive director when she allegedly committed violations against Plaintiff, she was also a board member of "ALPS," a property and casualty company that provides attorney malpractice insurance. Plaintiff alleges that Minnick's alleged failure to respond to Plaintiff's inquiries—done in Minnick's capacity as executive director of the Idaho State Bar—denied Plaintiff use of the attorney referral program. Dkt. 1, pp. 57–58.

Plaintiff alleges that, inasmuch as Idaho State Bar executive director Minnick violated his rights, "ALPS is Respondeat Superior for Diane Minnich [sic]." Dkt. 1, p. 58. All allegations against ALPS are that ALPS acted "through Diane Minnich [sic]." *Id.*, pp. 57–58. ALPS argues that it is a private insurance company, that it did not issue any policy to Plaintiff, and that it had no form of interaction whatsoever with him.

MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-
PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND
UNKNOWN AGENTS OF THE FBI - 19

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under §1983. *Id*. For this reason, Plaintiff's claims against ALPS fail to state a claim upon which relief can be granted. Plaintiff also has stated no claim under 18 U.S.C. § 241 or 15 U.S.C. § 1, *et seq*., for the reasons explained above.

Because there are no federal rights to participate in a state bar lawyer referral service or to have one's grievances about attorneys and judges addressed by state bar personnel under the factual circumstances detailed in the pleadings and exhibits, the Court can envision no plausible amendment. Therefore, leave to amend will not be granted, and these claims will be dismissed with prejudice.

**CONSIDERATION OF MOTION TO DISMISS FILED BY DEFENDANTS
AGENT RYAN O'NEAL AND UNKNOWN AGENT(S) OF THE FBI
(Dkt. 75)**

Plaintiff generally alleges in his Complaint that, approximately two years ago,

"[he met with an FBI agent] and reported numerous [alleged] violations of federal law

and civil rights violations." arising out of Plaintiff's interactions with state actors, judges,

and attorneys. Complaint, Dkt. 1, pp. 69-71. Plaintiff alleges further that he later met with

an unnamed United States Attorney, contacted an FBI agent by phone and e-mail on

multiple occasions, and sent the FBI agent countless documents supporting his claims of

alleged civil rights violations and violations of federal criminal law. *Id.*; *see also Exhibits*

S, SS and SSS, Dkt. 1-8, pp. 75–77.

On August 13, 2020, Defendant FBI agent Ryan O'Neil (correct spelling),

responded to Plaintiff's email inquiry as follows:

> I have again reviewed the material you submitted to
> me. I still do not believe this matter will be investigated by
> the FBI as a violation of criminal law. However, as we
> discussed, I am going to provide your material to my
> supervisor and request that he review it as well. He will then
> respond to you in writing to advise you of the status.

Exhibit SS, Dkt. 1-8, p. 77.

Plaintiff contends that the FBI has failed to investigate his claims and that the FBI

agent and his supervisor have "[negligently] failed in the duty of care required in the

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-
PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND
UNKNOWN AGENTS OF THE FBI - 21**

investigation of violations of federal law and/or violations of the Plaintiffs [sic] Civil

Rights." *Id*., pp. 70, 4 (asserting additional causes of action sounding in tort). To remedy

these alleged wrongs and breached duties of care, Plaintiff seeks an award of money

damages and "a court order requiring a legitimate and meaningful investigation." *Id*., p.

71.

 Assuming the truth of Plaintiff's factual allegations, as the Court must in deciding

Special Agent O'Neil's Motion to Dismiss, the Court concludes that he has failed to state

a federal claim upon which relief can be granted. Plaintiff has no constitutional or

common law right to have his civil rights complaints and potential criminal complaints

investigated or prosecuted by the FBI, the United States Attorney General, or any other

governmental entity. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A]

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

of another"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D. Miss. 1987) (the "decision to

prosecute a particular crime is within the authority of the state[,] and there appears to be

no federal constitutional right to have criminal wrongdoers brought to justice."); *cf. Gini

v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citation omitted)

