UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, JOHN MEIENHOFFER, ALPS-PROPERTY AND CASUALTY INSURANCE COMPANY, AGENT RYAN O'NEAL AND UNKNOWN AGENTS OF THE FBI, JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, DAVID W. CANTRILL, AARON HOOPER, and JOHN DOES 1-100,<br><br>                    Defendants. | Case No. 1:21-cv-00199-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER** |

Plaintiff Ronald Van Hook is proceeding on his Complaint, Amended Complaint, and supplemental allegations. Dkts. 1, 16, 32. Pending before the Court are various motions filed by the parties. This Order address those Defendants whom Plaintiff has sued before, as well as claims against Aaron Hooper, a new Defendant whose claims are

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 1**

similar to those asserted against the Defendants who have been sued before. A separate order addresses those sets of Defendants whom Plaintiff has not sued in the past.

Having reviewed the parties' briefing, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## STANDARD OF LAW GOVERNING
## SUMMARY DISMISSAL

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 2**

omitted). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

In deciding a motion to dismiss for failure to state a claim, the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and any document referred to in (even if not appended to) the complaint, where the authenticity of such a document is not in question. *Id*. at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). In this matter, the Court takes judicial notice of all public records cited in this Order.

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Mollett v. Netflix, Inc*., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject

to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks omitted). A motion to dismiss is properly granted in a pro se proceeding where the defendants convincingly argue that, under a liberal construction of the pleadings, there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[1]

In exercising its discretion to summarily dismiss claims on its own motion or by motion of the defendants, the Court takes into consideration that, in any case, and more so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their pleadings to remedy any deficiencies that were identified during screening or after a motion to dismiss has been adjudicated. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("It is not unreasonable that plaintiffs may seek amendment after an adverse ruling, and in the normal course district courts should freely grant leave to amend when a viable case may be presented."). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l*

---

[1] *Balistreri* was overruled on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), to the extent that *Balistreri* followed the rule that, "[a] complaint should not be dismissed under Rule 12(b) (6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 901 F.2d at 699 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 4**

*Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks omitted).

Before a court can dismiss the complaint of a pro se litigant, it must provide the litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A court may, however, dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## SUMMARY OF RULING

In this action Plaintiff sues state judges, judicial administrators, lawyers, and an Idaho State Bar administrator. The Court can understand Plaintiff's disappointment, frustration, and anguish over the loss of legal and physical custody of his minor children in state court and over the dismissals of his subsequent state and federal court actions regarding alleged civil rights and other violations. However, Plaintiff seems unwilling to recognize and abide by the principle that each court system has a proper means for appealing adverse judgments.

State courts have concurrent jurisdiction to review civil rights and federal constitutional issues. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) ("Under our system of dual sovereignty, we have consistently held that state courts have

inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."). The state court system requires an aggrieved party to appeal to the Idaho Supreme Court, and if no relief on federal claims is granted, the plaintiff is then expected to petition the United States Supreme Court for review of that decision.

Plaintiff nevertheless argues that there is no way to hold judges accountable for incorrect decisions or wrongdoing. Plaintiff's pleadings and responses show a lack of fundamental knowledge of the reasons behind judicial immunity, or perhaps they show simply a refusal to accept that both proper appeals and judicial immunity are essential to the proper functioning of our courts. In *Forrester v. White*, the United States Supreme Court explained:

> As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined. Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error. *See Block, Stump v. Sparkman and the History of Judicial Immunity*, 1980 Duke L.J. 879. More recently, this Court found that judicial immunity was "the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country." *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, the *Bradley* Court concluded, judicial immunity also protected judicial independence by insulating

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 6**

judges from vexatious actions prosecuted by disgruntled
litigants. *Id.*, at 348.

484 U.S. 219, 225 (1988). *Forrester* reiterates that an appeal, not a collateral lawsuit, is

the proper mechanism for correcting a judge's errors.

The Court understands that—regardless of how some of the Defendants have

characterized Plaintiff's federal court action—Plaintiff is not trying to appeal or relitigate

his child custody case in federal court. He is asserting that Defendants violated his federal

rights—grounded in federal statutory or constitutional protections—during the course of

state court custody, state court juvenile proceedings, and other actions. However, because

he has previously brought some of those claims in state and federal court, he is precluded

from bringing them again at this time or at any time in the future, unless he prevails on

appeal.

The courts have limited publicly-funded resources and adhere to principles of

comity. Rules such as *Rooker-Feldman* and res judicata prevent litigants from having

more than one bite at the apple when they are unhappy with the outcome of their claims,

with their correct recourse being the proper channel of appeal set by a particular court

system. When the designated appeals are completed—no matter how they turn out—there

is no more recourse available in any court system.

Plaintiff already litigated the same or similar claims against some of the same

Defendants in Canyon County civil case No. CV-2016-11807 (Case 11807), dismissed

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN
MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN
FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON
HOOPER - 7**

with prejudice in 2016, and again in Case No. 1:19-cv-00170-BLW (Case 170), dismissed with prejudice on September 19, 2019. The decision in Case 170 was upheld on appeal by the United States Court of Appeals for the Ninth Circuit on December 9, 2020. Not six months later, Plaintiff filed this third action. Plaintiff is wasting limited judicial resources funded by the citizens of the United States by bringing the same or similar claims in yet another lawsuit. A complaint is deemed malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988).

The Court will not repeat the lengthy analysis from Case 170, but will refer to portions of the dismissal Order in that case to more efficiently dispose of Plaintiff's same or similar claims in this case. The Court intends to certify the dismissals entered in this case for immediate appeal, and sever any remaining claims into new cases for judicial efficiency purposes. Plaintiff may file an appeal with the United States Court of Appeals for the Ninth Circuit, and, if no relief is obtained, then a petition for writ of certiorari with the United States Supreme Court.

