UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK – PRO SE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF IDAHO, et al.,<br><br>Defendants. | Case No. 1:21-cv-00199-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Four months after this Court entered judgment against Ronald Van Hook, he filed a Notice of Appeal. Dkt. 102. A month later, he filed a motion asking this Court to excuse the untimeliness of his appeal by reopening the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). Because Mr. Van Hook had an active appeal before the Ninth Circuit, this Court did not resolve the motion at that time.

Defendants then asked the Ninth Circuit to dismiss Mr. Van Hook's case because his Notice of Appeal was untimely. Construing the Notice of Appeal as a motion to reopen the time to appeal, the Ninth Circuit remanded for this Court to resolve that motion. This Court now does so with the benefit of the parties' earlier

**MEMORANDUM DECISION AND ORDER - 1**

briefing on this same issue. Dkts. 105, 106.

Considering the motion and record in this case, this Court denies Mr. Van Hook's motion to reopen the time to appeal.

## ANALYSIS

This Court entered judgment against Ronald Van Hook on February 4, 2022. Dkt. 100. Mr. Van Hook's notice of appeal was due within 60 days from that date. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). But he did not file a notice of appeal until 126 days later, on June 10th, 2022. Dkt. 102. Mr. Van Hook now asks this Court to excuse his untimeliness, claiming that he was unaware of the judgment until May 23, 2022. Dkts. 100, 105.

Ordinarily, a lack of actual knowledge that judgment was entered has no effect on the 60-day deadline for filing a notice of appeal. *See* Fed. R. Civ. P. 77(d)(2). But there is a "limited exception" set forth in Federal Rule of Appellate Procedure 4(a)(6). *Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002). This exception gives a district court discretion to reopen the time to file an appeal if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal

**MEMORANDUM DECISION AND ORDER - 2**

Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, the second and third elements are clearly satisfied. Mr. Van Hook's pro se notice of appeal—which this Court construes in part as a motion to reopen the time to appeal—was filed within 180 days after judgment was entered. And no party would be prejudiced if the time to appeal were reopened. *See* Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 Amendment (defining "prejudice" as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal.").

The remaining question is whether Mr. Van Hook actually received timely notice of the entry of judgment. The burden is on Mr. Van Hook, the movant, to show that he did not receive timely notice. *Nunley v. City of Los Angeles*, 52 F.3d 792, 795–96 (9th Cir. 1995). Further, when there is evidence that notice of judgment was mailed to a party, it is presumed to have been received. *Id.* at 796 (finding docket notations showing that notice was mailed created a presumption that notice was received). That presumption may be rebutted, however, if the movant "specifically denies receipt of notice." *Id.* When the presumption is rebutted, the district court is left to "weigh the evidence and make a considered

**MEMORANDUM DECISION AND ORDER - 3**

factual determination concerning receipt." *Id.* Then, only if the court finds that the movant did not receive notice, it has discretion to reopen the time to appeal. *See Arai v. American Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003).

Here, docket entries show that the Clerk of Court mailed a copy of the judgment to Mr. Van Hook on February 7, 2022, just three days after judgment was entered. Dkt. 100. But Mr. Van Hook specifically denies receiving that notice in the mail. Dkt. 105. The Court therefore will not rely on the presumption of receipt discussed above. Instead, the Court must make a factual determination.

The Court finds that Mr. Van Hook has failed to show that he did not receive timely notice of the entry of judgment. The February 7 docket entry shows that the Clerk of Court mailed a copy of the judgment to Mr. Van Hook's address as listed in the Notice of Electronic Filing. Dkt. 100. This Court is familiar with the "usual and accustomed practices of the clerk of court" in the District of Idaho and gives great weight to records kept by that office. *Nguyen*, 282 F.3d at 1066. Throughout this litigation, Mr. Van Hook has consistently received orders mailed to that same address. He has not given any reason why this instance may have been any different. *Nunley*, 52 F.3d at 796 ("The facts giving rise to the presumption [of receipt] often give rise to an inference that remains and may still be considered by the factfinder.") (quoting *In re Yoder*, 758 F.2d 1114, 1119 n.8 (6th Cir. 1985));

**MEMORANDUM DECISION AND ORDER - 4**

*e.g.*, *Lewis v. Garcia*, No. 2:20-cv-00399-TLN-DMC, 2021 WL 677866, at *3 (E.D. Cal. Feb. 22, 2021) (finding movant met burden under Rule 4(a)(6) by showing his mail was consistently returned to the court as "undeliverable"). Mr. Van Hook has provided nothing more than a bare assertion that he did not receive notice of the judgment.

Even if Mr. Van Hook could show that he did not receive timely notice, this Court would not reopen the time to appeal. *Arai*, 316 F.3d at 1069 ("[T]he district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met."). Mr. Van Hook did not inquire about the status of his case from the time he filed a "Request for Case Status Disclosure" on January 26, 2022, until he contacted the clerk's office on May 23, 2022. Even pro se litigants "have a duty to inquire periodically into the status of their litigation." *Nguyen*, 282 F.3d at 1066 (quoting *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1201 (5th Cir. 1993)). Mr. Van Hook fell short of this duty by not checking on his case for almost four months.

In sum, Mr. Van Hook has failed to show that he did not receive timely notice of the entry of judgment. Moreover, even if he made that showing, the Court would not exercise its discretion to reopen the time to file an appeal.

**MEMORANDUM DECISION AND ORDER - 5**

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen the Time to Appeal is **DENIED**.

DATED: September 12, 2022

B. Lynn Winmill
U.S. District Court Judge