("The police have no affirmative obligation to investigate a crime in a particular way or

to protect one citizen from another even when one citizen deprives the other of liberty of

property."); *Gomez v. Whitney*, 757 F.2d 1005, 1005-06 (9th Cir. 1985) ("[W]e can find

no instance where the courts have recognized inadequate investigation as sufficient to

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-
PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND
UNKNOWN AGENTS OF THE FBI - 22**

state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, No. CV 11-2255, 2013 WL 2456798, at *8-9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to *any* investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Thompson v. Sosa*, 265 F. App'x 544, 544 (9th Cir. 2008) (unpublished) (holding that alleged inadequate investigation did not infringe a protected constitutional right); *see also Wimer v. State*, 841 P.2d 453 (Idaho Ct. App. 1992) (holding that Idaho does not recognize a cause of action for negligent investigation).

O'Neil also asserts that the decision whether to initiate a federal criminal investigation or to prosecute a case is completely discretionary with federal law enforcement authorities and, as such, is absolutely immunized from a civil suit for damages. *See Heckler v. Chaney*, 470 U.S. 821, 838 (1985) (stating that "agency refusals to institute investigative or enforcement proceedings" are presumed immune from judicial review under 5 U.S.C. § 701(a)(2)); *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long

acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review."); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("An agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Heckler*, 470 U.S. at 828_32); *Wallace v. Wray*, 217 F. App'x 127, 129 (3d Cir. 2007) (unpublished) (affirming the dismissal of plaintiff's claims based on the Department of Justice and United States Attorney's Office's failure to investigate or prosecute the state court trial and appellate judges involved in the termination of his parental rights) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *Sabow v. United States*, 93 F.3d 1445, 1451–1454 (9th Cir. 1996) (holding that the FTCA's discretionary function exception protected decisions of federal officials concerning the scope and manner in which they conducted an investigation); *Davis v. Fed. Bureau of Investigation*, No. 17-CV-00701, 2017 WL 4310762, at *2–3 (S.D. Cal. Sept. 27, 2017) (same).

The Court also agrees with O'Neil that, to the extent Plaintiff's Complaint can be interpreted to assert common law tort claims against O'Neil while acting within the scope of his federal employment, the United States would be the only proper defendant. The Federal Tort Claims Act (FTCA) provides that federal employees acting within the scope of their employment cannot be held individually liable for common law torts because the liability of the United States for such claims is exclusive. *See* 28 U.S.C. § 2679(b)(1).

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 24**

Therefore, an individual tort action against O'Neil is barred. The Court will not entertain any requests to amend the Defendant in this action because no plausible allegations of a viable claim can be gleaned from the pleadings, exhibits, and public records.

Based upon the Court's own research and the authorities provided by O'Neil, the Court agrees that it is incontrovertibly clear that Plaintiff's Complaint and allegations against Special Agent O'Neil and other unidentified FBI agents lack any arguable basis in law under any theory or under the detailed facts in the pleadings, exhibits, and public records. O'Neil, other FBI agents and supervisors, and the United States Attorney General are or would be entitled to absolute immunity for their decisionmaking regarding Plaintiff's submitted potential claims.

For all of the foregoing reasons, Plaintiff's claims against these Defendants will be dismissed with prejudice. Because amendment would be futile, leave to amend will not be granted.

## ORDER

**IT IS HEREBY ORDERED:**

1. The Motion To Dismiss filed by Defendant ALPS–Property And Casualty Company (Dkt. 50) is GRANTED. All claims against this Defendant are DISMISSED with prejudice, without leave to amend.

**MEMORANDUM DECISION AND ORDER: DEFENDANTS DAVID W. CANTRILL; ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY; AND AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI - 25**

2. The Motion To Dismiss filed by Defendant David Cantrill (Dkt. 59) is GRANTED. All claims against this Defendant are DISMISSED with prejudice, without leave to amend.

3. The Motion to Dismiss Filed By Defendants Agent Ryan O'Neal (O'Neil) and Unknown Agent(s) of the FBI (Dkt. 75) is GRANTED. All claims against these Defendants are DISMISSED with prejudice, without leave to amend.

DATED: February 4, 2022

_____

B. Lynn Winmill
U.S. District Court Judge