If Plaintiff continues to file repetitive federal court actions in the federal district court, Defendants need not respond to the lawsuit but may instead file a motion to stay the answer and a motion for the Court to institute federal vexatious litigant proceedings.

## BRIEF HISTORICAL ALLEGATIONS AND PROCEDURAL FACTS
### (A Non-Comprehensive Summary)

On September 11, 2014, Canyon County, Idaho Magistrate Judge James A. (J.R.) Schiller granted a decree of legal separation and granted Plaintiff sole custody of his three minor children in Case No. CV-2014-7409 (Case 7409), after service by publication and entry of default against Plaintiff's wife, Dawn Cannon Van Hook (Cannon). Exhibit AAA to original Complaint, Dkt.1-5, p. 29-35.

In about October 2014, Cannon, through counsel, filed for a Civil Protective Order in Adams County. The Canyon County case and Adams County cases were then consolidated in Adams County. Plaintiff filed a non-objection to consolidation. Adams County Magistrate Judge Meienhofer presided over the case. *See* Dkt. 26, p. 3 in Case 170.

On November 6, 2014, after two hearings in which both parties appeared with counsel, Judge Meienhofer issued a protective order granting Cannon temporary primary physical custody and Plaintiff and Cannon joint legal custody in Adams County Case No. CV-2014-3311 (Case 3311). The order was in effect until June 14, 2016. *See* Exhibit B, Dkt 1-5, pp. 38-41.

On November 25, 2014, Cannon filed an answer and counterclaim in Case 7409. Exhibit D to Complaint, Dkt. 1-5, pp.49-56. On April 16, 2015, after a motion for change

of venue was granted in Adams County, Canyon County Magistrate Judge Gary D.

DeMeyer granted Cannon's motion to consolidate and issued temporary orders granting

Cannon primary custody and Plaintiff three weekends each month, to govern the case

until trial. Exhibit E and EE to Complaint, Dkt. 1-5, pp. 61-72. After a bench trial, Judge

DeMeyer entered a divorce decree and awarded Cannon sole custody of the children,

with two weekends-per-month visitation for Plaintiff. See Exhibit FFF, Dkt. 1-6, pp. 19-

24.

Plaintiff sought reconsideration of the "case in its entirety.". Exhibit H, Dkt. 1-6,

p. 46. The Court found that the motion for reconsideration was frivolous. *Id*., p. 49.

Plaintiff filed numerous lawsuits in state court stemming from alleged wrongful

state-actor and private-actor actions related to the foregoing cases, including breach of

contract, gross negligence, failure to comply with the Idaho Rules of Professional

Conduct, defamation, conspiracy to violate his civil rights, and more.

Thereafter, the following occurred, as described by a state court judge's order:

> On 20 September 2017 in Canyon County Case No.
> CV 2017-3444 [Case 3444] the District Court entered a
> "Prefiling Order Declaring Vexatious Litigant Pursuant to
> Idaho Court Administrative Rule 59" in which Mr. Van Hook
> was adjudicated to be a vexatious litigant. That order
> summarizes a great deal of litigation initiated by Mr. Van
> Hook. Generally speaking, Mr. Van Hook was (and, as will
> be discussed below, remains) dissatisfied with the Magistrate
> Court's ruling regarding child custody in Mr. Van Hook's
> divorce litigation, Canyon County Case No. CV 2014-7409.

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN
MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN
FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON
HOOPER - 10**

> Having been adjudicated to be a vexatious litigant, Mr. Van
> Hook was "ordered not to file any new litigation in this state
> pro se without first obtaining leave of court where the
> litigation is proposed to be filed."

Exhibit K , Dkt. 1-7, p. 10. That judge denied Plaintiff's request to file a lawsuit against

the State of Idaho, "The Idaho Bar Association" and John Does 1-100. *Id*.

In or about April 2018, one of Plaintiff's sons was charged with a crime in

juvenile court. Plaintiff attempted to file a petition for writ of habeas corpus in that

action, but a judge determined that the vexatious litigant order prohibited the filing.

Exhibits Q, QQ, QQQ, Dkt. 1-8, pp. 1-45.

On July 24, 2018, Adams County Prosecuting Attorney Christopher Boyd filed a

criminal complaint against Plaintiff, containing charges of (1) witness intimidation

regarding a witness who was to testify at the juvenile evidentiary hearing, (2) criminal

contempt, and (3) disturbing the peace, in Case No. CR02-18-020358. Exhibit P, Dkt. 1-

8, pp. 1-5. Plaintiff was imprisoned for 72 hours. He was represented by attorney Aaron

Hooper. The charges were dismissed on Plaintiff's motion. Exhibit PP and PPP, pp. 6-8.

Plaintiff asserted and continues to assert that the vexatious litigant order in Case

3444 "was designed specifically to prevent Van Hook from raising issues that could be

harmful to members of the Idaho Bar and members of the judiciary." Dkt. 1-8, p. 24. He

asserted and continues to assert that Diane Minnick, Idaho State Bar executive director

who administers the Idaho State Bar's Lawyer Referral Service, refused to allow him to

use the service to find another attorney because she is on the Board of Directors for

ALPS Property and Casualty Insurance Company, which advertises itself as being the

nation's largest underwriter for legal malpractice insurance. *Id*. p. 22. During their

conversation on October 19, 2017, Minnick declined to permit Plaintiff to use the Lawyer

Referral Service after he told her: "Let's just be point blank. I have called the Idaho State

Bar requesting a referral. If it takes a thirty five dollar fee I will pay the thirty five dollar

fee. If that lawyer screws up I will be dropping dimes. That's all there is to it." Exhibit

MMM, Dkt. 1-7, p. 28.

## CONSIDERATION OF MOTION TO DISMISS
## FILED BY DEFENDANTS GRANT AND STRETCH (Dkt. 26)

In this action, Plaintiff alleges that Mary Grant and Kimberli Stretch, attorneys

with Idaho Legal Aid Services, Inc., conspired with Idaho Magistrate Judges Meienhofer

and DeMeyer to violate Plaintiff's civil rights under 42 U.S.C. § 1983 and 18 U.S.C. §

241, that they knowingly and maliciously failed to abide by the Idaho Code of

Professional Conduct in their representation of Plaintiff's wife, that they committed fraud

on the Canyon County and Adams County courts, that they misled and deceived Plaintiff,

and that they engaged in unconscionable methods and/or practices within a state-run

monopoly. Complaint, Dkt. 1, pp. 54-55.

Grant and Stretch are Idaho-licensed attorneys who were employed by a private

nonprofit agency, Idaho Legal Aid Services, Inc. They represented Plaintiff's then-wife,

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 12**

now ex-wife, Dawn Cannon, formerly Van Hook, in divorce proceedings in Canyon and Adams Counties, Idaho, as described above.

### 1. *Rooker-Feldman* Doctrine

Plaintiff previously brought the following civil rights claims in state court against Grant and Stretch that were adjudicated on the merits and dismissed with prejudice in Canyon County civil case No. CV-2016-11807 (Case 11807): (1) a claim of defamation, (2) a claim of breach of contract or negligence, (3) a claim based upon alleged violations of Idaho Code of Professional Conduct, (4) a claim of conspiracy to deprive Plaintiff of the custody of his children, and (5) a claim of conspiracy to deprive him of his civil rights. *See* Dkt. 9-2, p. 49, 56-58 in Case 170; Dkt. 26, p. 9 in Case 170. Plaintiff had the right of appeal in those cases.

Federal courts cannot hear anew claims already adjudicated by the state courts. Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A federal district court has no jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 13**

rights." *Id.* at 485 (internal quotation marks omitted). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (holding that lower United States federal courts may not sit in direct review of state court decisions). Rather, under 28 U.S.C. §1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court" essentially seeks "appellate review" of the state judgment, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citation and punctuation omitted).

Because the same and similar claims brought against Grant and Stretch in state court were adjudicated to a conclusion and dismissed with prejudice, they cannot be relitigated here. These include all of Plaintiff's claims brought against Grant and Stretch in federal Case 170, because the doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*. at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). Therefore, these claims will be dismissed with prejudice without leave to amend.

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 14**

2. **Res Judicata**

Res judicata is a legal principle barring a plaintiff from bringing a new lawsuit containing new claims that are the same as those adjudicated in a prior case. Even similar claims that *could* have been brought in the prior case may be barred by res judicata. The doctrine of res judicata ensures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits; consistent with these principles, a federal court may examine the res judicata effect of that prior judgment sua sponte. *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986).

Res judicata principles apply in § 1983 actions. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81–84 (1984). "[P]rior state judgments have full preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum." *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) (emphasis omitted). Federal courts apply state law to determine whether preclusion based on prior state judgment should be applied in federal court. *Hardwick v. Cty. of Orange*, 980 F.3d 733, 740 (9th Cir. 2020).

Res judicata includes two legal concepts—issue preclusion (also called collateral estoppel) and claim preclusion. *Berkshire Investments, LLC v. Taylor*, 278 P.3d 943, 951 (Idaho 2012). Either or both may be applied to bar a litigant from obtaining a "re-do." Issue preclusion bars re-litigation of an issue previously determined in another case when:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Stoddard v. Hagadone Corp.*, 207 P.3d 162, 167 (Idaho 2009).

Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action." *Ticor Title Co. v. Stanion*, 157 P.3d 613, 617 (Idaho 2007) (internal quotation marks omitted). Under this doctrine, a claim is precluded if it could have been brought in the previous action (regardless of whether it was actually brought) when: (1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties or their privies as the original action, and (3) the present claim arises out of the same transaction or series of transactions as the original action. *See id.* at 124-27.

Under federal law, a dismissal for failure to state a claim is treated as a judgment on the merits, unless the court specifies otherwise. *See* Fed. R. Civ. P. 12(b)(6); *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see Angel v. Bullington*, 330 U.S. 183, 190 (1947) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits); *Bell v. Hood*, 327 U.S. 678, 682

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 16**

(1946) (same). To indicate that a dismissal is not on the merits, the court can label it "without prejudice" or grant leave to amend. *See* Fed. R. Civ. P. 41(b).

Most states' laws have adopted the general rule that "[t]he requirement that a final judgment warranting claim preclusion by res judicata be one on the merits, is met by dismissal on grounds of a failure to state a claim on which relief can be granted, when the dismissal is on the merits and prejudicial." *See* 50 C.J.S. Judgments § 949 (collecting federal and state cases (no Idaho cases mentioned) (footnotes omitted); Howard M. Erichson, *Interjurisdictional Preclusion*, 96 Mich. L. Rev. 945, 975–76 (1998) ("Demurrers or dismissals for failure to state a claim are not on the merits—and therefore are not entitled to claim-preclusive effect unless the court specifies that the dismissal is with prejudice—in the states of California, Connecticut, Georgia, Illinois, Maryland, Massachusetts, Minnesota, New York, and Oregon.") (footnotes). The Court has no reason to believe that the Idaho Supreme Court would not follow this general rule that res judicata applies when the dismissal was on the merits (i.e., the dismissal contained an analysis, however brief, and conclusion about the subject matter of the claims, and was not based on a non-substantive ground such as lack of personal jurisdiction) and is dismissed with prejudice.

In Plaintiff's first federal civil rights case, Case 170, this Court dismissed all of the following claims—with prejudice and without leave to amend—for failure to state a

claim upon which relief can be granted: claims of conspiracy to violate Plaintiff's civil rights; racketeering claims; fraud on the court claims; claims of breach of the Idaho Rules of Professional Conduct and contractual duties against Mary Grant, Kimberli Stretch, and Idaho Legal Aid Services, Inc. *See* Dkt. 26 in Case 170. That decision was upheld on appeal. *See* Dkt. 47 in Case 170. That dismissal was a judgment on the merits to which res judicata applies. *Moitie*, 452 U.S. at 399 n. 3 (1981); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

For the reasons set forth in the Orders at Docket 26 and 47 in Case 170, the Court again finds that res judicata principles bar the new and related claims brought in this case and will dismiss all claims against Mary Grant, Kimberli Stretch, and Idaho Legal Aid Services, Inc., with prejudice and without leave to amend.

### 3.   18 U.S.C. § 241: No Private Right of Action under a Criminal Statute

Defendants argue that Plaintiff's causes of action based upon a federal criminal statute, 18 U.S.C. § 241, should be dismissed because the statutory text does not provide a basis for a private cause of action, but, rather, such an action must be brought and prosecuted by the United States Attorney General. The Court agrees. This claim is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of claims under 18 U.S.C. § 241 because it is a criminal statute

that does "not give rise to civil liability"); *Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (unpublished) ("Only the U.S. Attorney can initiate criminal proceedings in federal court.") (citing *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D. Cal. 2001) (stating that there is no private cause of action under 18 U.S.C. §§ 241 and 242, and that no amendment can cure such a deficiency).

### 4. 15 U.S.C. § 1, et seq., the Sherman Antitrust Act of 1890

Plaintiff very generally asserts federal antitrust monopoly violations against all Defendants in the original Complaint. Dkt. 1. Section 1 of the Sherman Act, 15 U.S.C. § 1, in pertinent part, makes unlawful "every contract, combination, … or conspiracy, in restraint of trade or commerce among the several States." Section 2 makes it unlawful for any person to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States." 15 U.S.C. § 2. There are no allegations, and none that the Court can conceive of, that would subject these Idaho Legal Aid attorneys to liability under the Sherman Antitrust Act. They did not attempt to restrain trade, nor did they conspire with

others to monopolize any type of trade or commerce. Plaintiff has failed to state a claim upon which relief can be granted, and no leave to amend will be permitted.

## CONSIDERATION OF MOTION TO DISMISS
## FILED BY DEFENDANT FISHER (Dkt. 41)

Defendant Steven Fisher was Plaintiff's attorney in Case 3311 and Case 7409. Plaintiff asserts that Fisher conspired with state court judges to deprive Plaintiff of his civil rights and is subject to suit under 42 U.S.C. § 1983 and 18 U.S.C. § 241, that he knowingly and maliciously failed to abide by the Idaho Code of Professional Conduct in his representation of Plaintiff, that he committed fraud on the Canyon County and Adams County courts, that he misled and deceived Plaintiff, that he was grossly negligent in representing Plaintiff, and that he engaged in unconscionable methods and/or practices within a state-run monopoly. Complaint, Dkt. 1, pp. 53-54.

### 1. *Rooker-Feldman*

Plaintiff previously brought the following civil rights claims in state court against Fisher that were adjudicated on the merits and dismissed with prejudice in Canyon County Case 11807: defamation, breach of contract or negligence, a claim based upon alleged violations of Idaho Code of Professional Conduct, a claim of conspiracy to deprive Plaintiff of the custody of his children, and a claim of conspiracy to deprive him of his civil rights. *See* Dkt. 12-5, p. 4-6 in Case 170; Dkt. 26, p. 9 in Case 170. Plaintiff had the right of appeal in those cases. Based on the analysis set forth above, the Court

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 20**

concludes that the claims against Fisher in this action are barred by the *Rooker-Feldman* doctrine. They will be dismissed for failure to state a claim upon which relief can be granted; leave to amend will not be granted.

### 2. Res Judicata

In Plaintiff's prior federal civil rights case, Case 170, this Court dismissed all the following claims against Fisher and Fisher Law Office, PLLC—with prejudice and without leave to amend—for failure to state a claim upon which relief can be granted: claims of conspiracy to violate Plaintiff's civil rights, racketeering claims, fraud on the court claims, and claims of breach of the Idaho Rules of Professional Conduct and contractual duties . *See* Dkt. 26 in Case 170. That decision was upheld on appeal. *See* Dkt. 47 in Case 170.

For the reasons set forth above and in the Orders at Docket 26 and 47 in Case 170, the Court again finds that res judicata principles bar the new and related claims brought in this case and will dismiss all claims against Steven Fisher, with prejudice and without leave to amend.

### 3. 18 U.S.C. § 241: No Private Right of Action under a Criminal Statute

For the reasons set forth above, the § 241 claim against Fisher will be dismissed with prejudice for failure to state a claim, and leave to amend will not be granted.

### 4. Sherman Antitrust Act

For the reasons set forth above, the Sherman Antitrust Act claim against Fisher will be dismissed with prejudice for failure to state a claim, and leave to amend will not be granted.

## CONSIDERATION OF MOTION TO DISMISS FILED BY DEFENDANTS BOND AND HOOPER (Dkt. 78)

### 1. Virginia Bond

Defendant attorney Virginia Bond represented Plaintiff in Case 7409. Plaintiff brings the same claims here as he does against Fisher. Plaintiff previously sued Bond in Canyon County Case 11807 and Case 170 in this Court. All claims were dismissed with prejudice, including those against Bond Law Chartered. *See* Dkt. 12-6, p. 2-3 and Dkt. 26 in Case 170. For the same reasons set forth above, Bond is entitled to dismissal with prejudice of Plaintiff's claims based on *Rooker-Feldman;* res judicata; and failure to state a claim under § 1983, § 241, and the Sherman Antitrust Act. Leave to amend will not be granted.

### 2. Aaron Hooper

Defendant attorney Aaron Hooper's characterizes the claims against him as follows:

> Plaintiff's allegations against Mr. Hooper are in the context of Mr. Hooper's representation of him in Adam's County criminal case number CR02-18-020358 (Case 20358), and

> Mr. Hooper's assignment assist him as the father of an
> accused juvenile, in Adam's County juvenile criminal case
> number JV-02-18-0841. *Compl*. at ⁋ 55; 58. Plaintiff alleges
> Mr. Hooper did not docket an affidavit in that case, but
> instead presented it to the judge during a hearing. *See id*. at ⁋⁋
> 58; 265-267; 279. Plaintiff alleges Mr. Hooper shouted in a
> meeting related to a plea deal being offered to Mr. Van
> Hook's son to resolve criminal charges against the minor. *See
> id*. at ⁋⁋ 60; 268. Plaintiff also alleges Mr. Hooper conspired
> against his rights. *Id*. at ⁋ 278.

Dkt.78-1, pp. 5-6 (verbatim). The Court agrees with this characterization, but also notes

that additional allegations include that Hooper failed to properly represent Plaintiff in

Case 20358, that Hooper was made aware of jurisdictional issues with Judge Meienhofer

but did nothing about them, failed to bring Case 3311 and Case 7409 to the attention of

the judge in Case 20358.

Additional allegations appear to be related to Plaintiff's son's juvenile case, Case

JV-02-18-0841, but Plaintiff was previously warned that he could not bring claims on

behalf of his minor son because Plaintiff is not an attorney. *See* Dkt. 26 in Case 170.

Plaintiff's son's allegations only are dismissed without prejudice, and they may not be

brought again except by an attorney.

## A.   *Failure to State a Claim*

Hooper asserts that Plaintiff has failed to state a federal claim upon which relief

can be granted. The Court agrees. Plaintiff's claims sound in state law malpractice, which

is not a federal claim. While Plaintiff asserts that Hooper, a private person, conspired with state actors to violate Plaintiff's civil rights, Plaintiff has not specified any facts constituting elements of a conspiracy claim that would meet the *Iqbal*/*Twombly* threshold.

The elements of a claim of conspiracy to deprive another of his civil rights are as follows: "(1) the existence of an express or implied agreement among the [defendants] to deprive [the plaintiff] of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991) (*Bivens* action relying on § 1983 case, *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984)).

To allege a conspiracy between state actors and a private party under § 1983, the plaintiff must bring forward plausible factual allegations showing "an agreement or 'meeting of the minds' to violate constitutional rights." *See Fonda v. Gray*, 707 F.2d 435, 438 (1983) (internal quotation marks omitted). "While it is not necessary to prove that each participant in a conspiracy know the exact parameters of the plan, they must at least share the general conspiratorial objective." *Id*.

Here, Plaintiff brings no plausible allegations that Hooper conspired with any state actor to violate Plaintiff's civil rights. There are no allegations of express or implied agreements, or any motivations or reasons for Hooper to enter such a conspiracy. Plaintiff

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER, JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 24**

has not shown in his response to the various Motions to Dismiss that his allegations regarding Hooper's involvement in a conspiracy to violate Plaintiff's rights would be any different from those in which the state court in Case 11807 and this court in Case 170 have already rejected as implausible with no hope of being cured by amendment.

### B.  Other Defenses

For the reasons set forth above, claims against Hooper based on § 241 and the Sherman Antitrust Act fail to state a claim upon which relief can be granted, and no leave to amend will be granted.

## CONSIDERATION OF MOTION TO DISMISS
## FILED BY DEFENDANTS MEIENHOFER, MINNICK,
## and STATE OF IDAHO (Dkt. 29)

### 1.  State of Idaho

### A.  Sovereign Immunity

Plaintiff alleges that the state of Idaho failed to protect his federal Fourteenth Amendment rights. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983,

and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff asserts that the state of Idaho has waived its sovereign immunity by "accepting funding by the United States through the Social Security Act Title IV." Dkt 1, p. 4. A state's consent to be sued in federal court must be "unequivocally expressed" by the state; in addition, if Congress intends to override the states' constitutionally-guaranteed sovereign immunity right, that term must be "unequivocally expressed" in the text of the relevant statute. *Halderman*, 465 U.S. at 99.

Here, Plaintiff's congressional-intent-to-override-immunity argument is foreclosed by *Edelman v. Jordan*, 415 U.S. 651 (1974):

> The only language in the Social Security Act which purported to provide a federal sanction against a State which did not comply with federal requirements for the distribution of federal monies was found in former 42 U.S.C. § 1384 (now replaced by substantially similar provisions in 42 U.S.C. § 804), which provided for termination of future allocations of federal funds when a participating State failed to conform with federal law. This provision by its terms did not authorize suit against anyone, and standing alone, fell far short of a waiver by a participating State of its Eleventh Amendment immunity.

*Id*. at 674 (footnote omitted).

Because the state of Idaho has not expressly waived its sovereign immunity, nor does the statute cited provide that Congress intended to subject states to federal court jurisdiction, all claims against it will be dismissed. Leave to amend will not be granted.

### B. *Vexatious Litigant Declaration*

Plaintiff asserts that the state of Idaho has violated his constitutional rights in declaring him a vexatious litigant. He asserts that the vexatious litigant provision of Idaho Court Administrative Rule 59, promulgated by the Idaho Supreme Court, is unconstitutional. However, Plaintiff appealed the vexatious litigant finding entered by the district court and raised the claims of unconstitutionality on appeal for the first time; the Idaho Supreme Court refused to address the claims, not having raised them in the district court. *In re Prefiling Ord. Declaring Vexatious Litigant, Pursuant to I.C.A.R. 59*, 434 P.3d 190, 196 (2019).

Any issue raised here that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision is barred by *Rooker-Feldman*. *See Noel*, 341 F.3d at 1158 ("[T]he operation and purpose of the 'inextricably intertwined' test in *Feldman* is fairly clear. A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit

that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.").

Plaintiff desires that this Court review the constitutionality of the Idaho Vexatious Litigant rule. However, it is clear that this claim is barred by the *Rooker-Feldman* doctrine. Plaintiff had the opportunity to raise properly, but did not, the federal constitutional claims in his state litigation. He raised them in an improper manner, but could have raised them in a proper manner. To revisit those claims here would not duly respect the Idaho Supreme Court's decision to require litigants to follow the proper methods of appeal in the state court system.

## 2. Diane Minnick

### A. *Failure to State a Claim*

There is no federal right to use the Idaho State Bar's Attorney Referral Program or to have responses to his complaints against members of the Idaho Bar. There simply is no federal statute or federal right at issue in Van Hook's claims against Minnick. Any potential interest in the Attorney Referral Program or response to complaints against members of the Idaho Bar Association is just that—an interest and not a federal right. Plaintiff's allegations fail to state a federal claim upon which relief can be granted.

### B.  Equal Protection Argument

In his Response to the Motion to Dismiss, Plaintiff asserts that Minnick violated his equal protection rights by not permitting him to use the Law Referral Service. Dkt. 33. However, Plaintiff has stated insufficient facts to proceed under the Fourteenth Amendment Equal Protection Clause. Under that Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). Nevertheless, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Plaintiff has provided no factual allegations of a discriminatory intent in his Complaint, such that a strict scrutiny analysis would apply. To avoid dismissal of complaint, plaintiff must allege facts showing or intimating discrimination because of race, religion, or national origin. *See Iqbal*, 556 U.S. at 683.

Neither has Plaintiff provided any facts under which he could proceed on a rational basis theory. Under a rational basis inquiry, in order to state an equal protection claim, Plaintiff must state facts alleging that he is similarly situated to others and is being treated in a disparate manner, and that there is no rational basis for the disparate treatment. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993). He has stated no particular facts showing that other persons with a litigation record similar to his and with threat-like

statements about his potential attorney similar to Plaintiff's words were treated differently from him and why. The Court has considered granting Plaintiff leave to submit an amended complaint to attempt to state an equal protection claim; however, leave would be futile based on the Court's conclusion below that his statute of limitation has expired.

### C.  Statute of Limitations

Plaintiff asserts that Minnick denied him the use of the Lawyer Referral Program on October 19, 2017. Exhibit MMM to Complaint, Dkt. 1-7, p. 28. Plaintiff filed this lawsuit on May 11, 2021. Dkt. 1.

A claim is frivolous "where it lacks arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim filed outside the statute of limitations period is legally frivolous. *See Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of a time-barred complaint as frivolous); *Julian v. Crystal Springs Rehab. Ctr.*, 884 F.2d 1395, n.2 (9th Cir. 1989) (unpublished) ("We agree with the district court that an untimely complaint is frivolous … because a complete defense is obvious from the pleadings and the deficiency cannot be cured by amendment.").

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought

under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the state statute of limitations governs the time period for filing a claim, federal law governs when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).

Here, Plaintiff knew that he was denied use of the Lawyer Referral Program (whether on Equal Protection grounds or any other grounds) on October 18, 2017. Therefore, he had until October 18, 2019 to bring his claims against Minnick. Because he did not file this action until 2021, he missed the statute of limitations period and the claim is subject to dismissal.

Plaintiff's claim that his damages are continuing does not extend the statute of limitations, given that the denial was in 2017, and his inability to find a lawyer through the referral service was immediate, and alleged damage to his cases also began

immediately.

Plaintiff also is not entitled to equitable tolling. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230. Neither applies here.

Nor is he entitled to equitable estoppel based on any concealment of the basis of his claim—Minnick told him straight out that he would not be able to use the Lawyer Referral Program in 2017. Therefore, any and all civil rights claims that could be asserted against Minnick arising from her denial are barred by the statute of limitations and will be dismissed with prejudice as frivolous. No leave to amend will be granted.

### 3. Judge Meienhofer

#### A. *Absolute Judicial Immunity*

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman*, 793 F.2d at 1078).

In addition, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge ordered officers "to

forcibly and with excessive force seize and bring plaintiff into his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority." Id.* at 356.

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent

crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20. The jurisdiction of magistrate judges is "established by legislation, I.C. §§ 1-2208, 1-2210; under the Idaho Constitution, ID. Const. art. 5, § 2; by rule of the Idaho Supreme Court, I.R.C.P. 82; and by the rules of the respective district courts, e.g., 4th Judicial District Court Rule 3.0 (1979)." *Marks v. Vehlow*, 105 Idaho 560, 564, 671 P.2d 473, 476 (Idaho 1983).

Magistrate judges are authorized to hear preliminary proceedings under the termination of Parent-Child Relationship Act, I.C. § 16-2007 and 16-2008. I.R.C.P., Rule 82(c)(1)(A)(3). Magistrate judges who are attorneys are also authorized to hear cases involving the custody of minors. I.C. § 1-2210(2)(c). John Meienhofer is an attorney.[2]

Here, Plaintiff complains of acts and decisions Judge Meienhofer made in the course of presiding over Plaintiff's wife's civil protective order action, Plaintiff's divorce and custody actions, related actions, Plaintiff's criminal case that was dismissed, and Plaintiff's child's juvenile action.

Plaintiff asserts that Meienhofer acted without subject matter jurisdiction when he issued a child custody order in the context of a civil protective order when there was

---

[2] *See* https://isb.idaho.gov/licensing-mcle/attorney-roster-search/

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 35**

already a custody order in the Canyon County legal separation case of which Meienhofer

was aware. Plaintiff argues that lack of jurisdiction means that Meienhofer is not entitled

to judicial immunity. No factual basis for this argument exists.

Meienhofer is an attorney magistrate judge who is authorized to hear cases

involving the custody of minors, I.C. § 1-2210(2)(c), and all civil cases. The Local Rules

of the Third Judicial District provide that magistrate judges may be assigned to "All

matters enumerated in Idaho Court Administrative Rule 5(b) and (c)."[3] In turn, Rule

5(c)(1) provides that magistrate judges may be assigned the following cases:

1. Civil actions regardless of the nature of the action, where
   the amount of damages or value of the property claimed
   does not exceed $10,000;

2. All proceedings involving the custody of minors
   incidental to divorce proceedings, all adoption
   proceedings pursuant to title 16, chapter 15, Idaho Code,
   all paternity proceedings, and all actions for change of
   name;

3. All proceedings for divorce, separate maintenance or
   annulment, including orders to show cause, hearings and
   issuance of restraining orders; including all child support
   and maintenance proceedings pursuant to title 32, chapter
   7, Idaho Code; and proceedings pursuant to the Uniform
   Child Custody Jurisdiction and Enforcement Act, title 32,
   chapter 11, Idaho Code;[4]

---

[3] *See* Local_Rules_Third_Judicial_District.2.1.2018.pdf. The Court realizes this version of the rule post-dates the parties' case. If the previous version of the Rule is materially different, the parties are invited to file a motion for reconsideration.

[4] *See* https://isc.idaho.gov/icar5

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 36**

Therefore, based on these rules, Meienhofer had subject matter jurisdiction over the type of cases at issue.

No allegations show that any act was beyond the judge's jurisdiction. Rather, everything complained of was performed in the exercise of the judge's judicial functions as a state court judge and within a consolidated case to which Plaintiff consented. Therefore, Judge Meienhofer's decisions are covered by absolute judicial immunity; he cannot be sued for violating Plaintiff's civil rights, even if he conspired with others to violate Plaintiff's rights (and there is no evidence in the record that he did so). All claims against Judge Meienhofer will be dismissed with prejudice. Leave to amend will not be granted.

## CONSIDERATION OF MOTION TO DISMISS
## FILED BY DEFENDANT JUDGES OF THE IDAHO THIRD
## JUDICIAL DISTRICT COLLECTIVELY (Dkt. 73)

Plaintiff has named as a Defendant "All Judges Collectively" of "the Idaho Third Judicial District." While he claims it is only applicable to those judges who had "anything to do whatsoever with Adams County CV-2014-3311 and/or Canyon County CV-2014-7409," he includes all judges in any other case where the judge either "referenced" or "drew attention to" Case 3311 or 7409. Effectively, he has sued the entire

Idaho Third Judicial District, which consists of courts in the counties of Adams, Canyon, Gem, Owyhee, Payette, and Washington.

### 1. Absolute Judicial Immunity

Plaintiff particularly asserts that he is not suing individual judges, and, therefore the Court cannot parse each judge from the collective group and cannot apply absolute judicial immunity to each. He cites no authority for this position.

Plaintiff cannot skirt absolute judicial immunity so easily. He has not set forth any allegations that the judges who made up the Third Judicial District on the dates at issue were not performing judicial acts when they allegedly wronged him. Plaintiff's allegations clearly show that he sues the judges who were presiding over the two main state cases at issue or who mentioned those two cases in any case over which they were presiding.

Here, there are no specific allegations of Plaintiff showing that any judge did anything related to him other than perform judicial acts in the cases over which they were presiding. There are no specific allegations showing that judges were conspiring in nonjudicial acts, nonjudicial capacities, or nonjudicial settings to deny him his civil rights or to damage him. Plaintiff has had years to gather facts that might support his claims that any judge acted in a manner that would deny him or her judicial immunity. He has failed to do so. Nothing in Plaintiff's many years of litigation or three sets of pleadings in this

matter provides anything to support his opposition to judicial immunity for each judge in the Third Judicial District. Therefore, his claims will be dismissed on absolute judicial immunity grounds, and leave to amend will not be granted.

## 2. Sovereign Immunity

If the defendant Third Judicial District Court is construed as a *state* entity, the claim is barred by the Eleventh Amendment. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (recognizing that "whether the Mt. Healthy Board of Education is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend . . . depends, at least in part, upon the nature of the entity created by state law."). The Court concludes that it is correct to construe the "Judges of the Third Judicial District Collectively" as a state entity, rather than a county entity, because the Third Judicial District encompasses state courts in several counties of the state, and therefore it functions not as a county, but a state, entity. Therefore, sovereign immunity applies.

## OTHER ARGUMENTS AND DEFENSES

The Court rejects all of Plaintiff's arguments and Defendants' other defenses that have not been discussed specifically in this Order. Some of the defenses have been rejected because they are incorrect, some because they do not construe Plaintiff's

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER, JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 39**

pleadings liberally, and some because they are more suitable for a motion for summary judgment under Rule 56. The Court also clarifies that it has not addressed Defendants' official capacity Eleventh Amendment immunity defenses because Plaintiff has clarified that he is not suing any individual Defendant in their official capacities.

## REQUEST TO AMEND

On October 14, 2021, Plaintiff requested leave to amend his pleadings to add this Court as a defendant, all members of the Idaho Supreme Court, the Clerk of Court of Adams and Canyon Counties, and others. Dkt. 80. Plaintiff failed to submit a proposed amended complaint with his request. Because the majority of this case is nearing completion and further amendment would merely complicate this matter, the Court will permit Plaintiff to file an amended complaint with *only* the new claims and defendants and file it in this action to give him every advantage to argue the earliest possible filing date for statute of limitations purposes. The amended complaint will then be severed into a new action for case management purposes.

## CONSIDERATION OF OTHER PENDING MOTIONS

1. **Plaintiff's Notice of Services and Issues Involving Defendant Judges of Idaho Third Judicial District Collectively - Time Extension Requested (Dkt. 51)**

Plaintiff requests an extension of time in which to serve Defendant "Judges of Idaho Third Judicial District Collectively". However, this Defendant has filed a summary dismissal motion, which the Court will grant. Therefore, service is unnecessary.

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 40**

**2. Plaintiff's "Notice of Service Alternatively Request to Serve by Publication" (Dkt. 70)**

Plaintiff requests authorization to serve Defendant "Judges of Idaho Third Judicial District Collectively" via publication. However, this Defendant has filed a summary dismissal motion, which the Court will grant. Therefore, service in any form is unnecessary.

**3. Plaintiff's Motion under FRCP 5.1 (Dkt. 34)**

Plaintiff is not being permitted to proceed on any of his pending claims at this time, including any constitutional challenges to statutes. Therefore, Federal Rule of Civil Procedure 5.1 is inapplicable.

**4. Plaintiff's Motion for Case Status Disclosure (Dkt. 97)**

Plaintiff requests status of his case. This Order addresses status. To that extent only, the motion will be granted.

## ORDER

**IT IS ORDERED:**

1. The Motion to Dismiss filed by Defendants Grant and Stretch (Dkt. 26) is GRANTED.

2. The Motion to Dismiss filed by Defendants Meienhofer, Minnick, and state of Idaho (Dkt. 29) is GRANTED.

3. The Motion to Dismiss filed by Defendant Fisher (Dkt. 41) is GRANTED.

4. The Motion To Dismiss filed by Defendant Judges Of The Idaho Third Judicial District Collectively (Dkt. 73) is GRANTED.

5. The Motion to Dismiss filed by Defendants Bond and Hooper (Dkt. 78) is GRANTED.

6. The Court declines to extend supplemental jurisdiction over any of Plaintiff's state-law claims against those Defendants who are being dismissed from this action because there are no anchoring federal claims remaining; those claims will be dismissed without prejudice.

7. Having determined that there is no just reason for delay of entry of judgment, the Court will enter judgment for the following parties under Federal Rule of Civil Procedure 54(b): Mary Grant, Kimberli Stretch, Steven Fisher, Virginia Bond, Aaron Hooper, David Cantrill, Diane Minnick, John Meienhofer, the state of Idaho, ALPS, Ryan O'Neal, Unknown Agents of the Federal Bureau of Investigation, and Judges of the Third Judicial District Collectively.

8. Plaintiff's Notice of Services and Issues Involving Defendant Judges of Idaho Third Judicial District Collectively - Time Extension Requested (Dkt. 51) is DENIED as MOOT.

9. Plaintiff's Notice of Service Alternatively Request to Serve by Publication

(Dkt. 70) is DENIED as MOOT.

10. Plaintiff's Motion under FRCP 5.1 (Dkt. 34) is DENIED as MOOT.

11. Plaintiff's Motion for Case Status Disclosure (Dkt. 97) is GRANTED to the extent that this Order provides the status of this case.

12. Within **30 days** after entry of this Order, Plaintiff shall serve any remaining Defendants with his pleadings, or the claims against them will be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m). Alternatively, Plaintiff may file a notice of voluntary dismissal of claims against any or all of the remaining Defendants.

13. Plaintiff's Motion to Amend (Dkt. 80) is GRANTED only to the following extent: The Court will permit Plaintiff to file an amended complaint with *only* the new claims and defendants and file it in this action to give him every advantage to claim the earliest possible filing date for statute of limitations purposes. The amended complaint will then be severed into a new action for case management purposes. The Court clarifies that the normal rules that an amended complaint must be comprehensive and must supersede all previous pleadings are modified because of Plaintiff's pro se status and to accommodate case management purposes of efficiency and justice.

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 43**

DATED: February 4, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS STATE OF IDAHO, JOHN MEIENHOFFER,  JUDGES OF THE IDAHO THIRD JUDICIAL DISTRICT COLLECTIVELY, STEVEN FISHER, MARY GRANT, KIMBERLY STRETCH, VIRGINIA BOND, DIANE MINNICH, and AARON HOOPER - 44**